SAFARI CLUB INTERNATIONAL v. SALLY M. R. JEWELL, *et al.*

Safari Club International's Motion and Memorandum in Support for Leave to Submit Supplemental Declarations with Preliminary Injunction Reply Brief

Case No.: 14-cv-00670 (ABJ)

Exhibit 1



April 8, 2014

Johnny Hunt
FWS FOIA Officer
Division of Information Resources and Technology Management
4401 N. Fairfax Drive
Suite 380
Arlington, VA 22203
fwhq_foia@fws.gov

**Re:  Freedom of Information Act Request**

Dear Mr. Hunt:

I am writing on behalf of Safari Club International ("SCI") to make a request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  SCI requests copies of the following:

(1) Any documents, records or data regarding or supporting the enhancement of survival findings made by the U.S. Fish and Wildlife Service ("FWS") for the importation of sport-hunted African elephant Zimbabwe (*see* 62 Fed. Reg. 44627, 44633 (Aug. 1997) and 63 Fed. Reg. 63210, 63214 (Nov. 1998).  The Federal Register notices state that the enhancement finding for Zimbabwe is on file in the Division of Management Authority, which is a part of the FWS.
(2) Any documents, records or data considered by the FWS as evidence regarding or in support of any determinations, subsequent to 1998, that the importation of sport-hunted elephant trophies from Zimbabwe enhances the survival of the species.
(3) Any documents, records or data the FWS considered and/or used regarding its early April 2014 decision to revoke its enhancement finding for Zimbabwe and suspend the importation of sport-hunted elephant trophies from Zimbabwe.
(4) Any documents, records or data regarding the general non-detriment advices made by the FWS for the importation of sport-hunted elephant trophies from Tanzania (60 Fed. Reg. 12969-02 (Mar. 1995)).
(5) Any documents, records or data the FWS considered and/or used regarding its early April 2014 decision to suspend the importation of sport-hunted elephant trophies from Tanzania.
(6) Any documents, records, or data that the FWS considers evidence of the total number of elephants in both Zimbabwe and Tanzania (separately) that contributed to the decision to suspend the importation of sport-hunted trophies from these countries in April 2014.

The term "document" includes, but is not limited to, any report, study, scientific paper, intra-agency memorandum, inter-agency memorandum, correspondence, publicly-filed comments (excluding private personal information protected by law), electronic mail, handwritten or typed

notes, or other written record or paper; whether in written or electronic form; and including charts, maps, and similar papers.

The subject matter of this request relates to determinations and actions most likely made by the Office of International Affairs, but is not limited to that office if other offices or divisions within the FWS or Department of the Interior possess responsive documents.

Safari Club International does not fall into any of the requestor fee categories (it is "other"). I ask that you notify me of any costs exceeding $200.00 for the total amount of the request. Please provide these records in electronic format and by e-mail whenever possible.

If necessary, we are willing to modify this request in order to receive a quicker response.

If responses to some and not all of the above-listed items can be made available more quickly than others, please provide these items first, instead of delaying a response until all items are ready for disclosure. Please consult with me about a schedule for delivering reasonable packets of responsive documents.

If you determine that any or all or the information qualifies for an exemption from disclosure, we ask you to note whether, as is normally the case under the Act, the exemption is discretionary, and if so whether you determine that it is necessary in this case for you to exercise your discretion to withhold the information.

If you determine that some but not all of the information is exempt from disclosure and that you intend to withhold it, we ask that you redact it for the time being and make the rest available as requested. Please provide a signed notification citing the legal authority on which you rely if you determine that any or all of the information is exempt and will not be disclosed.

If it is your position that a document contains non-exempt segments and that those nonexempt segments are so dispersed throughout the documents as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed through the document. *See Mead Data Central v. Department of the Air Force*, 455 F.2d at 261. Further, we request that you provide us with an index of those documents as required under V*aughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972), with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA" pursuant to *Founding Church of Scientology v. Bell*, 603 F.2d 945, 959 (D.C. Cir. 1979), and "describ[ing] each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." *King v. Department of Justice*, 830 F.2d at 223-24.

If SCI can provide any clarification that will help expedite your attention to my request, please contact me.

Sincerely,

Anna Seidman
Director of Litigation
Safari Club International
501 2nd St. NE
Washington, D.C. 20002
Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org