IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Safari Club International**, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **S.M.R. Jewell,** in her official capacity as ) <br> Secretary of the United States Department of ) <br> Interior, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. 14-cv-00670-ABJ <br><br> **Defendants' Surreply Regarding Plaintiff's Supplemental Declarations in Support of its Motion for Preliminary Injunction** |

Federal Defendants provide the following surreply to address the portions of Plaintiff's reply brief that rely on the newly-filed declaration of Charles Jonga and the Service's memorandum attached to the declaration of Anna Seidman. *See* Decl. of Charles Jonga, ECF No. 12-2, Pl.'s Ex. CCC; Decl. of Anna Seidman, ECF No. 12-3, Pl.'s Ex. EEE, Ex. 2.[1]

Plaintiff relies on Mr. Jonga's declaration "to help further demonstrate the connection between hunting, importation and elephant conservation and the irreparable harm caused by Federal Defendants' importation ban on elephant conservation efforts in Zimbabwe." ECF No. 12 at 2. However, for many of the same reasons that Plaintiff's other declarations fall short, as explained in Federal Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, Mr. Jonga's declaration fails to show irreparable injury if the extraordinary remedy of injunctive

---

[1] As noted in our response to Plaintiff's Motion for Leave to File Supplemental Declarations, Plaintiff does not appear to advance any new argument based on the declaration of Edson Chidziya, Pl. Ex. CCC, ECF No. 12-1, which purports to authenticate documents filed in support of Plaintiff's motion for preliminary injunction, and Federal Defendants do not address this declaration herein.

relief is withheld. Mr. Jonga's declaration does not demonstrate that Plaintiff's members alleged conservation interest in African elephants in Zimbabwe will be irreparably harmed. While the declaration does provide more information on the details of the CAMPFIRE program and the role that program plays in wildlife conservation (including, but not limited to, elephant conservation), Mr. Jonga's statements about the impact of the FWS's enhancement finding for Zimbabwe on the program are entirely speculative. In particular, Mr. Jonga's allegations rely on an assumption that U.S. hunters will cancel or reschedule their planned trips to hunt elephants in Zimbabwe:

> The CAMPFIRE program relies heavily on U.S. sport-hunters. Of the 167 hunts booked in CAMPFIRE areas in 2014, 106 were booked by U.S. hunters. *If* those 106 hunts are cancelled or rescheduled, this will result in an immediate loss of income for the CAMPFIRE program and cripple its wildlife management and anti-poaching operations.

Jonga Decl., Pl.'s Ex. CCC at ¶ 11 (emphasis added). However, Plaintiff's other declarations do not support such an assumption, as Federal Defendants have already shown in their Opposition brief. ECF No. 10 at 36-37. Indeed, only two of the many hunter-declarants have cancelled planned trips. *Id.* And to the extent that more of Plaintiff's hunter members cancel their trips, any harm to those members' conservation interest is based on their own choice to cancel merely because of a potential inability to import any resulting trophy. *Id.* at 38-39. Moreover, as Federal Defendants also have shown, none of Plaintiff's declarants, including Mr. Jonga, provide a timeframe within which harm to elephant conservation will allegedly occur and so do not support a conclusion that Plaintiff's interest in elephant conservation will be irreparably harmed before the Court can issue a decision on the merits of Plaintiff's claims. *Id.* at 40.

Plaintiff also claims that a Service memorandum attached to Ms. Seidman's declaration "provides evidence of Federal Defendants' acknowledgement of the direct connection between

sport hunting and importation by U.S. hunters and elephant conservation, which supports Safari Club's argument that the importation bans irreparably harm Safari Club's and its members' interests in elephant conservation." ECF No. 12 at 3.[2] Additionally, Plaintiff contends that the Service's memorandum "document[s] [Federal Defendants'] knowledge of the financial stake that hunters make in elephants that would be put at risk by the impending trophy importation ban." ECF No. 14, at 19 (citing Ex. EEE, Ex. 2 at 2). When read in context, however, the excerpt addresses engagement with the sport-hunting community, not economic losses sustained by any particular member of Plaintiff's organization. Ex. EEE, Ex. 2 at 2. It is therefore insufficient to support a finding of irreparable harm.

Moreover, the memorandum does not refute the arguments made in Federal Defendants' opposition to Plaintiff's motion for preliminary injunction. No one disputes that elephant hunting trips are expensive. But Plaintiff has not demonstrated through concrete evidence the actual, serious, and irreparable economic losses suffered by its members sufficient to demonstrate irreparable harm from cancelled hunts. *See* ECF No. 11 at 29-34. Moreover, a hunter's voluntary

---

[2] Plaintiff appears to drop this argument on reply. And, contrary to Plaintiff's argument in its motion for leave, although the Service acknowledges in the memorandum (as in the challenged findings) that sport hunting can provide benefits to elephant conservation as part of a sound management program, it concluded that "given the significant decline in the elephant population due to uncontrolled poaching and questionable management practices, we are concerned that additional killing of elephants, even if legal, is not sustainable and is not supporting effective management and community programs that enhance the survival of the species in Tanzania." ECF No. 12-5 at 1; *see also id.* ("we have insufficient information to determine how sport hunting is supporting effective management and community programs that enhance the survival of the species in Zimbabwe.") and ECF No. 10 at 38 (citing statements from the Service's enhancement finding for Tanzania questioning the actual contribution of sport hunting to elephant conservation in that country). Consequently, the Service's memorandum does not support Plaintiff's argument that the Service's findings irreparably harm Plaintiff's or its members' interests in elephant conservation.

cancellation of his hunt is not a serious economic loss that results directly from the Service's actions. *See* ECF No. 11 at 23. Statements by Federal Defendants about the potential costs of hunts do not provide evidence of irreparable harm.

Finally, Plaintiff uses the Service memorandum to argue that the Service's April enhancement finding for Zimbabwe is a final agency action. ECF No. 14 at 7-8. Federal Defendants will respond to this argument more completely in their motion to dismiss reply brief. However, the Service's April enhancement finding for Zimbabwe is not a final agency action, because, at a minimum, it is not the consummation of the agency's decisionmaking process. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (to be reviewable under APA, the action must not be of a merely tentative or interlocutory nature); ECF No. 10 at 17 (agency is working expeditiously to complete a final enhancement finding for Zimbabwe). As noted, Federal Defendants did not raise this argument in their brief because the final agency action requirement for judicial review under the Administrative Procedure Act is not treated as jurisdictional in the D.C. Circuit, and the Court limited Federal Defendants' briefing to jurisdiction and irreparable harm. ECF No. 10 at 2 n.2. But even if the Service's April enhancement finding for Zimbabwe were a final agency action, judicial review would be premature because the finding is not ripe. *John Doe, Inc. v. DEA*, 484 F.3d 561, 567 (D.C. Cir. 2007) (while finality and ripeness may overlap, they are analytically distinct doctrines); *West Virginia Highlands Conservancy, Inc. v. Babbitt*, 161 F.3d 797, 800 (4th Cir. 1998) ("even when agency action is final and the issues presented are purely legal, a court may nonetheless properly deem a matter unfit for resolution if the court determines that resolution of the dispute is likely to prove unnecessary.") (citation and internal quotations omitted). For all the reasons already provided, Plaintiff's challenges to the April Zimbabwe finding are unripe and should be dismissed.

Dated: May 20, 2014                         Respectfully submitted,

                                              SAM HIRSCH,
Acting Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief

      */s/ Meredith Flax*
MEREDITH L. FLAX, Senior Trial Attorney
(D.C. Bar No. 468016)
ANDREA GELATT, Trial Attorney
(Cal. Bar. No. 262617)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0404
Fax: (202) 305-0275
meredith.flax@usdoj.gov

***Counsel for Federal Defendants***

Of Counsel:
Holly Wheeler
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.