IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-cv-00670-ABJ |
| v. ) | |
| ) | |
| **S.M.R. Jewell,** in her official capacity as ) | |
| Secretary of the United States Department of ) | |
| Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM LCvR 7(n)

Federal Defendants hereby seek relief from the requirement under Local Civil Rule 7(n) to file a certified list of the contents of the administrative record simultaneously with the filing of any dispositive motion. Pursuant to Local Civil Rule 7(m), counsel for Federal Defendants conferred with counsel for Plaintiffs, who indicated that Plaintiffs will oppose this Motion.

Pursuant to the Court's scheduling order, Federal Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) together with their opposition to Plaintiff Safari Club International's ("SCI") motion for preliminary injunction three days before SCI amended its complaint to add the National Rifle Association as a plaintiff. *See* Defs.' MTD, ECF No. 11; Am. Compl., ECF No. 13. Given the prior restrictions on briefing, *see* Min. Order (May 2, 2014), the pending Motion to Dismiss, ECF No. 11, raises jurisdictional defenses only. However, now that the Court has indicated that its May 2nd Minute Order no longer applies, Federal Defendants will file a renewed Motion to Dismiss on June 27, 2014 that includes not only issues of subject matter jurisdiction but also non-jurisdictional arguments. *See* Order (June 6, 2014),

ECF No. 24, at 2 n.3 ("The defendants will also have the opportunity to file any other motions under Fed. R. Civ. P. 12(b)(6)."). *See also* Defs.' MTD Reply, ECF No. 23, at 1 n.1 & 15 n.7; Fed. R. Civ. P. 15(a)(3). In this renewed Motion to Dismiss, Federal Defendants will incorporate by reference the prior subject matter jurisdiction arguments that were fully briefed through their Motion to Dismiss, *i.e.*, standing and ripeness.[1]

The Court's review of Federal Defendants' renewed Motion to Dismiss will not require the administrative record or a certified list of the contents of the administrative record. Furthermore, the Court must determine the jurisdictional issues raised by the renewed Motion to Dismiss prior to proceeding to the merits, and if the renewed Motion to Dismiss is granted, no administrative record will be required in this case. Thus, it would be unnecessarily burdensome and a waste of scarce agency resources to require Federal Defendants to gather and review the administrative record before the Court decides the renewed Motion to Dismiss, as well as unnecessary in light of the purposes of Local Civil Rule 7(n).

In further support of this motion, Federal Defendants state the following:

1.     Effective October 1, 2013, this Court amended its local rules. Among other changes, new Local Civil Rule 7(n) requires that:

---

[1] As indicated in Federal Defendants' reply to the Motion to Dismiss, after Plaintiffs' clarified their arguments, we raised new jurisdictional arguments on reply, and we have indicated that we would not oppose a surreply limited to those arguments. *See* Defs.' MTD Reply at 1 n.2. However, the day after Federal Defendants filed that reply brief, the Court issued its June 6th Order, which contemplated a renewed motion to dismiss. Federal Defendants promptly approached Plaintiffs' counsel to propose a briefing schedule for a renewed motion to dismiss so that, rather than providing a limited surreply, Plaintiffs could respond to all new motion to dismiss arguments (those raised in our MTD Reply and any new 12(b)(6) arguments) in one opposition brief. This approach would have the benefit of presenting the Court with one set of briefing papers rather than two. Plaintiffs' counsel, however, explained that they oppose any renewed motion to dismiss and intend to file a surreply on the new arguments raised in the reply to the Motion to Dismiss by the end of this week.

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

The Rule appears on its face to require the agency to file a certified list of the contents of the administrative record with the Court simultaneously with the filing of <u>any</u> dispositive motion, including a motion under Fed. R. Civ. P. 12(b).

      2.      This case involves claims alleging that Federal Defendants April 2014 findings that the importation of sport-hunted African elephant trophies from Tanzania and Zimbabwe could not be found to enhance the survival of the species and, for Tanzania, the agency's inability to make a non-detriment finding, violate the Endangered Species Act, the Convention on International Trade in Endangered Species, and the Administrative Procedure Act. Judicial review of the merits of Plaintiffs' substantive claims would require preparation of an administrative record. *See* 5 U.S.C. § 706 (a reviewing court "shall review the whole record or those parts of it cited by a party . . . .").

      3.      Federal Defendants were served with SCI's Complaint on April 28, 2014, making their response to the Complaint due on June 27, 2014. *See* Fed. R. Civ. P. 12(a)(2). Federal Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), on May 13, 2014. ECF No. 11. SCI filed an Amended Complaint on May 16, 2014, adding the National Rifle Association as a Plaintiff, but not substantively altering the Complaint's allegations or claims. ECF No.13. Federal Defendants have asked the Court to consider their Motion to Dismiss addressed to the Amended Complaint, rather than deny the Motion as moot. ECF No. 23 at 1 n.1. However, if the Court does not rule on Federal Defendants' Motion to Dismiss by the current June 27, 2014 deadline for responding to the

Amended Complaint, Federal Defendants intend to renew their Motion to Dismiss on the

jurisdictional grounds already raised and additionally move to dismiss under Fed. R. Civ. P.

12(b)(6), as the Court indicated they would have the opportunity to do.

      4.      The Court will not require the administrative record in order to adjudicate Federal

Defendants' renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). In

reviewing a motion to dismiss under Rule 12(b)(1), which makes a facial attack on the

complaint, a court "must accept as true all material allegations of the complaint, and must

construe the complaint in favor of the complaining party." *Ord v. District of Columbia*, 587 F.3d

1136, 1140 (D.C. Cir. 2009), *quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975). The Court

"'may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone;'" however, "'where necessary,

the court may consider the complaint supplemented by undisputed facts evidenced in the record,

or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"

*Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003), *quoting*

*Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). *See also Jerome Stevens*

*Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider

materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of

jurisdiction."). Thus, the Court may consider certain materials outside of the pleadings, but need

not review the administrative record or an index thereof.

      5.      Likewise, the Court would not require the administrative record or index in order

to adjudicate a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion for

failure to state a claim upon which relief can be granted, a court may "consider only the facts

alleged in the complaint, any documents either attached to or incorporated [by reference] in the

complaint and matters of which [the court] may take judicial notice." *Trudeau v. FTC*, 456 F.3d

178, 183 (D.C. Cir. 2006), *quoting EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621,

624 (D.C. Cir. 1997).

6.      The stated purpose of Rule 7(n) is "to assist the Court in cases involving a

voluminous record (e.g., environmental impact statements) by providing the Court with copies of

relevant portions of the record relied upon in any dispositive motion." Local Civ. R. 7(n)

(comments). This suggests that the rule is intended to apply only to those dispositive motions

that are based on the agency's administrative record, such as motions for summary judgment.

7.      Federal Defendants have based their initial Motion to Dismiss and intend to base

their renewed Motion to Dismiss upon the Complaint and Amended Complaint, and the

documents cited in those Complaints. Federal Defendants do not intend to cite any other

documents in support of their motion to dismiss, other than judicially noticeable documents such

as published Federal Register notices. Thus, no additional agency documents would be relevant

to the issues raised in Federal Defendants' renewed motion. A certified list of the contents of the

administrative record will not be necessary for the Court to decide that motion.

8.      The Court must determine that it has jurisdiction before proceeding to the merits.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court

cannot proceed at all in any cause.") (citation omitted); *see also Talal Al-Zahrani v. Rodriguez*,

669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot

perform a law-declaring function in a controversy, 'the Supreme Court [has] held 'that Article III

jurisdiction is always an antecedent question' to be answered prior to any merits inquiry.'")

(*quoting Public Citizen v. U.S. Dist. Court for the Dist. of Columbia*, 486 F.3d 1342, 1346 (D.C.

Cir. 2007)) and *Ass'n of Battery Recyclers, Inc. v. EPA*, 716 F.3d 667, 674 (D.C. Cir. 2013)

5

("this Circuit treats prudential standing as a jurisdictional issue which cannot be waived or conceded") (citations and quotations omitted). Unless the Court determines that it has jurisdiction over the action and will proceed to the merits of Plaintiffs' claims, preparation of the administrative record will be unnecessary. If the Court grants the renewed Motion to Dismiss, it would obviate the need for Federal Defendants to compile and file the administrative record.

9.      Federal Defendants have not yet compiled and reviewed the administrative record or an index thereof for this case. If required by Local Civil Rule 7(n) to file a certified list of the contents of the administrative record with their renewed Motion to Dismiss, Federal Defendants would have an unnecessarily truncated period of time within which to identify all documents in the administrative record, conduct a privilege review, and prepare the administrative record index. Where, as here, Federal Defendants moved to dismiss within weeks of the filing of the Complaint based on lack of jurisdiction and will renew their Motion to Dismiss in the early stages of the litigation based on the additional grounds of failure to state a claim, it would be unduly burdensome to require the agency to gather the administrative record documents in order to prepare the certified list. The Court does not require the certified list to rule on Federal Defendants' motion and, if the motion is granted, no administrative record will ever be required in this case. In that event, it would be a waste of scarce agency resources for Federal Defendants to gather and review the administrative record documents in order to compile an index that would not be used by the Court or the parties.

10.     If the Court denies the motion to dismiss, Federal Defendants expect the parties to file cross-motions for summary judgment that will be reviewed on the basis of the administrative record. In that event, Federal Defendants are prepared to file a certified list of the contents of the administrative record no later than 30 days after the filing of Federal Defendants' answer. In the

event that the Court denies the present motion for relief from the requirements of Rule 7(n),

Federal Defendants respectfully request that the Court allow 30 days from the date of the Court's

order denying this motion for Federal Defendants to file the certified list of the contents of the

administrative record.

In light of the foregoing, Federal Defendants respectfully request that they be excused

from the requirement to file a certified list of the contents of the administrative record

simultaneously with a renewed Motion to Dismiss.

Dated: June 12, 2014                        Respectfully submitted,

                                            SAM HIRSCH,
                                            Acting Assistant Attorney General
                                            SETH M. BARSKY, Chief
                                            KRISTEN L. GUSTAFSON, Assistant Chief

                                            _____/s/ Meredith L. Flax_____
                                            MEREDITH L. FLAX, Senior Trial Attorney
                                            (D.C. Bar No. 468016)
                                            CHRISTINE HILL, Trial Attorney
                                            (D.C. Bar No. 461048)
                                            ANDREA GELATT, Trial Attorney
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division
                                            Wildlife & Marine Resources Section
                                            Ben Franklin Station. P.O. Box 7611
                                            Washington, DC 20044-7611
                                            Phone: (202) 305-0404
                                            Fax: (202) 305-0275
                                            meredith.flax@usdoj.gov

                                            *Counsel for Federal Defendants*

Of Counsel:
Holly Wheeler
Russell Husen
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.