# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAFARI CLUB INTERNATIONAL, *et al.*     )
                                        )
                                        )
         Plaintiffs,                 )
                                        )      Civ. No. 14-cv-00670 (ABJ)
v.                                        )
                                        )
SALLY M. R. JEWELL, *et al.*           )
                                        )
                                        )
         Defendants.              )

# SAFARI CLUB INTERNATIONAL AND THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S SURREPLY IN OPPOSITION TO CROSS-MOTION TO DISMISS

## I.   Introduction

Plaintiffs Safari Club International and the National Rifle Association of America ("SCI/NRA") submit this surreply to respond to new arguments raised for the first time by Defendants Sally M. R. Jewell *et al.* ("Federal Defendants") in their Reply in Support of Federal Defendants' Cross-Motion to Dismiss.   None of these new arguments justify a dismissal of any of SCI/NRA's claims.[1]

---

[1] Federal Defendants contend that it was necessary for SCI/NRA to "clarify" the procedural nature of the claims of their complaint (and Amended Complaint) in order for Federal Defendants to realize that they needed to introduce these arguments in their reply.  SCI/NRA do not understand why Federal Defendants needed such clarification.  SCI's Complaint and SCI/NRA's Amended Complaint provided a clear description of both the substantive and procedural elements of their causes of action.  For example, in Count II of the Complaint and the Amended Complaint, SCI/NRA expressly alleged: "Federal Defendants also *violated APA rulemaking procedures* by abruptly suspending the ability of Safari Club/NRA members to import their African elephant trophies from Zimbabwe, *without first giving the public advance notice and the opportunity to comment* and without providing data to support the finding that the take and importation of legally sport-hunted African elephant trophies continue to enhance the survival of the species." (emphasis added).  Similarly in Count III, the Complaint and the Amended Complaint state:

In their new arguments, Federal Defendants incorrectly contend that the six year statute

of limitations imposed by 28 U.S.C. § 2401(a) bars SCI/NRA from pursuing their challenges to

the decision-making processes used by Federal Defendants to impose importation bans on sport-

hunted elephants from Tanzania and Zimbabwe.  Federal Defendants also newly contend that

Count II of SCI/NRA's Amended Complaint is moot because the U.S. Fish and Wildlife Service

("FWS") has admitted an error identified by SCI/NRA in their Amended Complaint and has

already announced a change of position in a Federal Register notice.  Federal Defendants argue

that the alleged mootness of one of SCI/NRA's claims concerning the importation ban from

Zimbabwe should persuade this Court to dismiss all of SCI/NRA's claims related to the

Zimbabwe ban.  Not one of these new arguments gives this Court reason to dismiss SCI/NRA's

Amended Complaint, or any portion of it.

## II.  SCI/NRA's Claims Related to the Tanzania Ban Were Filed Within the Statute of Limitations Period

SCI/NRA's Amended Complaint included three causes of action related to Federal

Defendants' decision to ban the importation of elephants from Tanzania: 1) Federal Defendants

imposed the April 4, 2014 importation ban on elephants from Tanzania without giving the public

---

"Federal Defendants have ***never published a public notice*** justifying the enhancement of survival requirement for African elephants listed on CITES Appendix II and have ***never given the public the opportunity to comment*** on the requirement" (emphasis added).  In Count IV**,** the Complaint and the Amended Complaint state**:**  "Federal Defendants ***failed to publish notice*** of the ban in the Federal Register ***and provide the public with an opportunity for comment*** on a proposed ban (emphasis added).  In Count V of the Complaint and Amended Complaint, SCI/NRA alleged:  "Federal Defendants never removed the enhancement of survival finding requirement from § 17.40(e)(3)(iii), ***never provided a public notice*** justifying the retention of the requirement for African elephants, including those from Tanzania, and ***never gave the public the opportunity to comment*** on the requirement when the reason for the requirement no longer existed" (emphasis added).

notice and an opportunity to participate in the decision-making by commenting on such action (Count IV); 2) Federal Defendants imposed an enhancement of survival finding requirement for the importation of elephants from Tanzania without explaining its decision to do so and without allowing the public the ability to participate in the decision-making and then, on April 4, 2014, applied that requirement to SCI/NRA's detriment (Count V); and 3) Federal Defendants illegally applied an incorrect non-detriment standard in making its decision to ban the importation of African elephants from Tanzania (Count VI).  Because Counts IV and VI specifically and exclusively challenge federal agency action carried out in 2014, Federal Defendants have no conceivable statute of limitations challenge to these counts.  All that remains is Count V, which is an as-applied challenge to Federal Defendants' lack of compliance with Administrative Procedure Act ("APA") requirements in its decision to require an enhancement of survival finding for the importation of elephants from Tanzania.

Federal Defendants now incorrectly assert that Count V is time barred, ignoring the fact that SCI/NRA appropriately filed this claim within weeks of the date that they were legally entitled to challenge this illegal conduct, well within the six-year statute of limitations.  28 U.S.C. §2401(a).  Suit must be filed within six years "after the right of action first accrues."  *Id.*  No right of action accrued for the conduct addressed in Count V until Federal Defendants applied the enhancement of survival requirement to the importation of elephants from Tanzania in a way that harmed SCI/NRA and their members.

SCI/NRA brought suit to challenge that illegal adoption of the enhancement standard within six years of the date that the standards were applied or implemented to their detriment. When litigants bring an as-applied challenge to illegal agency action, their cause of action does not accrue at the time that the agency initially takes an action, such as promulgating a regulation

or offering a legal interpretation, when that action inflicts no harm on the litigants' substantive interests.  The limitations period does not commence until the time that the agency applies the regulation or legal interpretation in a way that harms the litigants' substantive interests.  This principle was demonstrated in *P & V Enters. v. U.S. Army Corp. of Eng'rs*, 466 F. Supp. 2d 134, 143-144 (D.D.C. 2006) *aff'd*, 516 F.3d 1021, 1023 (D.C. Cir. 2008).  In that case property developers asserted a facial challenge to a regulation 19 years after it was promulgated by the Army Corps of Engineers.  The court held that if the developers had asserted an as-applied challenge, their claim would not have been barred by Section 2401's six year statute of limitations and the cause of action would have accrued on the date that the application of the regulation caused the developers' harm.[2]

When Federal Defendants originally failed in 1994 to comply with APA rulemaking procedures in their decision to impose an enhancement of survival finding requirement for Tanzania's elephants, the violation did not cause SCI/NRA and their members' substantive harm. From that time until April 4, 2014, Federal Defendants did not rely on that requirement to deprive SCI and NRA members of their abilities to import sport-hunted elephants from Tanzania. Despite the illegally adopted requirements, SCI and NRA members have been able to import their sport-hunted elephants from Tanzania.

SCI/NRA's cause of action to challenge those procedural violations did not accrue until Federal Defendants applied the illegally adopted standards in a way that inflicted harm on SCI/NRA and their members.  "A cause of action against an administrative agency 'first accrues,' within the meaning of §2401(a), as soon as (but not before) the person challenging the agency action can institute and maintain a suit in court."  *Spannaus v. U.S. Dep't of Justice*, 824

---

[2] The appellate court opinion did not address this specific issue.

F.2d 52, 56-57 (D.C. Cir. 1987) (since action could not be maintained until all administrative remedies had been exhausted, action could not be barred due to the time required to exercise these procedures).[3] As the enhancement requirement inflicted no substantive harm on SCI/NRA and its members prior to April 4, 2014, any attempt by SCI/NRA to file suit to challenge the requirement would have been prohibited for lack of the injury and standing.

The U.S. Supreme Court and this Circuit have recognized that a litigant cannot sue to challenge a procedural injury unless there is a substantive harm underlying the procedural challenge. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 n.8 (1992) (rejecting argument that procedural injury alone, without substantive harm, is sufficient to demonstrate Article III standing); *Nat'l Treasury Emps. Union v. U.S.*, 101 F.3d 1423, 1429 (D.C. Cir. 1996). For this reason, plaintiffs who do not sustain injury until well after the agency initially took the action that they challenge are not barred from bringing suit more than six years from the date upon which the agency acted. *Appalachian Voices v. McCarthy*, 2013 WL 5797633 *6-7 (Oct. 29, 2013) (distinguishing the right to bring claims within six years of the date when the cause of action accrues from equitable tolling exceptions applicable to non-jurisdictional statutes of limitation). For this reason, SCI/NRA's cause of action to challenge Federal Defendants' illegal process did not accrue until Federal Defendants applied that illegal process in a way that led to a ban on the importation of sport-hunted elephants from Tanzania and Count V of SCI/NRA's Amended Complaint is not time-barred.

## III. SCI/NRA's Challenges to the Zimbabwe Elephant Importation Ban Are Not Barred by the Statute of Limitations

---

[3] Prior to April 4, 2014, Federal Defendants had applied the enhancement of survival requirement to the importation of Tanzania's elephants and had consistently used that requirement to determine that the take of elephants in Tanzania enhanced the survival of the species.

For the same reasons as discussed above, the statute of limitations does not bar SCI/NRA's causes of action concerning the elephant ban for Zimbabwe.  Counts I and II of SCI/NRA's Amended Complaint challenge aspects of the April 4, 2014 decision and both were obviously filed within six years of that date.  Count III challenges a violation of APA procedures in Federal Defendants' actions imposing an enhancement of survival finding requirement for importation of elephants from Zimbabwe.  SCI/NRA assert Count III as an "as-applied" challenge.  For the first time, on April 4, 2014, Federal Defendants applied the enhancement finding requirement to the importation of Zimbabwe's elephants in a way that caused harm to SCI/NRA and their members.  Thus, the cause of action for this claim did not accrue until that new importation ban inflicted harm on SCI/NRA and their members.  SCI/NRA made a timely challenge to that agency action and that challenge is not time-barred.

### IV.  Federal Defendants' May 12, 2014 Federal Register Notice Does Not Moot This Case or Any of SCI/NRA's Causes of Action

Federal Defendants, for the first time in their reply, argue that, because of mootness, this Court should dismiss a portion of Count II of SCI/NRA's Amended Complaint related to the importation ban for Zimbabwe.  They contend that because the FWS published a retroactive Federal Register notice of the April 4, 2014 importation decision and collected information from Zimbabwe that they should have obtained prior to making their April 4th decision, Federal Defendants have rectified all past wrongs.

Federal Defendants' mootness argument relies on the fact that, after being served with this lawsuit, Federal Defendants published a May 12, 2014 Federal Register notice that admits to the illegality of the April 4, 2014 decision underlying the importation ban for Zimbabwe.  79 Fed. Reg. 26986 (May 12, 2014).

The May 12, 2014 Federal Register notice acknowledges that on or prior to April 4, 2014, Federal Defendants made a determination that the enhancement of survival finding conditions of the special rule regarding elephant importation from Zimbabwe had not been met.  79 Fed. Reg. 29687; 50 C.F.R. §17.40(e)(3)(iii).  The notice also admits that such a decision should have been published in the Federal Register.  79 Fed. Reg. at 26987.  In addition, the May 12, 2014 Federal Register notice concedes that the April 4, 2014 decision had been based on a lack of data, rather than new data.  *Id.*

Federal Defendants rely on the May 12, 2014 Federal Register notice as a tardy means of rectifying some of their April 4, 2014 errors, and also as a means of  excusing their errors by labeling the April 4, 2014 decision as "interim" rather than "final."  Although the May 12, 2014 notice admits culpability, it does not rectify the harm caused by those errors.  The importation ban arising from Federal Defendants' failure to comply with their own evidentiary and notice requirements persists and continues to cause harm to SCI/NRA and their members.

The May 12, 2014 notice reports that Federal Defendants now intend to determine whether to finalize their April 4th decision. Timothy Van Norman, Chief, Branch of Permits for the FWS has stated that he intends to make a final decision about whether to lift the April 4th ban by mid-July at the latest.  Van Norman Decl., Fed. Def.'s Ex. 1, ¶35[4].  Irrespective of what the FWS decides by mid-July the illegally announced and unsupported April 4, 2014 decision is

---

[4] In a declaration Federal Defendants filed with this court, Mr. Van Norman, committed to the following: "Assuming that subsequent communication with the Zimbabwe Parks and Wildlife Management Authority can be conducted in an expedited manner, I intend to complete a final determination [whether to lift the suspension] by mid-July at the latest." SCI/NRA note that a month has passed since Federal Defendants filed this sworn statement with the court.  So far, Federal Defendants have not announced any change in their existing "interim" decision nor have they communicated a plan to lift the existing ban.  If Federal Defendants fail to comply with the deadline included in this sworn statement, SCI/NRA will notify this Court and will, if necessary, seek relief from the breach of this sworn commitment.

currently being used to prevent SCI/NRA members from importing sport-hunted elephants from Zimbabwe, and Federal Defendants intend to continue to apply that illegal determination until they decide to change it.  Consequently, SCI/NRA's claims challenging this decision are not moot because, despite the admission of error, Federal Defendants continue to rely upon that error to cause SCI/NRA harm.

Other than expressing a consequence-free promise to comply with their notice obligations in the next decision that they make for 2014, the May 12, 2014 Federal Register notice in no way demonstrates that Federal Defendants have significantly rectified the illegality of their conduct concerning the importation bans.  The notice also does nothing to demonstrate with absolute clarity that Federal Defendants will not continue to or repeat the same errors in future decision-making concerning the importation of elephants from Zimbabwe.

The fact that a defendant voluntarily ceases the conduct that is the subject of an ongoing litigation challenge does not automatically "deprive a federal court of its power to determine the legality of the practice."  *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 169-79 (2000) *citing City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (2005).  A defendant who seeks to moot a lawsuit or claim based on voluntary cessation of challenged conduct bears a "heavy" and "formidable burden."  *Id.* at 170.

Voluntary cessation of challenged conduct will enable a court to moot a case only where the defendant can show that (1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  *Kifafi v. Hilton Hotels Retirement Plan,* 701 F.3d 718, 724, 725 (D.C. Cir. 2012) (Court rejected defendant's statements that it would not repeat violation in the future as insufficient evidence that the illegal conduct would not recur). To persuade the Court to moot a

claim, a defendant must demonstrate that it is "absolutely clear" that the challenged conduct cannot reasonably be expected to be repeated. *Friends of the Earth v. Laidlaw Envtl. Servs., at 189-90*, *citing U.S. v. Concentrated Phosphate Export Assn*., 393 U.S. 199, 203 (1968)   Federal Defendants cannot ask this Court to moot any portion of SCI/NRA's claims because Federal Defendants have not met these burdens.

First, Federal Defendants have not offered this Court sufficient evidence to demonstrate that the publication violation will not be repeated in the future.  Federal Defendants' statement in the May 12, 2014 notice that they intend to publish their "final" decision in another Federal Register notice by mid-July is unconvincing.  Without judicial intervention or consequence for non-compliance, nothing prevents Federal Defendants from breaching their May 12, 2014 publication commitment as easily as they breached the one made in 1997.  Moreover, the voluntary publication commitment that the FWS included in the May 12, 2014 Federal Register notice ostensibly applies only to Federal Defendants' determination for elephant importation for 2014.  The FWS plans to start the entire process again for 2015, and could easily repeat the same errors for the findings it plans to make for next year.

Second, the effects of Federal Defendants' decision-making have not been eradicated. Although Federal Defendants did finally publish notice of the importation ban five weeks after implementing the ban, that announcement has not rectified the fact that Federal Defendants decided on April 4, 2014 that the enhancement finding that the FWS issued in 1997 is no longer in effect.  Similarly, the publication does not change the fact that Federal Defendants are currently imposing a ban based on a lack of rather than new information.  The effects of Federal Defendants' decision to change its long-standing position on elephant importation from Zimbabwe, have not been alleviated by the May 12th publication.

While Federal Defendants' belated effort to obtain information from Zimbabwe to use in its importation decision-making is a step in the right direction, it by no means guarantees that Federal Defendants will use that information in making its determination.  Nor does the "after the fact" collection of information rectify the fact that SCI/NRA members are currently being prohibited from importing sport-hunted elephants from Zimbabwe due to a decision that was made without that information. Consequently SCI/NRA's claims are not moot.

## V.   Conclusion

Federal Defendants' new statute of limitations and mootness arguments do not justify dismissal of any or all of SCI/NRA's claims.  SCI/NRA filed their challenges within six years of the date upon which their causes of action accrued.  Federal Defendants' admission of culpability does not demonstrate that Federal Defendants will not repeat the acts challenged in this case. Moreover, the admissions of error have not resulted in a reversal of the conduct or the harm that prompted SCI/NRA to bring this action.

WHEREFORE, SCI/NRA respectfully request that this Court deny Federal Defendants' Cross-Motion to Dismiss and order the parties to move forward expeditiously with the substantive briefing of this case.[5]

Dated:  June 13, 2014

Respectfully submitted,

/s/Anna M. Seidman
Anna M. Seidman
D.C. Bar No. 417091

---

[5] SCI/NRA requested an oral hearing on their Motion for a Preliminary Injunction.  Federal Defendants filed their Cross-Motion to Dismiss in response to SCI/NRA's preliminary injunction request. This Court recently ruled separately on SCI/NRA's motion and took Federal Defendants' Cross-Motion to Dismiss under advisement. As a consequence, if it is necessary for SCI/NRA to renew their request for an oral hearing for the purposes of fully defending against Federal Defendants' challenges, SCI/NRA do so here.

Douglas Burdin
D.C. Bar No. 434107
Jeremy Clare
D.C. Bar No. 1015688
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org
jclare@safariclub.org

*Counsel for Plaintiff*
*Safari Club International*

Christopher A. Conte
D.C. Bar No. 43048
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*