**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. No. 14-cv-00670 (ABJ) |
| v. | ) | |
| | ) | |
| SALLY M. R. JEWELL, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**SAFARI CLUB INTERNATIONAL AND THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S REQUEST FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM LCvR 7(n) AND CROSS-MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD**

Plaintiffs Safari Club International and the National Rifle Association of America ("SCI/NRA") ask the Court to reconsider its Order granting Federal Defendants relief from filing the Administrative Record ("AR") in accordance with LCvR 7(n)(1). Minute Order 06/16/2014. SCI/NRA also move, pursuant to Local Rule 7(n)(1), to compel the Defendants, Sally M. R. Jewell, U.S. Department of the Interior, Daniel Ashe, and U.S. Fish and Wildlife Service ("Federal Defendants"), to produce the Administrative Record ("AR") for this case. Because this Court ruled on Federal Defendants' Motion for Relief from LCvR 7(n) ("Relief Motion") before SCI/NRA could file their opposition, SCI/NRA are now submitting their arguments in opposition to the Relief Motion and to compel the filing of the AR for the first time, in this motion for reconsideration. As Federal Defendants did not include within their Relief Motion facts and arguments that are significant to this Court's decision as to whether Federal Defendants

should comply with their Local Rule 7(n)(1) obligations, SCI/NRA ask this Court to reconsider its decision based on complete factual and legal arguments.

Counsel for SCI contacted counsel for Federal Defendants and has been informed that Federal Defendants oppose this motion.

SCI/NRA ask this Court to partially vacate its Minute Order of June 16, 2014 and direct Federal Defendants to file a certified list of the contents of the AR and serve the complete AR on SCI/NRA on or before July 3, 2014.

## BACKGROUND FACTS

Federal Defendants violated Local Rule 7(n)(1) when they failed to "file a certified list of the contents of the administrative record with the Court … simultaneously with the filing of a dispositive motion." This violation occurred on May 13, 2014, when Federal Defendants filed their Cross-Motion to Dismiss (Dkt. No. 11). Although briefing on that cross-motion has been completed and more than thirty days have passed since Federal Defendants filed that motion, Federal Defendant never produced an index or the AR. Instead, on June 12, 2014, Federal Defendants filed a motion to be relieved of their obligation to make the AR available to SCI/NRA. Based only on the allegations and arguments Federal Defendants made in their Relief Motion and without considering responsive facts and arguments from SCI/NRA, this Court granted Federal Defendants a significant part of the relief requested in their Relief Motion. The Court's June 16, 2014 Minute Order excused Federal Defendants from their failure to file the AR at the time that they filed their original dispositive motion and ostensibly released Federal Defendants from filing the AR simultaneously with their impending supplemental motion to dismiss. SCI/NRA files this motion for reconsideration to demonstrate why the relief granted

conflicts with the law and prejudices SCI/NRA's ability to defend against the challenges to their claims.

## ARGUMENT

On April 21, 2014, SCI filed a Complaint[1] challenging bans imposed by Federal Defendants on the importation of legally hunted elephants from Zimbabwe and Tanzania. On April 27, 2014, SCI moved for a preliminary injunction ("PI Motion"), asking this Court to enjoin the importation bans during this litigation.[2] After a May 2, 2014 telephone conference in which this Court set a schedule for the briefing of SCI's PI motion, Federal Defendants filed an opposition to the PI motion and a cross-motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Federal Defendants did not simultaneously submit a certified list of the contents of the AR for the decision that is the subject of SCI/NRA's challenge in this case nor did Federal Defendants seek relief from their obligation to submit the AR on that date. Not until completing the briefing on their motion to dismiss did Federal Defendants seek leave for relief from that obligation.

Local Rule 7(n)(1) requires Federal Defendants to file the AR simultaneously with the filing of potentially dispositive motions. The purpose of the rule is self-evident.[3] Rule 7(n)(1) prevents Federal Defendants from having an unfair advantage in their efforts to thwart parties

[1] On May 16, 2014 the Complaint was amended to include the National Rifle Association of America ("NRA") as a plaintiff (Dkt. No. 13). The Amended Complaint did not include any substantive amendments of the claims included in the original complaint.

[2] On May 12, 2014, this Court denied SCI/NRA's PI motion, based on a determination that SCI/NRA had not demonstrated sufficient irreparable harm (Dkt. No 24).

[3] Examination of the rule and comments show that there are two parts to the amendments of Rule 7(n)(1). One amendment imposes the requirement for the simultaneous filing of the AR with a dispositive motion. The other amendment directs federal defendants not to file the entire AR with the court, but only to submit a certified list of the contents of the AR. The explanatory comment that Federal Defendants reference in their Relief Motion (p. 5, ¶ 6) obviously addresses the latter amendment, but has little bearing on the self-explanatory obligation imposed on federal government defendants to share the AR contents with all parties to the litigation, and in particular with the party who must defend against the potentially dispositive motion.

seeking review of government decision-making. Compliance makes sure that all litigants have equal access to the documents that would otherwise be available only to governmental defendants.

Federal Defendants, in their Relief Motion, argued that their failure to comply with Local Rule 7(n)(1) has no consequences. They reasoned that the motion to dismiss that they filed on May 13, 2014, was jurisdictional and therefore required no AR. They also averred that on June 27, 2014,[4] they intend to renew that motion to dismiss and to include new potentially dispositive defenses, pursuant to Fed. R. Civ. P. 12(b)(6), that are not jurisdictional. They asked the Court to take them on their word that SCI/NRA would not be prejudiced in defending against these potentially dispositive motions despite being denied access to the contents of the AR.

In their Relief Motion, Federal Defendants did not mention that they relied upon documents from the AR in support of their original motion to dismiss. In fact, a declaration Federal Defendants filed as an exhibit to that motion included several non-detriment findings made by the U.S. Fish and Wildlife Service ("FWS") for the importation of sport-hunted elephants from Tanzania during the years from 2008 to 2014. *See* Fed. Defs. Ex. 2, Gnam Decl. Dkt. No. 11-2. Federal Defendants offered these documents in support of their assertion that SCI/NRA lacked standing to bring this action. Fed. Def. Motion to Dismiss at 14. In addition, Federal Defendants attached the 1997 enhancement finding for the importation of sport-hunted elephant trophies from Tanzania to their Reply in Support of their Motion to Dismiss. Fed. Defs.

[4] In its June 16, 2016 Minute Order, this Court directed Federal Defendants to file their supplemental motion on or before July 3, 2014. The schedule that this Court set in its Minute Order also directs SCI/NRA to file their Opposition on July 24, 2014 and Federal Defendants to file their Reply brief 14 days later, on August 7, 2014. SCI/NRA reserve the right to file their Opposition before July 24, 2014 and if they are able to do so, SCI/NRA reserve the right to ask the Court to direct Federal Defendants to file their Reply brief within 14 days of the date of SCI/NRA's filing.

Ex. 4. Dkt. No. 23-1. Federal Defendants offered this document in an attempt to show that some of SCI/NRA's claims are barred by the statute of limitations. Fed. Defs. Reply ISO Motion to Dismiss at 21.[5]

Despite failing to inform the Court that they did in fact rely on portions of the AR to present their arguments in support of their motion to dismiss, Federal Defendants' Relief Motion did address the law concerning a court's reliance on documents beyond the pleadings in reviewing a motion to dismiss. Federal Defendants correctly explained that when a court considers a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Ord v. Dist. of Columbia*, 587 F.3d 1136, 1140 (D.C. Cir. 2009), *quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975). Federal Defendants argued that despite such factual presumptions, a court may also "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Federal Defendants erroneously argue that the Court's ability to consider additional materials demonstrates that Federal Defendants should not be required to comply with Rule 7(n)(1)'s requirement for filing and serving the AR. Nothing in the cases cited by Defendants suggests such a conclusion. In fact, all of those authorities were decided prior to the 2013 amendments to Local Rule 7(n)(1) and that the courts reviewing those cases did not consider the

[5] Federal Defendants inappropriately raised statute of limitations defenses and mootness arguments in their reply brief for the first time. In that reply brief, Federal Defendants stated that they would not oppose SCI/NRA filing a surreply to respond to these arguments. Fed. Defs. Reply ISO Motion to Dismiss, at 1-2, n. 2). SCI/NRA chose not to wait to avoid possibly waiving their opportunity to respond or opening up an entirely new round of briefing on this issue when Federal Defendants file their next motion to dismiss on June 27, 2014. SCI/NRA filed their surreply on the new arguments on June 13, 2014 (Dkt. No. 26).

current requirement for the simultaneous submission of the AR with the filing of a dispositive motion.[6]

The case law acknowledges a court's ability to consider materials beyond the complaint in reviewing 12(b)(1) motions, and the Federal Rules of Civil Procedure expressly recognize this authority with respect to 12(b)(6) motions. The Federal Rules also expressly protect the litigant who must defend against such a 12(b)(6) motion, by making certain that the party is given an equal opportunity to present the court with materials necessary to defend the challenge to his claims. Federal Rule of Civil Procedure 12(d) mandates that when a Court decides to consider documents beyond the pleadings, "***all*** parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (emphasis added)

The local rules of this Court offer litigants similar protection. The recent amendment of Rule 7(n)(1) requires a federal defendant to submit an index of the AR and, by implication, provide a copy of the AR itself to all parties, with ***any*** dispositive motion. Since both 12(b)(1) and 12(b)(6) motions are potentially dispositive, Rule 7(n)(1) protects litigants who must defend against such motions. When considered in harmony with the protections provided by Fed. R. Civ. P. 12(d), the requirements of Local Rule 7(n)(1) facilitate the parties' ability to present and the Court's ability to consider documents beyond the pleadings and gives both parties an equal chance to present documents to the court that are pertinent to their arguments. Local Rule 1.1(a) ("These Rules supplement the Federal Rules of Civil and Criminal Procedure and shall be construed in harmony therewith.") It would be fundamentally unfair if only *one* party had full access to the additional documents that the Court can be asked to consider beyond the pleadings.

[6] *See also Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003), *quoting Herbert. v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Trudeau v. FTC*, 456 f.3d 178, 183 (D.C. Cir. 2006), *quoting EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

SCI/NRA should be given access to the full AR so that they too can present "all the material that is pertinent to the motion."

Federal Defendants inappropriately asked this Court to ignore the safeguards provided by the rules that are designed to protect a litigant from being deprived of a full opportunity to defend its case. Citing such safeguards, the Court of Appeals for the D.C. Circuit reversed a district court's decision to dismiss a case based on additional documents introduced with a 12(b)(1) motion. The appellate court explained that fairness should direct a court's decision to consider materials outside the pleadings:

> The importance of fair procedures in factfinding at any stage requires this approach, whether or not the parties invoke the precise words in the Federal Rules. Under either Rule 12(b)(1) or Rule 12(b)(6), a court need not consider matters outside the pleadings at all. But once it decides to consult such matters it should so inform the parties and set a schedule for submitting additional affidavits and documents if the parties wish.

*Gordon v. Nat'l Youth Work Alliance,* 675 F.2d 356, 361 (D.C. Cir. 1982). Both Federal Defendants' motion to dismiss pursuant to 12(b)(1) and its impending supplemental motion pursuant to 12(b)(6) are dispositive motions. In accordance with the fairness with which Courts apply the rules of this court, SCI/NRA should be given access to the complete AR in order to properly defend against Federal Defendants' motions to dismiss.

Contrary to the representations made by Federal Defendants in their Relief Motion, they will not suffer undue burden if ordered to immediately produce the AR. Federal Defendants' protestations that they have not yet compiled the AR are not entirely valid. At least some significant portion of the AR has already been compiled in response to a Freedom of Information Act ("FOIA") request, pursuant to 5 U.S.C. §552, that SCI submitted to the FWS on April 8, 2014, well in advance of filing this action. SCI's FOIA request asked for all documents related to the decisions that SCI/NRA challenged in this litigation. The FWS has been providing their

responses in increments over the course of the last two months, and SCI has received four installments so far. SCI received the most recent installment of the FWS's response on June 9, 2014. As a result of SCI's FOIA request, the FWS has been compiling and reviewing the records comprising the AR for this litigation for over nine weeks. The only way for SCI/NRA to know that the Federal Defendants have produced all documents in the AR (i.e., those documents considered in the actions under review here) is for Federal Defendants to certify the index of the AR.

As demonstrated by Federal Defendants' own reliance on portions of the AR to challenge SCI/NRA's standing and the timeliness of their filing of this action, the contents of the AR relate to both substantive and jurisdictional elements of this case. SCI/NRA are aware of at least one document that will be included in the AR that SCI/NRA would have used in their opposition to Federal Defendants' motion to dismiss had SCI/NRA known about the document prior to filing that opposition. In the FWS's June 9, 2014 FOIA response installment, SCI received a document that relates to SCI/NRA's defense to Federal Defendants' challenge to the redressability component of SCI/NRA's standing to challenge the importation ban for Tanzania. The document is a letter demonstrating the futility of SCI/NRA members' attempts to submit permit applications as a means of overcoming the importation bans.[7] Had SCI/NRA obtained this letter on May 13th as required by Local Rule 7(n)(1), SCI/NRA would have used the letter to support its redressability argument concerning the futility of SCI/NRA members applying for

[7] Included in the FWS's June 9th FOIA Response was a letter dated April 4, 2014 from FWS Assistant Director of International Affairs Bryan Arroyo to Tanzania's Minister of Natural Resources and Tourism Lazaro Nyalandu. In that letter, the FWS described the type of information and the specific actions that Tanzania would need to take for the FWS to lift the importation ban for elephants from Tanzania. SCI/NRA have included the letter as "Exhibit 3" attached to this motion for the Court's convenience. SCI/NRA anticipate that the letter will be included in the AR when produced by the Federal Defendants.

importation permits for elephants from Tanzania. If this Court sets a hearing for oral argument, SCI/NRA will then have the opportunity to present the contents of that letter as a defense to Federal Defendants' argument that the submission of such permit applications would not be futile.

SCI/NRA ask this Court to enforce the local rules and to prevent prejudice to SCI/NRA's defense against Federal Defendants' existing motion to dismiss as well as the one Federal Defendants intend to file on July 3, 2014. Production of the AR is an obligation, triggered by the filing of a dispositive motion that is imposed by the rules of this Court without exception. In consideration of all the facts and the law of this jurisdiction that SCI/NRA have provided in this motion, SCI/NRA ask the Court to reconsider and partially vacate its Order granting Federal Defendants relief from filing the AR in accordance with LCvR 7(n)(1) (Minute Order 06/16/2014). SCI/NRA also asks that the Court order Federal Defendants to file a certified list of the contents of the complete AR with the Court and to serve SCI/NRA with the full AR on or before July 3, 2014. Finally, if the Court grants this motion, SCI/NRA asks that it also ensure that SCI/NRA has an opportunity to review the full AR before having to respond to any supplemental motion to dismiss filed by Federal Defendants.

Dated: June 17, 2014

Respectfully submitted,

/s/Anna M. Seidman
Anna M. Seidman
D.C. Bar No. 417091
Douglas Burdin
D.C. Bar No. 434107
Jeremy Clare
D.C. Bar No. 1015688
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733

Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org
jclare@safariclub.org

*Counsel for Plaintiff*
*Safari Club International*

Christopher A. Conte
D.C. Bar No. 43048
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*

**CERTIFICATE OF SERVICE**

I hereby certify that SCI/NRA served this Motion for Reconsideration, the exhibit referenced in that motion and the [Proposed] Order pertinent thereto by hand-delivering them to the Department of Justice on June 17, 2014. These documents were received and signed for by representatives of the Department of Justice on June 17, 2014.

/s Anna M. Seidman
Anna M. Seidman
Counsel for Plaintiff
Safari Club International