UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.*  )<br>)<br>)<br>    Plaintiffs,  )<br>) Civ. No. 14-cv-00670 (ABJ)<br>v.  )<br>)<br>SALLY M. R. JEWELL, *et al.*  )<br>)<br>)<br>    Defendants.  )<br>_____) | |

**MOTION FOR LEAVE TO FILE A SECOND AMENDED AND
SUPPLEMENTED COMPLAINT BY SAFARI CLUB INTERNATIONAL
AND THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and (d), Plaintiffs Safari Club International and National Rifle Association of America ("SCI/NRA") move for leave to amend and supplement their First Amended Complaint (Dkt. 16). Defendants Sally M. R. Jewell *et al*. ("Federal Defendants") took actions on July 22, 2014 and July 31, 2014 that have made it necessary for SCI/NRA to both amend and supplement their existing pleading. For this reason, SCI/NRA seek to file an amended complaint that incorporates the changes to the case occasioned by the new facts arising since SCI/NRA last filed a pleading on May 16, 2014.

Prior to filing this motion, SCI/NRA's counsel consulted with Federal Defendants' counsel regarding their position in accordance with LCvR 7(m). Federal Defendants have decided to reserve their position on this motion and will file a response within the time allowed under the local rules. A copy of the amended and supplemented complaint that SCI/NRA seek to file is attached to this motion, as provided by LCvR 7(i) and 15.1.

**MEMORANDUM IN SUPPORT**

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On April 4, 2014, Federal Defendants announced immediate bans on the importation of legally sport-hunted elephants from Zimbabwe and Tanzania. Safari Club International filed a Complaint to challenge those decisions on April 21, 2014. Dkt. 1.[1] After reviewing the allegations of SCI's Complaint, Federal Defendants published a Federal Register notice that characterized the April 4, 2014 importation ban decision for Zimbabwe as "temporary" and "interim." In the notice, Federal Defendants promised to make a decision as to whether to lift the Zimbabwe importation ban by mid-July.

On July 23, 2014, Federal Defendants announced, via the U.S. Fish and Wildlife Service ("FWS") website, that the importation ban for elephants from Zimbabwe will continue for the rest of 2014.[2] Federal Defendants determined that they are unable to make a finding that the importation of sport-hunted elephants from Zimbabwe will enhance the survival of the species and that, without that finding, Federal Defendants cannot allow importation of sport-hunted elephants from Zimbabwe ("July 2014 Zimbabwe Enhancement Finding"). Federal Defendants published notice of the July 2014 Zimbabwe Enhancement Finding and continuation of the Zimbabwe importation ban in the Federal Register on July 31, 2014. 79 Fed. Reg. 44459; *see* Dkt. 33.

SCI/NRA now seek to amend and supplement their Amended Complaint to reflect the changes in circumstances caused by Federal Defendants' recent decision. SCI/NRA's proposed Second Amended and Supplemented Complaint maintains many of the same counts and

---

[1] On May 16, 2014, Safari Club International filed an Amended Complaint to include the National Rifle Association of America as a plaintiff in the lawsuit. Dkt. 16.

[2] The FWS's press release that announced the continuation of the Zimbabwe import ban is attached as Exhibit 1 to this motion for the Court's convenience.

allegations that SCI/NRA asserted against Federal Defendants in their existing pleading. The proposed Second Amended and Supplemented Complaint updates the factual history of the case and modifies and supplements the original claims, including to account for the additional legal violations involved in Federal Defendants' more recent decision-making.

Federal Defendants' recent decision about the importation of sport-hunted elephants from Zimbabwe is inextricably related to the existing claims of this case. SCI/NRA's proposed Second Amended and Supplemented Complaint is the most efficient and expedient way for SCI/NRA and this Court to address the changes in circumstances that Federal Defendants' action has introduced into this case.

SCI/NRA file this motion and proposed pleading within days of receiving notice of Federal Defendants' decision-making to avoid any delay in the proceedings of this case. SCI/NRA seek an expeditious ruling on this motion to enable this case to continue to move forward to its resolution.

**ARGUMENT**

The Court should grant this motion so that it can adjudicate together all of SCI/NRA's claims related to the bans on the importation of sport-hunted elephants from Zimbabwe and Tanzania. This amendment/supplementation does not reflect any bad faith or dilatory action by SCI/NRA and will not prejudice the Federal Defendants. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) states "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

This Court should grant SCI/NRA leave to file its amended and supplemented complaint. None of the reasons identified by the U.S. Supreme Court for denying such a motion apply to this case. Proposed amendments are denied due to

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Without such reasons, leave to file an amended complaint should be freely given, "as the rules require." *Id.* The U.S. Court of Appeals for the District of Columbia Circuit has applied these same criteria to determine whether to grant leave to amend. *Richardson v. United States*, 193 F.3d 545, 549-50 (D.C. Cir. 1999); *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 146 F.3d 983, 991 (D.C. Cir. 1998); *Atchinson v. District of Columbia*, 73 F.3d 418, 426-27 (D.C. Cir. 1996). The Court of Appeals has also used similar criteria for evaluating motions for supplemental pleadings. *See, e.g.*, *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) ("Delay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings").

SCI/NRA's proposed amendments reflect further review of the facts preceding the initial complaint and respond directly to actions taken by Federal Defendants since that time. SCI/NRA have consistently argued for expedited briefing and review throughout this litigation and their intent to amend and supplement lack any dilatory motive or wish to cause undue delay.[3] SCI/NRA have not previously amended the initial complaint, except to add NRA as a plaintiff.

---

[3] The Court ordered Federal Defendants to produce the Administrative Record and supplement their Motion to Dismiss by August 8, 2014. If Federal Defendants do not include materials related to the July Zimbabwe Enhancement Finding in the Administrative Record, SCI/NRA will seek an order for expedited production of the record materials related to Federal Defendants new determination as soon as possible.

SCI/NRA's amended and supplemented complaint will not cause prejudice to the Federal Defendants and SCI/NRA is not making this motion in bad faith.  Federal Defendants have known about the decision to continue the Zimbabwe importation ban for at least two weeks (original finding was dated July 17, 2014).  SCI/NRA's new claims and amendments to the complaint should therefore come as no surprise to Federal Defendants.

Lastly, SCI/NRA's proposed amendments are not futile.  They respond directly to the illegal actions taken by Federal Defendants that have deprived SCI/NRA members of their ability to import legally sport-hunted elephants.

## CONCLUSION

For the foregoing reasons, SCI/NRA request that the Court expeditiously review this motion and grant them leave to file the attached amended and supplemented complaint.

Dated this 1st day of August 2014.

        Respectfully submitted,

        /s/ Anna M. Seidman

        Anna M. Seidman, Esq. (DC Bar No. 417091)
        Douglas S. Burdin, Esq. (DC Bar No. 434107)
        Jeremy E. Clare, Esq. (DC Bar No. 1015688)
        Safari Club International
        501 2nd Street, NE
        Washington, DC 20002
        Telephone: (202) 543-8733
        Facsimile: (202) 543-1205
        aseidman@safariclub.org
        dburdin@safariclub.org
        jclare@safariclub.org

        *Counsel for Plaintiff,*
        *Safari Club International*

        Christopher A. Conte (DC Bar No. 43048)

National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff,*
*National Rifle Association of America*