IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Safari Club International**, *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | )  Case No. 14-cv-00670-ABJ |
| v. | ) |
|  | ) |
| **S.M.R. Jewell,** in her official capacity as Secretary of the United States Department of Interior, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## FEDERAL DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS AND PARTIAL OPPOSITION TO MOTION TO AMEND/CORRECT

Federal Defendants S.M.R. Jewell, in her official capacity as Secretary of the U.S. Department of the Interior, *et al.*, respectfully submit the following Supplemental Motion to Dismiss the Amended Complaint of Plaintiffs Safari Club International and the National Rifle Association (collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) and this Court's June 16th and 23rd, 2014 Minute Orders. Federal Defendants also partially oppose Plaintiffs' Motion for Leave to File a Second Amended and Supplemented Complaint (ECF No. 34) ("Motion for Leave") as some of the claims in the proposed amended and supplemented complaint would not survive a motion to dismiss and so amendment is futile.

## INTRODUCTION

Federal Defendants have already demonstrated that Plaintiffs' Complaint and Amended Complaint suffer from numerous jurisdictional defects that require dismissal of their case. Fed. Defs.' Mot. to Dismiss, ECF No. 11 ("Motion to Dismiss" or "MTD"). Now that the Court has

1

indicated that the prior restrictions on briefing no longer apply, Federal Defendants are providing the Court with additional, non-jurisdictional bases for dismissal of the Amended Complaint.[1] Specifically, judicial review of Plaintiffs' Tanzania claims (Counts IV-VI) may not proceed under the Administrative Procedure Act ("APA") because those claims fail to challenge a final agency action. The U.S. Fish and Wildlife Service's ("Service") April 2014 findings regarding the importation of sport-hunted African elephant trophies from Tanzania do not mark the consummation of the agency's decision-making process, nor are they actions by which rights or obligations have been determined, or from which legal consequences will flow.[2] A permit is required to import a sport-hunted African elephant trophy. None of Plaintiffs' members has even alleged to have applied for such a permit, much less been denied an import permit on the basis of the agency's findings. By side-stepping the permit process that could have supplied the "final agency action" that the APA requires, Plaintiffs also have failed to exhaust their administrative remedies with respect to the Tanzania findings. For these reasons, as further explained below, the Court should dismiss Counts IV-VI in the Amended Complaint with prejudice for failure to state a claim.

---

[1] On August 1, 2014, Plaintiffs moved to amend and supplement their Amended Complaint to add a challenge to the Service's July 2014 final enhancement finding for Zimbabwe. ECF No. 34. Because Plaintiffs' proposed Second Amended and Supplemented Complaint ("Second Amended Complant") retains their challenge to the April 4, 2014 interim enhancement finding for Zimbabwe and all of their Tanzania claims, this Supplemental Motion to Dismiss applies equally to the proposed Second Amended Complaint, should the Court allow Plaintiffs to further amend their complaint. *See* Defs.' Reply to Mot. to Dismiss, ECF No. 23, at 1; *compare* 2d Am. Compl. ECF No. 34-1, at ¶¶ 124-40 *with* Am. Compl., ECF No. 13, ¶¶ 103-18.

[2] Counts IV-VI in Plaintiffs' Amended Complaint correspond to Counts VI-VIII in Plaintiffs' Proposed Second Amended Complaint. Thus, as noted, Plaintiffs' Motion for Leave should be denied as futile as to Counts VI-VIII of the Second Amended Complaint.

Additionally, the Court should deny in part Plaintiffs' recent Motion for Leave because Plaintiffs' proposed Second Amended Complaint includes claims that are futile. Plaintiffs' proposed Second Amended Complaint improperly attempts to challenge the Service's April 4, 2014 interim enhancement finding for Zimbabwe, which has been superceded by the Service's issuance of a final enhancement finding for Zimbabwe, issued in July 2014. The proposed Second Amended Complaint also reasserts Plaintiffs' Tanzania claims. Because Plaintiffs' claims against the Zimbabwe interim finding are now moot and their Tanzania claims should be dismissed for lack of standing and other jurisdictional grounds and for failure to state a claim, any amendment or supplement to the Amended Complaint as to those claims is futile.[3]

## BACKGROUND

To avoid unnecessary duplication, Federal Defendants incorporate by reference the statutory and procedural background provided in their Motion to Dismiss.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A court considering a Rule 12(b)(6) motion presumes the factual allegations of the complaint to be true. *See*, *e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). "To

---

[3] In their Motion for Leave, Plaintiffs request that the Court order expeditious filing of the administrative record for the July 2014 Enhancement Finding for Zimbabwe. Federal Defendants do not oppose Plaintiffs' supplementation of the Amended Complaint with a challenge to the merits of the July 2014 Enhancement Finding for Zimbabwe. Although Federal Defendants' statute of limitations arguments in the pending Motion to Dismiss would apply with equal force to the proposed Second Amended Complaint, this does not require filing a certified index of the Administrative Record for the July 2014 finding under Local Rule 7(n). In its June 23, 2014 minute order, the Court explained that 7(n) does not apply to motions to dismiss. Federal Defendants are prepared to file a certified index of the administrative record for the July 2014 Zimbabwe Enhancement Finding six weeks after the Court addresses Plaintiffs' Motion for Leave, or by September 30, 2014, whichever is later.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I.  THE SERVICE'S APRIL 2014 FINDINGS FOR TANZANIA ARE NOT FINAL AGENCY ACTIONS.

Plaintiffs' Tanzania claims fail because none of Plaintiffs' members has asked the Service to reconsider its Tanzania findings in the context of a denied application for an import permit. Under the Service's regulations, such a permit must be obtained before an African elephant trophy sport-hunted in Tanzania may be brought into the United States. Plaintiffs' members do not allege that their members have even applied for a permit to import an elephant trophy from Tanzania, or that the Service has denied any of their permit applications. Thus, no final agency action has occurred for Plaintiffs to challenge, since the Service has not initiated, much less consummated, a formal decision-making process with regard to any Tanzania import permit for Plaintiffs' members. Moreover, had the Service denied such an application, the Service's regulations require the unsuccessful applicant to appeal the denial to the Director of the Service before instituting a lawsuit such as this. Plaintiffs' Tanzania claims therefore fail for the additional reason that Plaintiffs do not challenge final agency action, including the requirement to exhaust administrative remedies.

Plaintiffs challenge agency decisions that also do not meet the two-part test for determining finality. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). An agency action is final only if it is "the consummation of the agency's decisionmaking process" and a decision by which "rights or obligations have been determined" or from which "legal consequences will flow." *Nat'l Min. Ass'n v. McCarthy*, No. 12-5310, -- F.3d. --, 2014 WL 3377245, at *5 (D.C. Cir. July 11, 2014) (citing *Bennett v. Spear,* 520 U.S. at 177–78). First, Plaintiffs are not challenging the culmination of the Service's decision-making process, because they do not challenge a permit denial or the denial of a request for reconsideration of such a permit denial. *Cf. Bennett*, 520 U.S. at 177-178. Second, Plaintiffs have not shown that the Service's findings are ones from which rights or obligations have been determined or from which legal consequences flow. Instead, the Tanzania findings that Plaintiffs challenge are merely some of the predicate findings made before the Service may issue an import permit for a sport-hunted elephant trophy from Tanzania; the findings do not have an independent legal effect. 50 C.F.R. § 17.40(e)(3)(iii)(A)-(D) (ESA special rule); 50 C.F.R. §§ 23.13-23.36 (CITES permitting requirements); *cf. Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 91 (D.D.C. 2013) (permit denial is not final agency action until all appeals are complete). In sum, because they cannot meet either prong of the final agency action standard, Plaintiffs' Tanzania claims fail to state a claim.

Moreover, Plaintiffs fail to challenge final agency action because they have not exhausted their administrative remedies. Section 704 of the Administrative Procedure Act ("APA") permits judicial review of "final agency action" only, 5 U.S.C. § 704. Plaintiffs are not challenging final agency action and, therefore, have failed to state a claim under the APA. Agency action is not "final" until a party exhausts administrative remedies prescribed by agency rule. *Darby v. Cisneros*, 509 U.S. 137, 146 (1993); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003)

("Exhaustion of administrative remedies is generally required before filing suit in federal court so . . . agency has an opportunity to exercise its discretion and expertise on the matter") (citations omitted).  As the Supreme Court has explained:

> Although § 10(a) provides the general right to judicial review of agency actions under the APA, § 10(c) establishes when such review is available. When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is "final for the purposes of this section" and therefore "subject to judicial review" under the first sentence. . . . The last sentence of § 10(c) refers explicitly to "any form of reconsideration" and "an appeal to superior agency authority." Congress clearly was concerned with making the exhaustion requirement unambiguous so that aggrieved parties would know precisely what administrative steps were required before judicial review would be available.

*Darby*, 509 U.S. at 146-147.  Following *Darby*, courts have recognized that "[u]nder Department of Interior regulations, if an agency decision is subject to appeal within the agency, a party must appeal the decision to the highest authority within the agency before judicial review is available." *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 925 (10th Cir. 1994) (citation omitted).

Here, because Plaintiffs have a "form of reconsideration" and the Service's Tanzania findings are subject to review and appeal within the agency, Plaintiffs were required to exhaust these administrative remedies by applying for permits to import sport-hunted African elephant trophies from Tanzania and appealing any denial of such a permit before suing. Specifically, section 13.29(a) of the Service's regulations affords trophy hunters the right to "request reconsideration" of the Service's denials, and section 13.29(e) makes the Service's decision on reconsideration subject to appeal to the Director, whose decision "shall constitute the final administrative decision of the Department of the Interior." 50 C.F.R § 13.29(f)(3); *see also Seiber v. United States*, 364 F.3d 1356, 1366 (Fed. Cir. 2004) (noting finality of Director's decision).

Because Plaintiffs' members have not even begun the permitting process, which would allow them to directly challenge the Tanzania findings, Plaintiffs have not challenged final agency action. A plaintiff's decision to avoid the Service's administrative appeal process does not excuse them from exhausting their administrative remedies. For example, in a challenge to the Service's findings under the ESA/Convention on International Trade in Endangered Species ("CITES") permitting scheme, another court in this district dismissed the plaintiffs' claims challenging the denial of their permit application to import sport-hunted animal trophies from Pakistan because they had failed to exhaust their administrative remedies. *See Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 91 (D.D.C. 2013) (Rothstein, J.) ("Again, if the Court were to allow Plaintiffs to circumvent the agency appeal process by simply refusing to participate, it would defeat the very purpose of the process."). Likewise, in a case involving the denial of permits to import sport-hunted African elephant trophies from Zambia, the D.C. Circuit suggested that federal defendants could have successfully moved to dismiss because the plaintiffs had not completed their administrative appeal of those denials and therefore were not challenging final agency action. *Marcum v. Salazar*, 694 F.3d 123, 128-29 (D.C. Cir. 2012).[4]

II.  **PLAINTIFFS' ZIMBABWE CLAIMS CHALLENGING THE SERVICE'S APRIL 2014 ENHANCEMENT FINDING ARE MOOT AND NONE OF THE EXCEPTIONS TO MOOTNESS APPLY.**

The Court should dismiss Counts I through III of Plaintiffs' Amended Complaint, which challenge the Service's April 2014 interim enhancement finding for Zimbabwe, because those claims have been mooted by the Service's recent issuance in July of the final 2014 enhancement finding for Zimbabwe. For the same reason, the Court should deny as futile Plaintiffs' Motion

---

[4] As explained in our Reply in Support of our Motion to Dismiss, in that opinion, the D.C. Circuit held that a challenge to a CITES and ESA permit denial is unripe until the applicant has finished the administrative review process. ECF No. 23 at 7 (citing *Id.* at 129).

7

for Leave to the extent that it challenges the Service's April 2014 interim enhancement finding for Zimbabwe. The Service's July 2014 final enhancement finding for Zimbabwe superceded the April finding and thus mooted any challenge to that interim finding. Thus, amendment is futile because the Court lacks jurisdiction to adjudicate moot claims.[5]

### A.  Plaintiffs' Zimbabwe Claims Are Moot.

Courts do not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). Hence, "[i]f events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001). "[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010).

Plaintiffs' Amended Complaint contains three counts, Counts I through III, challenging the Service's April 2014 enhancement finding for Zimbabwe. ECF No. 13, ¶¶ 84-102. As relief, Plaintiffs ask the Court to declare that the Service's suspension on the importation of African elephant trophies from Zimbabwe violated the ESA and the APA, declare that the suspension

---

[5] Defendants do not oppose Plaintiffs' Motion for Leave to the extent that it seeks to add a challenge to the merits of the Service's July 2014 final enhancement finding. Recognizing that the July finding supercedes the April interim finding, Defendants voluntarily withdraw those portions of their pending motions to dismiss which argued that Plaintiffs' original Zimbabwe claims were unripe or prudentially moot. Defendants do not withdraw their argument that part of Count II and all of Count III should be dismissed as time barred, *see* ECF No. 23 at 20-22. If the Court grants Plaintiffs' Motion for Leave, Defendants' statute of limitations arguments with respect to the Zimbabwe claims apply equally to Counts III and IV of the Proposed Second Amended Complaint.

was arbitrary and capricious and therefore invalid, and enjoin the Service from continuing or enforcing the suspension. *Id.*, Prayer for Relief ¶¶ 1, 3, 5. Plaintiffs' proposed Second Amended Complaint contains four counts, Counts I through IV, challenging both the April 2014 and July 2014 enhancement findings for Zimbabwe, as well as one count, Count V, challenging just the July enhancement finding. ECF No. 34-2, ¶¶ 94-123. Plaintiffs ask the Court for relief relating to the April 2014 enhancement finding. Specifically, Plaintiffs seek a declaration that the Service "violated the ESA and APA in making a temporary decision to suspend importation of sport-hunted elephants from Zimbabwe on April 4, 2014," and that the Service's "decisions to suspend the importation of legally sport-hunted African elephants from Zimbabwe on April 4, 2014 and on July 22, 2014 were arbitrary and capricious, contrary to law, and an abuse of discretion and therefore the suspension decisions were invalid." *Id.*, Prayer for Relief ¶¶ 2, 5.

Plaintiffs can no longer challenge the April 2014 enhancement finding for Zimbabwe because any such challenge was mooted by the issuance of the final enhancement finding for Zimbabwe in July 2014. The Service's July finding states that it "supercedes the April 4, 2014, 'Enhancement Finding for African Elephants Taken as Sport-hunted Trophies in Zimbabwe during 2014', and the April 17, 2014, revision to that previous document." Ex. 1 at 1; *see also* ECF No. 33-1 at 2 (79 Fed. Reg. 44,459 (July 31, 2014)). In addition, the July finding states that it applies retroactively to April 4, 2014:

> the Service has determined that it is unable to make a finding that the killing of elephants in Zimbabwe, after April 4, 2014, whose trophies are intended for importation into the United States, would enhance the survival of the African elephant in the wild. Therefore, the trophies, part or products, of elephants taken in Zimbabwe after April 4, 2014, will not be allowed to be imported into the United States.

Ex. 1 at 1; ECF No. 33-1 at 2 ("On July 17, 2014, the [Service] made a determination that the import of sport-hunted African elephant trophies taken in Zimbabwe on or after April 4, 2014, until December 31, 2014, would be suspended.").

Because the April 2014 finding has been superceded and is no longer in effect, nothing turns on whether that finding might have violated the Endangered Species Act or APA or been arbitrary and capricious and therefore invalid. Am. Compl., Prayer for Relief ¶¶ 1, 3; Proposed 2d Am. & Supp. Compl., Prayer for Relief ¶¶ 2, 5. If Plaintiffs' challenge to the April 2014 finding were well-founded, the ordinary relief would be to vacate that finding and remand it to the Service to make a new finding consistent with the law. *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) ("[T]he function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [agency] for reconsideration."). Now that the April 2014 finding has been superceded, however, Plaintiffs have "obtained everything that [they] could recover ... by a judgment of this court in [their] favor," thus rendering their challenge to the April interim finding moot. *California v. San Pablo & Tulare R.R.*, 149 U.S. 308, 314 (1893); *see Natural Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814-15 (D.C. Cir. 1982) (challenge to promulgation of superceded rule sought "an advisory opinion which federal courts cannot provide").

The D.C. Circuit has found superceded agency action moot under analogous circumstances. For example, in *Fund for Animals, Inc. v. Bureau of Land Management*, 460 F.3d 13, 18-19 (D.C. Cir. 2006), the petitioner challenged an "Instruction Memorandum" issued by the Bureau of Land Management ("BLM") to "communicate guidance and policy" regarding BLM's treatment of wild horse populations. The memorandum was effective for a period of one year, and BLM reviewed its policy annually. Petitioner claimed that the memorandum was

issued in violation of the National Environmental Policy Act. The memorandum expired during the litigation. The Court held that, "[b]ecause the memo has expired, this claim is moot." *Id.* at 18. The fact that the general approach set forth in the memorandum "continues to serve as guidance to the field for the conduct of specific gather and removal decisions" did not save the petitioner's claim from mootness. *Id.* at 19. The same analysis applies here. Plaintiffs' challenge to the April 2014 finding is moot because that finding has been replaced and is no longer in effect.[6]

### B. NONE OF THE MOOTNESS EXCEPTIONS APPLIES.

The Court should reject any attempt by Plaintiffs to argue that one of the exceptions to the mootness doctrine applies here. Plaintiffs cannot rely on the "capable of repetition, yet evading review" exception, the only exception that even arguably could apply here. This exception is limited to cases where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) ("*Weinstein*"). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (stating that exception "applies only in exceptional situations"). Plaintiffs cannot meet their burden to establish that either prong of the exception applies here. *See Honeywell Int'l, Inc. v. NRC*, 628 F.3d 568, 576 (D.C. Cir. 2010) ("The initial 'heavy burden' of establishing mootness lies with the party asserting a case is moot, but the opposing party bears the burden of showing an exception applies.") (internal citations omitted).

---

[6] The courts apply a similar analysis to agency legislative rules, in many cases holding challenges to rules to be mooted by the subsequent revocation, revision, or expiration of the challenged rule. *See, e.g., Fund for Animals, Inc. v. Hogan*, 428 F.3d 1059, 1064 (D.C. Cir. 2005) (finding moot a challenge to Service regulations because the regulations were no longer in effect); *Ctr. for Science in the Pub. Interest v. Regan*, 727 F.2d 1161, 1164 (D.C. Cir. 1984) (issuance of new rule rendered challenge to superceded rule moot).

First, the challenged action is not too short in duration to be fully litigated. This exception applies to agency actions and orders of such short duration that potential plaintiffs would otherwise "have their rights determined . . . without a chance of redress." *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). While the April finding at issue in this case was valid for approximately three months, that duration is not typical of such findings. Rather, the Service typically makes enhancement findings that last for one calendar year (such as for Tanzania) or longer (such as the prior enhancement finding for Zimbabwe, which was in place from 1997 to 2014), and has stated that the July 2014 finding will be in place through 2014. Thus, Plaintiffs will have sufficient time to litigate their claims challenging the July enhancement finding. *See Southern Co. Servs. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005) ("This court has emphasized that, when reliance on the mootness exception is based on the short duration of an order, the question is whether such a short duration is 'typical' of the controversy.").

Plaintiffs' inability to meet the first *Weinstein* factor is determinative. *Alliance for Democracy v. Fed. Election Comm'n*, 335 F. Supp. 2d 39, 45-46 (D.D.C. 2004) ("[I]n order to qualify for the narrow 'capable of repetition yet evading review' exception, a plaintiff must be able to show both that the duration of the activity is too short and that the same party would be subjected to actions again . . . . Since plaintiffs fail on the first prong, the second prong is inconsequential.") (internal citation omitted). However, Plaintiffs also cannot satisfy the second factor because there is no reasonable expectation that they will be subjected to the same action again. A "mere physical or theoretical possibility" is insufficient to satisfy the *Weinstein* test; rather "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478,

482 (1982) (citing *Weinstein*, 423 U.S. 147). In this context, "same action" has been interpreted "to refer to particular agency policies, regulations, guidelines, or recurrent identical agency actions." *Public Util. Comm'n v. FERC*, 236 F.3d 708, 715 (D.C. Cir. 2001).

Even accepting as true Plaintiffs' allegations with respect to the Service's April 2014 enhancement finding for Zimbabwe in Counts I through III of the Amended Complaint and Counts I through IV of the Proposed Second Amended and Supplemented Complaint, Plaintiffs cannot demonstrate "a reasonable expectation that [they] would be subjected to the same action again." *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (quoting *Murphy*, 455 U.S. at 482). To the contrary, the Service's issuance of a final enhancement finding for Zimbabwe using new information it received from Zimbabwe and hunting organizations after it issued the interim April finding negates the likelihood that the Service will issue an enhancement finding without considering that additional information received from Zimbabwe and other groups. Absent any such evidence, Plaintiffs fail to show the requisite reasonable expectation of recurrence. Moreover, to the extent that the Court finds that Plaintiffs' procedural claims are not time-barred, those claims can be brought in the context of Plaintiffs' challenge to the July enhancement finding for Zimbabwe and so will not evade review.

Plaintiffs cannot demonstrate either prong of the "capable of repetition, yet evading review" exception, and so the Court should dismiss Counts I through III in the Amended Complaint as moot to the extent that it remains the operative complaint, and should deny as futile Plaintiffs' Motion for Leave to the extent that proposed complaint seeks to challenge the Service's now-obsolete April 2014 enhancement finding for Zimbabwe (Counts I-IV of the Proposed Second Amended Complaint).

//

## **CONCLUSION**

For all the foregoing reasons, as well as the reasons provided in Defendants Motion to Dismiss, Plaintiffs' Amended Complaint should be dismissed with prejudice. The Court should also deny in part Plaintiffs' Motion for Leave. The Court should deny the Motion for Leave with respect to Plaintiffs' Tanzania claims and as to Plaintiffs' Zimbabwe claims to the extent those claims challenge the Service's April 2014 interim enhancement finding for Zimbabwe.

Dated: August 8, 2014                                Respectfully submitted,

                                                     SAM HIRSCH,
                                                     Acting Assistant Attorney General
                                                     SETH M. BARSKY, Chief
                                                     KRISTEN L. GUSTAFSON, Assistant Chief

                                                     _____*Meredith L. Flax*_____
                                                     MEREDITH L. FLAX, Senior Trial Attorney
                                                     (D.C. Bar No. 468016)
                                                     CHRISTINE HILL, Trial Attorney
                                                     (D.C. Bar No. 461048)
                                                     ANDREA GELATT, Trial Attorney
                                                     U.S. Department of Justice
                                                     Environment & Natural Resources Division
                                                     Wildlife & Marine Resources Section
                                                     Ben Franklin Station. P.O. Box 7611
                                                     Washington, DC 20044-7611
                                                     Phone: (202) 305-0404
                                                     Fax: (202) 305-0275
                                                     meredith.flax@usdoj.gov

                                                     *Counsel for Federal Defendants*

Of Counsel:
Holly Wheeler
Russell Husen
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.