IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-cv-00670-RCL |
| v. ) | |
| ) | |
| **S.M.R. Jewell,** in her official capacity as ) | |
| Secretary of the United States Department of ) | |
| Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## ANSWER

Federal Defendants S.M.R. Jewell, in her official capacity as Secretary of the U.S.

Department of the Interior, *et al.*, and Daniel Ashe, Director of the U.S. Fish and Wildlife

Service ("FWS") (collectively "Defendants"), by and through their undersigned counsel, hereby

answer and assert defenses to the claims and allegations made by Safari Club International

("SCI") and the National Rifle Association ("NRA") (collectively "Plaintiffs") in their Second

Amended and Supplemented Complaint for Declarative and Injunctive Relief (ECF No. 49):[1]

---

[1] Plaintiffs' claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court neither sits as an evidentiary fact finder nor resolves alleged disputed facts.  "Under the APA, the agency's role is to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the district court's function 'is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'"  *Hill Dermaceuticals v. FDA*, No. 11-cv-1950 RCL, 2012 WL 5914516, at * 7 (D.D.C. May 18, 2012), aff'd 709 F.3d 44 (D.C. Cir. 2013) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve.")).  Thus, the allegations of fact in the Second Amended and Supplemented Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action.  Nonetheless, Federal Defendants herein respond to the numbered paragraphs of the Complaint.

Because the Court has dismissed Plaintiffs' claims challenging FWS's findings related to the importation of sport-hunted African elephant trophies from Tanzania (Counts VI through VIII), *see* ECF No. 47, no response is required to the allegations in the Second Amended and Supplemented Complaint relating to Tanzania and Defendants deny all such allegations to the extent a response is required. Paragraphs 4, 58-60, 90, and 124-140 in the Second Amended and Supplemented Complaint relate to Tanzania only and no further reference to these paragraphs is made below. As for Paragraphs 1, 9, 13-14, 17, 19-20, 23-26, 29, 31-32, 38, 41-43, 49, 61, 63, 66-68, 77-78, 88 in the Second Amended and Supplemented Complaint, which contain allegations related to Plaintiffs' claims challenging FWS's findings for both Tanzania and Zimbabwe, Defendants' responses below pertain only to the allegations relating to Zimbabwe.

1.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first part of the first sentence of paragraph 1, and on that basis deny the allegations.  With respect to the remaining allegations in the first sentence of paragraph 1, Defendants admit that FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe when it has been able to make the requisite enhancement finding under the Endangered Species Act ("ESA") and the Convention on International Trade in Endangered Species of Flora and Fauna ("CITES") to allow import of sport-hunted African elephant trophies from Zimbabwe.  Defendants deny any allegations in the first sentence of paragraph 1 that are inconsistent with this admission. Because the allegations in the second sentence of paragraph 1 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations.  With respect to the allegations in the third sentence of paragraph 1, Defendants admit that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and

other interested groups that FWS was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe; and that on April 4, 2014, FWS issued a press release that was also posted on its website to the same effect. Defendants deny the remaining allegations in the third sentence of paragraph 1.  With respect to the allegations in the fourth sentence of paragraph 1, Defendants admit that FWS is a bureau within the Department of the Interior; that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophies are intended for import would enhance the survival of the species; and that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species. Defendants deny the remaining allegations in the fourth sentence of paragraph 1.  With respect to the allegations in the fifth sentence of paragraph 1, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014 Federal Register document.  With respect to the allegations in the sixth sentence of paragraph 1, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species; that the July 17, 2014 finding superseded the April 4, 2014 finding and April 17, 2014 revised finding; that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014

finding; and that on July 23, 2014, FWS issued a press release that was also posted on its website that announced that it was unable to make a positive finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe.  Defendants deny the remaining allegations in the sixth sentence of paragraph 1.  With respect to the allegations in the first half of the seventh sentence of paragraph 1, Defendants admit that FWS posted the July 17, 2014 finding (as revised on July 22, 2014) on its website.  With respect to the allegations in the second half of the seventh sentence of paragraph 1, Defendants admit that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 31, 2014 Federal Register document. Defendants deny the remaining allegations in the seventh sentence of paragraph 1.

2.      The allegations in paragraph 2 are characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.      Defendants deny the allegations in paragraph 3.

5.      The allegations in paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

6.      Defendants deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

8.      The allegations in the first sentence of paragraph 8 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

The allegations in the second sentence of paragraph 8 are, in part, characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of paragraph 8, and on that basis deny the allegations.

9.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 9 and the first half of the second sentence of paragraph 9, and on that basis deny the allegations.  With respect to the allegations in the second half  of the second sentence of paragraph 9, Defendants admit that the African elephant populations of South Africa and Namibia are included in Appendix II of CITES for the exclusive purpose of allowing trade in specific annotated African elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver that specimens that are not specifically included in the annotation are deemed to be specimens of species included in Appendix I.   Defendants deny any allegations in the second half of the second sentence of paragraph 9 that are inconsistent with this admission.

10.     The allegations in paragraph 10 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11, and on that basis deny the allegations.

12.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12, and on that basis deny the allegations.

13.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13, and on that basis deny the allegations.

14.     Defendants deny the allegations in the first sentence of paragraph 14.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis deny the allegations.

15.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, third, and fourth sentences of paragraph 15, and on that basis deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 15.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 16, and on that basis deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 16.

17.     Defendants deny the allegations in the first sentence of paragraph 17.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17, and on that basis deny the allegations.

18.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 18, and on that basis deny the allegations. Defendants deny the allegations in the third sentence of paragraph 18.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 19, and on that basis deny the allegations. With respect to the allegations in the second sentence of paragraph 19, Defendants admit that on April 4, 2014, FWS announced that it was unable to make the positive finding required under the ESA to allow the import of sport-hunted African elephant trophies from Zimbabwe.  Defendants deny the remaining allegations in the second sentence of paragraph 19.

20.     The allegations in the first, second, third, and seventh sentences in paragraph 20 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth, fifth, and sixth sentences of paragraph 20, and on that basis deny the allegations.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and on that basis deny the allegations.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis deny the allegations.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and on that basis deny the allegations.

24.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, and on that basis deny the allegations.

25.     Defendants deny the allegations in the first part of the first sentence of paragraph 25. The remainder of the allegations in the first sentence of paragraph 25 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first part of the second sentence of paragraph 25 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in the second sentence of paragraph 25, and on that basis deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 25, and on that basis deny the allegations.

26.     The allegations in the first, second, third, and sixth sentences of paragraph 26 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences of paragraph 26, and on that basis deny the allegations.

27.     With respect to the allegations in the first sentence of paragraph 27, Defendants admit that S.M.R. Jewell is the Secretary of the Interior and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being designated the U.S. Scientific Authority and the U.S. Management Authority under CITES.  The allegations in the second sentence in paragraph 27 are a characterization of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

28.     With respect to the allegations in paragraph 28, Defendants admit that the U.S. Department of the Interior is an agency of the federal government and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being designated the U.S. Scientific Authority and the U.S. Management Authority under CITES.

29.     Defendants admit the allegations in the first sentence of paragraph 29.  With respect to the allegations in the second sentence of paragraph 29, Defendants admit that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority, which include certain measures affecting the importation of sport-hunted African elephant trophies from Zimbabwe.  Defendants deny any allegations in the second sentence of paragraph 29 that are inconsistent with this admission.  The allegations in the

third sentence of paragraph 29 are a characterization of Plaintiffs' case to which no response is necessary. To the extent a response is required, Defendants deny the allegations

30.    With respect to the allegations in paragraph 30, Defendants admit that FWS is a bureau within the U.S. Department of the Interior and that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority.

31.    With respect to the allegations in the first sentence of paragraph 31, Defendants admit that African elephants (*Loxodonta africana*) range across approximately 22% of the African continent; that they occur in 37 countries in sub-Saharan Africa; and that their distribution varies across West, Central, Eastern, and Southern Africa.  Defendants deny any allegations in the first sentence of paragraph 31 that are inconsistent with this admission.  With respect to the allegations in the second sentence of paragraph 31, Defendants admit that the majority of African elephants occur in Southern and Eastern Africa, and that Zimbabwe, Tanzania, South Africa, and Namibia are countries in these regions.  Defendants deny any allegations in the second sentence of paragraph 31 that are inconsistent with this admission.

32.    With respect to the allegations in the first sentence of paragraph 32, Defendants admit that the African elephant is listed as a threatened species under the ESA.  The allegations in the second and third sentences of paragraph 32 purport to characterize Appendices I and II of CITES, appendices to a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php.  The CITES Appendices speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of CITES Appendices I and II.

33.     The allegations in the first and second sentences of paragraph 33 characterize the May 12, 1978 final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978 Federal Register document.  With respect to the allegations in the third sentence of paragraph 33, Defendants admit, in part, that on May 12, 1978, FWS published a final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978 Federal Register document.  The remaining allegations in the third sentence of paragraph 33 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language and meaning of the FWS regulations.

34.     The allegations in the first sentence of paragraph 34 purport to characterize the February 20, 1990 final rule titled "Changes in List of Species Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 55 Fed. Reg. 5,847, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the February 20, 1990 Federal Register document.  The allegations in the second sentence of paragraph 34 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty.

35.     The allegations in the first, second, and fourth sentences of paragraph 35 purport to characterize the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992 Federal Register document.  The allegations in the third sentence of paragraph 35 in part, purport to characterize a CITES Resolution which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Resolution. The remaining allegations in the third sentence of paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

36.     The allegations in paragraph 36 purport to characterize the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992 Federal Register document.

37.     Defendants admit the allegations in the first sentence of paragraph 37.  The allegations in the second and third sentences of paragraph 37 characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

38. With respect to the allegations in the first sentence of paragraph 38, Defendants admit that the U.S. Scientific Authority, known then as the Division of Scientific Authority, issued general non-detriment advice covering sport-hunted trophies of African elephants lawfully taken on or after January 18, 1990 and originating from South Africa or Zimbabwe, and that some permits were issued during 1993 and 1994 for importation of sport-hunted African elephant trophies from South Africa and Zimbabwe.  Defendants deny any allegations that are inconsistent with this admission.  The allegations in the second sentence of paragraph 38 purport to characterize the March 9, 1995 Federal Register notice titled "Withdrawal of Proposed Guidelines on African Elephant Sport-hunted Trophy Permits," 60 Fed. Reg. 12,969, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Federal Register document.

39.    The allegations in the first sentence of paragraph 39 purport to characterize Appendices I and II of CITES, appendices to a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php.  The CITES Appendices speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of CITES Appendices I and II.  The allegations in the second and third sentences of paragraph 39 purport to characterize the November 12, 1998 Federal Register notice titled "Changes in the List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 63 Fed. Reg. 63,210, and the August 22, 1997 Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, Federal Register documents which speak for themselves and are the best

12

evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents.  The remaining allegations in the third sentence of paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

40.     The allegations in the first, second, and third sentences of paragraph 40 purport to characterize the August 22, 1997 Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, a Federal Register document which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 22, 1997 Federal Register document. The allegations in the fourth sentence of paragraph 40 purport to characterize the May 18, 2001 Federal Register Notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 66 Fed. Reg. 27,601, a document which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 18, 2001 Federal Register document.

41.     With respect to the allegations in the first sentence of paragraph 41, Defendants admit that the FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe, Namibia, South Africa, Botswana, and Tanzania when it has been able to make positive findings required under CITES and the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe, Namibia, South Africa, Botswana, and Tanzania.  Defendants deny any allegations in the first sentence of paragraph 41 that are inconsistent with this admission.  Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in the second sentence of paragraph 41, and on that basis deny the allegations. Because the Court has dismissed Plaintiffs' claims challenging FWS's findings related to the importation of sport-hunted African elephant trophies from Tanzania (Counts VI through VIII), *see* ECF No. 47, no response is required to the allegations in the third sentence of paragraph 41.

42.     Defendants deny the allegations in the first sentence of paragraph 42 and aver that CITES does not require African elephant range countries to establish quotas for African elephant sport-hunted trophies, though many countries commonly use such quotas as a management tool. With respect to the allegations in the second sentence of paragraph 42, Defendants admit that Zimbabwe set a 2014 quota with respect to one type of specimen of African elephants at 1,000 tusks as trophies from 500 animals. Defendants deny any allegations in the second sentence of paragraph 42 that are inconsistent with this admission.

43.     The allegations in the first sentence of paragraph 43 purport to characterize a press release, a document which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the press release. Defendants deny the allegations in the second sentence of paragraph 43 and aver that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that the FWS was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny the allegations in the third sentence of paragraph 43 concerning Zimbabwe and aver that on May 12, 2014, FWS published a notice in the Federal Register titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986. Defendants deny the allegations in the fourth sentence of paragraph 43 as vague and ambiguous.

44.     The allegations in the first and second sentences of paragraph 44 purport to characterize a FWS press release issued on April 4, 2014 and a FWS questions and answers document issued on April 4, 2014, documents that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014 FWS documents.

45.     The allegations in paragraph 45 purport to characterize a FWS press release issued on April 4, 2014 and a FWS questions and answers document issued on April 4, 2014, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014 documents.

46.     With respect to the allegations in the first sentence of paragraph 46, Defendants admit that on April 17, 2014 the Management Authority revised the April 4, 2014 finding that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophies are intended for import would enhance the survival of the species, primarily to clarify that the finding applied only to African elephants hunted on or after April 4, 2014.  Defendants deny the remaining allegations in the first sentence of paragraph 46.  With respect to the allegations in the second sentence of paragraph 46, Defendants admit that on April 18, 2014, Robert R. Gabel, Chief, Division of Management Authority emailed and called Nelson Freeman of Plaintiff SCI to communicate that the Management Authority revised its April 4, 2014 finding for Zimbabwe. Defendants deny any allegations that are inconsistent with this admission.  The allegations in the second sentence of paragraph 46, in part, also purport to characterize the April 18, 2014 email from Robert R. Gabel to Nelson Freeman and a voicemail message, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent

with the plain language, meaning, or context of these items. Defendants deny the remaining allegations in the second sentence of paragraph 46. The allegations in the third, fourth, and fifth sentences of paragraph 46 purport to characterize the April 18, 2014 email from Robert R. Gabel to Nelson Freeman, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of that email.

47.     The allegations in the first sentence of paragraph 47 purport to characterize an April 4, 2014 letter from Timothy J. Van Norman, Chief, Branch of Permits, Division of Management Authority  to Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014 letter from Timothy J. Van Norman to Director General Chidziya. Federal Defendants deny the allegations in the second sentence of paragraph 47 and aver that FWS staff met with Zimbabwe Parks and Wildlife Management Authority staff during the period between August 22, 1997 and April 4, 2014, where a variety of topics were discussed, including African elephants. Defendants deny the allegations in the third sentence of paragraph 47.

48.     With respect to the allegations in paragraph 48, Defendants admit that FWS received a April 17, 2014 cover letter from Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority to Timothy J. Van Norman, Chief, Branch of Permits, Division of Management Authority with an attachment, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 17, 2014 letter and attachment from Director General Chidziya to Timothy J. Van Norman.  Defendants aver that additional attachments

referenced in the attachment to the April 17, 2014 letter from Director General Chidziya to Timothy J. Van Norman, Chief, Branch of Permits were not received until received May 8, 2014.

49.     With respect to the allegations in the first sentence of paragraph 49, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014 Federal Register document. Defendants deny the allegations in the second and third sentences of paragraph 49.

50.     The allegations in the first and second sentences of paragraph 50 purport to characterize a May 12, 2014 Federal Register notice titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014 Federal Register document.

51.     The allegations in the first sentence of paragraph 51, in part, purport to characterize a May 12, 2014 Federal Register notice titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014 Federal Register document. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51, and on that basis deny the allegations.

52.     With respect to the allegations in the first sentence of paragraph 52, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to

determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species and that on July 23, 2014, FWS issued a press release that was also posted on its website that announced that it was unable to make a positive finding required under the ESA to allow import of African elephant trophies from Zimbabwe. These documents speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these documents.  With respect to the allegations in the second sentence of paragraph 52, Defendants admit that FWS posted the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) on its website.  The remaining allegations in the second sentence and the third sentence of paragraph 52 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014).

53.     With respect to the allegations in the first sentence of paragraph 53, Defendants admit that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 31, 2014 Federal Register document.   With respect to the allegations in the second sentence of paragraph 53, Defendants admit that FWS determined in July 2014 that it was unable make a positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe for the period beginning

April 4, 2014. Defendants deny any allegations in the second sentence of paragraph 53 that are inconsistent with this admission.

54.     The allegations in paragraph 54 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014).

55.     Defendants deny the allegations in the first sentence of paragraph 55. The allegations in the second sentence of paragraph 55 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and a 1997 finding, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and the 1997 finding.

56.     The allegations in the first and second sentences of paragraph 56 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014).

57.     Defendants deny the allegations in paragraph 57.

61.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, and on that basis deny the allegations. The allegations in paragraph 61 are vague and conclusory and also denied on that basis.

62.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62, and on that basis deny the allegations. The allegations in paragraph 62 are vague and conclusory and also denied on that basis.

63.     Defendants deny the allegations in the first clause of the first sentence of paragraph 63 as vague and conclusory. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 63, and on that basis deny the allegations.  The remaining allegations in paragraph 63 are vague and conclusory and also denied on that basis.

64.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, and on that basis deny the allegations.  The allegations in paragraph 64 are vague and conclusory and also denied on that basis.

65.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65, and on that basis deny the allegations. The allegations in paragraph 65 are vague and conclusory and also denied on that basis.

66.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, and on that basis deny the allegations.  The allegations in paragraph 66 are vague and conclusory and also denied on that basis.

67.     Defendants deny the allegations in the first sentence of paragraph 67 and aver that the FWS has not issued an "elephant importation ban."  Defendants aver that the FWS may not authorize the importation of African elephant trophies from Zimbabwe by anyone, including United States residents, unless it is able to make a positive enhancement finding required under the ESA.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 67, and on that basis deny

the allegations.  The allegations in the second sentence of paragraph 67 are vague and conclusory and also denied on that basis.With respect to the allegations in the first part of the third sentence of paragraph 67, Defendants deny that they have issued a "ban on U.S. importation of African elephants."  With respect to the remaining allegations in the third sentence of paragraph 67, Defendants admit that the FWS's ability or inability to make positive findings required under CITES and the ESA to allow import of African elephant trophies from Zimbabwe does not directly control the number of elephants taken in Zimbabwe each year, and deny any allegations inconsistent with this admission. Defendants deny the allegations in the fourth sentence of paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     The allegations in paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

70.     The allegations in paragraph 70 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

71.     The allegations in the first and third sentences of paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 71 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

72.     The allegations in the first and second sentences of paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the block quotation of paragraph 72 purport to characterize certain

provisions of the African Elephant Conservation Act of 1989 ("AECA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

73.     The allegations in the first sentence of paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 73 purport to characterize certain provisions of the AECA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

76.     The allegations in the first sentence of paragraph 76 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty.  With respect to the allegations in the second sentence of paragraph 76, Defendants admit that a meeting of the CoP is held every two to three years to review the implementation of the Convention.  Defendants admit that at these meetings, among other things, the CoP may consider and adopt Resolutions and Decisions to improve the effectiveness of the Convention.  To the extent that they are inconsistent with this admission and oversimplify the activities of the Parties at the CoP, Defendants deny the remaining allegations in the second sentence of paragraph 76.

77.     Defendants admit the allegations in paragraph 77.

78.     The allegations in paragraph 78 purport to characterize Appendices I and II of CITES, appendices to a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of CITES Appendices I and II.

79.     The allegations in paragraph 79 purport to characterize FWS regulations and CITES, regulations and a multilateral international treaty that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations or treaty.

80.     The allegations in paragraph 80 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

81.     The allegations in the first sentence of paragraph 81, in part, purport to characterize CITES and CITES Resolution Conf. 10.3, a multilateral international treaty and a document that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or Resolution. The remaining allegations in the first sentence of paragraph 81 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 81 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

82.     The allegations in the first sentence of paragraph 82, in part, purport to characterize CITES and CITES Resolution Conf. 10.3, a multilateral international treaty and a document that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or Resolution. The remaining allegations in the first sentence of paragraph 81 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     The allegations in the first, second, third and fifth sentences of paragraph 83 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of paragraph 83 purport to characterize the April 19, 2006 Federal Register document titled "Revision of Regulations for the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES)," 71 Fed. Reg. 20,168, a Federal Register document which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 19, 2006 Federal Register document.

84.     The allegations in paragraph 84 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

85.     The allegations in paragraph 85 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

86.     The allegations in the first sentence of paragraph 86 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in the first sentence of paragraph 86 and the remaining

allegations in the paragraph found in the block quotation purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

87.      Defendants deny the allegations in the first sentence of paragraph 87.  The allegations in the second sentence of paragraph 87 purport to characterize a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this Federal Register document. With respect to the allegations in the third sentence of paragraph 87, Defendants admit that on August 10, 1992 all African elephant populations were included in Appendix I, and otherwise deny the allegations in the third sentence of paragraph 87 as vague and ambiguous.   The allegations in the block quotation of paragraph 87 purport to characterize the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document; and CITES Resolution Conf. 2.11.  Both documents speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992 Federal Register document or the CITES Resolution Conf. 2.11. The allegations in the fifth sentence of paragraph 87 are conclusions of law to which no response is required and are otherwise denied as vague and conclusory. To the extent a response is required, Defendants deny the allegations.

88.      With respect to the allegations in the first sentence of paragraph 88, Defendants admit that at the Tenth Meeting of the CITES CoP in 1997, the Parties to CITES transferred the African elephant population of Zimbabwe from CITES Appendix I to CITES Appendix II, and

aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated African elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.   Defendants deny any allegations in the first sentence of paragraph 88 that are inconsistent with this admission. The allegations in the second and fourth sentences of paragraph 88 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the third sentence of paragraph 88, in part, purport to characterize CITES Resolution Conf. 2.11, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Resolution.   The remaining allegations in the third sentence of paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

89.    With respect to the allegations in the first part of the first sentence of paragraph 89, Defendants admit that the requirement that FWS make a finding that the killing of the animal whose trophy is intended for import would enhance the survival of the species was included in the African elephant special rule in the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS make a finding that the killing of the animal whose trophy is intended for import would enhance the survival of the species has not changed since the promulgation of the August 10, 1992 final rule.   The remaining allegations in the first sentence of paragraph 89 are conclusions of law to which no

26

response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 89.

91.     The allegations in paragraph 91 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

92.     The allegations in paragraph 92 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

93.     The allegations in paragraph 93 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in paragraph 93 purport to characterize certain provisions of the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language and meaning of the APA.

94.     All responses to allegations in the paragraphs above are incorporated herein by reference.

95.     In response  to the allegations in the first sentence of paragraph 95, Defendants admit that the FWS has authorized  the importation of African elephant trophies from Zimbabwe when it has been able to make positive findings required under CITES and the ESA to allow import of African elephant trophies from Zimbabwe, that on April 4, 2014, FWS issued a press release that was also posted on its website that announced that it was unable to make a positive finding required by the ESA to allow import of African elephant trophies from Zimbabwe.  Defendants deny the remaining allegations in the first sentence of paragraph 95.   With respect to the allegations in the second sentence of paragraph 95, Defendants admit that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophies are intended for import would enhance the survival of the

species; and that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species. Defendants deny the remaining allegations in the second sentence of paragraph 95.

96.      Defendants deny the allegations in the first sentence of paragraph 96. The second sentence of paragraph 96 contains conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence of paragraph 53, and aver that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species; that the July 17, 2014 finding superseded the April 4, 2014 finding and April 17, 2014 revised finding; and that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014 finding.  The Management Authority's July 17, 2014 finding (as revised on July 22, 2014), is a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014). With respect to the allegations in the fourth sentence of paragraph 96, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species; that the July 17, 2014 finding superseded the April 4, 2014 finding and April 17, 2014 revised finding; and that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014 finding.  The Management Authority's July 17, 2014 finding

(as revised on July 22, 2014), is a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014).

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     The first and second sentences of paragraph 99 are effectively prayers for relief to which no response is required. To the extent the first and second sentences of paragraph 99 may be deemed to require responses, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever.  Defendants deny the allegations in the third sentence of paragraph 99.

100.    All responses to allegations in the paragraphs above are incorporated herein by reference.

101.    Defendants deny the allegations in the first sentence of paragraph 101.  The allegations in the second sentence of paragraph 101 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

102.    Defendants deny the allegations in paragraph 102.

103.    The allegations in paragraph 103 purport, in part, to characterize the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992 Federal Register document.  Defendants deny the remaining allegations in the first sentence of paragraph 103.   The allegations in the second sentence of paragraph 103 purport to characterize the FWS's April and July enhancement findings for Zimbabwe, which speak for

themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the findings.

104.     Defendants deny the allegations in paragraph 104.

105.     Defendants deny the allegations in paragraph 105.

106.     Defendants deny the allegations in paragraph 106.

107.     All responses to allegations in the paragraphs above are incorporated herein by reference.

108.     Defendants deny the allegations in the first sentence of paragraph 108 and aver that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that the FWS was unable to make positive findings required under CITES and the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe and Tanzania.   Defendants deny the allegations in the second sentence of paragraph 108 as vague and conclusory.

109.     With respect to the allegations in paragraph 109, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986 and that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language and meaning of the May 12, 2014 Federal Register document or the July 31, 2014 Federal Register document. Defendants deny the remaining allegations in paragraph 109.

110.     Defendants deny the allegations in paragraph 110.

111.     Defendants deny the allegations in paragraph 111.

112.     Defendants deny the allegations in paragraph 112.

113.    All responses to allegations in the paragraphs above are incorporated herein by reference.

114.    Defendants deny the allegations in the first and third sentences of paragraph 114.  The allegations in the second sentence of paragraph 114 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA. The allegations in the fourth sentence of paragraph 114 are, in part, conclusions of law to which no response is required and are additionally denied as vague and conclusory.  The allegations in the fourth sentence of paragraph 114, in part, characterize the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992 Federal Register document.  With respect to the remaining allegations in the fourth sentence of paragraph 114, Defendants admit that on August 10, 1992 all African elephant populations were included in Appendix I.  Defendants deny any allegations in fourth sentence of paragraph 114 that are inconsistent with this admission.  Defendants deny the allegations in the fifth sentence of paragraph 114.  With respect to the allegations in the sixth sentence of paragraph 114, Defendants admit that the requirement that FWS make a finding that the killing of the animal whose trophy is intended for import would enhance the survival of the species was included in the African elephant special rule in the August 10, 1992 final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS make a finding that the killing of the animal whose trophy is intended for import would enhance

the survival of the species has not changed since the promulgation of the August 10, 1992 final rule. Defendants deny any allegation in the sixth sentence of paragraph 114 that is inconsistent with this admission. Defendants deny any remaining allegations in the first sentence of paragraph 89 as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the seventh and eighth sentences of paragraph 114.

115.    With respect to the allegations in the first sentence of paragraph 115, Defendants admit that the FWS has authorized the importation of African elephant trophies from Zimbabwe when it has been able to make positive findings required under CITES and the ESA to allow import of African elephant trophies from Zimbabwe, that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophies are intended for import would enhance the survival of the species; that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species; that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986; that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophies are intended for import would enhance the survival of the species; that the July 17, 2014 finding superseded the April 4, 2014 finding and April 17, 2014 revised finding; that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014 finding; and that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of

Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459. These documents speak for themselves and are the best evidence of their contents. Defendants deny any allegations in the first sentence of paragraph 115 that are inconsistent with this admission and with the plain language, meaning, or context of these documents. Defendants deny the allegations in the second sentence of paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    All responses to allegations in the paragraphs above are incorporated herein by reference.

120.    Defendants deny the first sentence of paragraph 120.  The allegations in the second sentence of paragraph 120 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and a 1997 finding, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and the 1997 finding.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

PRAYER FOR RELIEF

The remainder of Plaintiffs' Second Amended and Supplemented Complaint for Declarative and Injunctive Relief consists of Plaintiffs' Prayer for Relief, to which no response is required.   To the extent a response may be deemed to be required, Defendants deny that

Plaintiffs are entitled to the relief requested in their Second Amended and Supplemented Complaint for Declarative and Injunctive Relief or to any relief whatsoever.

GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' Second Amended and Supplemented Complaint for Declarative and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein.  To the extent that any allegation in Plaintiffs' Second Amended and Supplemented Complaint for Declarative and Injunctive Relief remain unanswered, Defendants deny such allegations.

Dated: January 12, 2015                     Respectfully submitted,

JOHN C. CRUDEN,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief

*Meredith L. Flax*
MEREDITH L. FLAX, Senior Trial Attorney
(D.C. Bar No. 468016)
ANDREA GELATT, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station. P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0404
Fax: (202) 305-0275
meredith.flax@usdoj.gov

***Counsel for Federal Defendants***

Of Counsel:
Holly Wheeler
Russell Husen
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.