**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> SALLY M. R. JEWELL, *et al.* <br><br> Defendants. | Civ. No. 14-cv-00670 (RCL) |

**SAFARI CLUB INTERNATIONAL'S AND NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR CERTIFICATION OF RULING**

Safari Club International and the National Rifle Association of America ("Safari Club and NRA") seek certification of the finality of the Court's dismissal of Counts IV, V, and VI of Safari Club's and NRA's Amended Complaint. (Dkt. 13).[1] Safari Club and NRA file this motion under authority of Fed. R. Civ. P. 54(b). On December 26, 2014, this Court dismissed Counts IV, V and VI for failure to state a claim. Safari Club and NRA seek to appeal that judgment at this time, rather than wait for the Court's ruling on the merits of the remaining claims of Safari Club and NRA's lawsuit.

Counts IV, V and VI relate solely to a decision made by Defendants Jewel *et al*. ("Federal Defendants") to ban importation of legally sport-hunted elephants from Tanzania. Safari Club and NRA's challenges to this decision are completely separate and distinct from Safari Club and NRA's claims challenging Federal Defendants' decision to ban the importation of elephants from Zimbabwe. Although Federal Defendants initially announced their decisions

---

[1] With leave of this Court, Safari Club and NRA subsequently filed a Second Amended Complaint (Dkt. 49) that changed the Tanzania count numbers to VI, VII, and VIII.

to ban importation from Tanzania and Zimbabwe on the same day, prompting Safari Club and NRA to challenge both importation bans in a single complaint, there is no direct relationship between Safari Club and NRA's challenges to the two decisions.  More importantly, this Court's ruling on Safari Club and NRA's failure to state a claim regarding the Tanzania importation ban was based primarily on the requirement that sport hunters apply for a permit before importing a legally hunted elephant from Tanzania -- a requirement not applicable to elephants harvested in Zimbabwe.  Because of that difference, nothing in the appeal of the Tanzania ruling will have any bearing on Safari Club and NRA's ongoing challenges to the Zimbabwe decisions.

Safari Club and NRA seek the right to appeal the portion of this Court's December 26, 2014 ruling that concerns Tanzania.  Because of the complete separation of the Tanzania claims, there is no just reason for a delay of the appeal of the Court's ruling.  For the reasons discussed in the Memorandum of Points and Authorities below, Safari Club and NRA respectfully request certification of the finality of this Court's decision on their Tanzania based claims.

In accordance with LCvR 7(m) Counsel for Safari Club and NRA contacted counsel for Federal Defendants before filing this Motion.  Federal Defendants oppose this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CERTIFICATION**

On May 16, 2014, Safari Club and NRA filed an Amended Complaint challenging two separate decisions – Federal Defendants' 1) decision to ban the importation of legally sport-hunted elephants from Zimbabwe and 2) decision to ban the importation of legally sport-hunted elephants from Tanzania.  Although Federal Defendants announced the importation ban decisions for both countries on the same day – April 4, 2014 – the decisions for Zimbabwe and Tanzania were based on different sets of facts and involved entirely separate decision-making

processes. Accordingly, Safari Club and NRA's Amended Complaint challenged the Tanzania decision in separate counts from the counts asserted with respect to their Zimbabwe based claims. Challenges to the Zimbabwe decision are in Counts I, II, and III of the Amended Complaint; challenges to the Tanzania decision are in Counts IV, V, and VI.

On December 26, 2014, this Court issued an Order and Opinion ("Opinion") dismissing Counts IV, V, and VI of the Amended Complaint only, based on its determination that Safari Club and NRA had not stated a claim upon which relief could be granted. (Dkt. 48). The Court determined that because the importation of elephants from Tanzania involve a permit application and approval process, no party could challenge Federal Defendants' decision to ban the importation of elephants from Tanzania until that party had first applied for a permit, had their application denied and then completed the entire administrative appeal process. In that same Opinion, the Court denied Federal Defendants' motions attempting to dismiss Safari Club and NRA's Counts I, II and III concerning a separate importation ban for Zimbabwe's elephants. The Court also denied Federal Defendants' motion seeking to prevent Safari Club and NRA from amending the Amended Complaint to address both Federal Defendants' April 4, 2014, and July 31, 2014 Zimbabwe decisions.

Fed. R. Civ. P. 54(b) authorizes a district court to certify the finality of its ruling on some but not all claims in litigation involving multiple claims. The Rule states, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Because this Court did not include a certification in its December 26, 2014 Order and Opinion, Safari Club and NRA file this motion to request that the Court exercise its authority to issue an

order certifying the finality of the decision. *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 3, (1980).

> To meet the demonstrated need for flexibility, the District Court is used as a 'dispatcher.' It is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal. This arrangement already has lent welcome certainty to the appellate procedure. Its 'negative effect' has met with uniform approval. The effect so referred to is the rule's specific requirement that for 'one or more but less than all' multiple claims to become appealable, the District Court must make both 'an express determination that there is no just reason for delay' and 'an express direction for the entry of judgment.' A party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made.

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-36 (1956). The U.S. Supreme Court has identified the criteria that a court must consider before granting a Fed. R. Civ. P. 54(b) motion including: 1) whether the judgment to be certified is final; 2) whether there is no just reason for delay; 3) whether the claims to be certified are separable from the claims still under consideration by the district court; and 4) whether the "nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 7-8; *see also HTC Corp. v. IPCom GMBH & Co., KG*, 285 F.R.D. 130, 131-32 (D.D.C. 2012). The district court should accompany its Rule 54(b) certification with a statement of reasons that explains its decision that the judgment should be deemed final for the purpose of appeal. *American Forest Resource Council v. Ashe*, 301 F.R. D. 14, 17 (D.D.C. 2014), *quoting Taylor v. FDIC,* 132 F.3d 753, 761 (D.C. Cir. 1997).

### The Tanzania Ruling Was Final

This Court's dismissal of Safari Club's and NRA's three counts addressing the Tanzania importation ban for failure to state a claim constitutes a final judgment. Although the Opinion

did not specify that the dismissal was "with prejudice," the Opinion did state that the "ruling dismisses the Tanzania claims entirely . . ." Opinion at 16 n. 5.  Courts in this and other jurisdictions recognize the finality of a dismissal based on failure to state a claim. *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 43 (D.D.C. 2012) ("A Rule 12(b)(6) dismissal serves as a final judgment on the merits for the purposes of claim preclusion.").  The finality applies whether or not the court expressly classified the dismissal as "with prejudice."

> Just because the dismissal here did not specify that it was a dismissal with prejudice does not make it otherwise. *See NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (a dismissal under Rule 12(b)(6) has preclusive effect even where it does not specify that it is a dismissal with prejudice because "the Supreme Court has clearly stated that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'")

*Fantasy Inc. v. La Face Records*, 1998 WL 916481 at *3 (E.D. Cal. Nov. 12, 1998); *Federated Dep't Stores Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981); *Persyn v. U.S.,* 935 F. 2d 69, 74 (5th Cir. 1991) ("Dismissal with prejudice under Rule 12(b)(6) is a decision on the merits and is a final judgment for purposes of appeal under 28 U.S.C. § 1291.").

A judgment is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7, *quoting  Sears, Roebuck & Co.*, 351 U.S. at 436.  In its December 26, 2014  Opinion, this Court made just that kind of ultimate disposition of Safari Club and NRA's Tanzania claims based on a determination that Safari Club and NRA failed to make a claim upon which relief could be granted.  The Court's dismissal of those claims constitutes a final judgment.

In addition to the legal ramifications, practical considerations support the finality of this Court's ruling.  Had they chosen to done so, Safari Club and NRA could have filed their challenges to the Tanzania importation ban in a lawsuit separate from the one asserting their challenges to the Zimbabwe importation bans.  Had Safari Club and NRA filed separate lawsuits,

5

the December 26, 2014 ruling would have ended the Tanzania case, and Safari Club and NRA could have then filed a notice of appeal as of right, without seeking this Court's certification.

## There is No Just Reason for Delaying An Appeal

In deciding whether to require litigants to postpone their appeal of dismissed claims in a case involving other ongoing claims, courts look to whether there is just reason for delay. District courts have "substantial discretion" in making this determination. *Intergraph Corp. v. Intel Corp.,* 253 F.3d 695, 699 (Fed. Cir. 2001). Courts must take into account the federal policy against piecemeal litigation and the need for judicial efficiency. *Curtiss-Wright*, 446 U.S. at 8. Courts must also consider whether an immediate appeal would be equitable. *Id.* All of these considerations weigh in favor of certification.

In its Opinion, this Court ruled that those who have not applied for an elephant importation permit from Tanzania and have not carried out the entire administrative process following the denial of a permit application cannot assert a claim against Federal Defendants for the Tanzania elephant importation ban. That permit process is not required for the importation of elephants from Zimbabwe. The portion of the Opinion dealing with the permit process has no impact on or relation to Safari Club and NRA's ongoing challenges to the Zimbabwe elephant importation ban. For this reason, forcing Safari Club and NRA to appeal all the claims together following resolution of the Zimbabwe claims would not achieve any significant judicial efficiency. The factual and legal issues related to the Tanzania appeal will still have to be briefed and argued separately from the Zimbabwe issues. As indicated above, Safari Club and NRA's Tanzania and Zimbabwe claims could have been brought as two separate actions. Separate appeals (if an appeal of the Zimbabwe matter ever becomes necessary) would not result in piecemeal litigation any more than would have been required if Safari Club and NRA had

chosen to bring two separate lawsuits -- one to challenge the Tanzania importation ban and another to challenge the Zimbabwe bans.

Finally, an immediate appeal of the Tanzania claims would be the most equitable solution for Safari Club and NRA. The Court's determination barring challenges to Federal Defendants' importation ban decision for Tanzania without completion of the permit and appeal process, applies not only to the 2014 Tanzania importation ban, but to importation bans that Federal Defendants may impose for 2015 and beyond. The December 26, 2014 Opinion stands as a legal obstacle to hunters and potential importers of elephants who wish to challenge additional bans imposed on the importation of elephants listed on CITES Appendix I. In addition, the ruling prohibits challenges by those affected by the bans, such as hunting outfitters and guides, who do not have any reason to apply for an importation permit, but are nevertheless harmed by Federal Defendants' importation ban decisions. Unless the District Court decision is reversed on appeal, issue preclusion, collateral estoppel, or at least stare decisis likely would prevent Safari Club and NRA from litigating the issue of their ability to bring such a claim in any challenge against any future Tanzania elephant importation ban or ban imposed on a CITES Appendix I elephant. *Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

Although Safari Club and NRA do not know whether Federal Defendants will initiate a 2015 ban on the importation of Tanzania elephants, Safari Club and NRA do know that Federal Defendants will be making a new decision concerning importation of elephants from Tanzania for 2015. "The findings for Tanzania are made on an annual basis. We will reevaluate the situation in Tanzania for elephant trophies taken in calendar year 2015." Suspension of Import

of Elephant Hunting Trophies Taken in Tanzania and Zimbabwe in 2014, Questions & Answers, http://www.fws.gov/international/pdf/questions-and-answers-suspension-of-elephant-sport-hunted-trophies.pdf.  Without a prompt resolution of their ability to challenge Tanzania importation bans without first completing the permit application and appeal administrative process, Safari Club and NRA will be deprived of the ability to challenge future bans.

### The Tanzania Claims Are Separable From the Ongoing Challenges to the Zimbabwe Elephant Importation Bans

There is no overlap between Safari Club and NRA's ongoing challenges to the 2014 Zimbabwe importation ban and the dismissed challenges to the Tanzania ban.  The importation of elephants from Tanzania requires an importation permit.  Permits are required for elephants that are listed on CITES Appendix I.  Tanzania's elephants are listed on CITES Appendix I.  The importation of elephants from Zimbabwe does not require an importation permit as Zimbabwe's elephants are listed on CITES Appendix II.  The claims that Safari Club and NRA wish to appeal concern elephants listed on Appendix I and not those listed on Appendix II.  The permit requirement for Tanzania lies at the heart of this Court's dismissal of Safari Club and NRA's Tanzania challenges and eliminates any potential overlap between Safari Club and NRA's Tanzania and Zimbabwe's claims.

### No Appellate Court Will Have to Decide the Same Issue More than Once

Because there is no overlap between the legal and factual issues relevant to the Zimbabwe and Tanzania claims (other than the date that the importation bans were announced), there will be no duplication in the preparation of the appeals of the different claims.  An appellate panel would not be required to familiarize itself with the Tanzania matters for the purpose of Safari Club and NRA's proposed appeal and then repeat the task for any potential subsequent appeal applicable to the Zimbabwe challenges.

## CONCLUSION

Safari Club and NRA's Tanzania claims were dismissed in their entirety on December 26, 2014. Those claims are distinct from the ongoing challenges Safari Club and NRA assert against Federal Defendants' importation ban on Zimbabwe's elephants. The jurisdictional basis of this Court's dismissal of Safari Club and NRA's Tanzania claims does not apply to the importation of elephants from Zimbabwe. No just reason would warrant a delay of the appeal of the Tanzania ruling until the merits of the Zimbabwe challenges are fully briefed, argued and ruled upon by this Court. Equity favors a finalization of the Tanzania ruling and an appeal to give those injured by the Tanzania importation ban the potential ability to challenge future Tanzania importation bans, if and when they occur.

For these reasons Safari Club and NRA ask this Court to make an express determination that there is no just reason for delay and an express direction for the entry of judgment of its ruling dismissing Counts IV, V, and VI of Safari Club and NRA's Amended Complaint. Safari Club and NRA respectfully request that this Court certify the finality of its December 26, 2014 Order and Opinion and make it possible for Safari Club and NRA to immediately notice an appeal of that judgment.

Dated this 21th day of January, 2015.

Respectfully submitted,
/s/Anna M. Seidman
Anna M. Seidman
D.C. Bar No. 417091
Douglas Burdin
D.C. Bar No. 434107
Jeremy Clare
D.C. Bar No. 1015688
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733

Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org
jclare@safariclub.org

*Counsel for Plaintiff*
*Safari Club International*

Christopher A. Conte (DC Bar No. 43048)
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*