**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAFARI CLUB INTERNATIONAL, *et al.*

Plaintiffs,

v.

SALLY M. R. JEWELL, *et al.*

Defendants.

Civ. No. 14-cv-00670 (RCL)

**[PROPOSED] ORDER**

It is hereby ORDERED that the parts of the Order and Opinion of December 26, 2014
("Opinion") (Dkt. 48) pertaining to Counts IV, V, and VI of Plaintiffs Safari Club International
and National Rifle Association of America's ("Safari Club and NRA") Amended Complaint
(Dkt. 13) are entered as a final judgment and certified as final pursuant to Fed. R. Civ. P. 54(b).

For the following reasons, the Court finds no just reason for delay of the appeal of its
ruling dismissing Counts IV, V, and VI of Safari Club and NRA's Amended Complaint (Dkt. 13)
for failure to state a claim upon which relief may be granted.

1. The December 26, 2014 Opinion constitutes this Court's final judgment on Counts
   IV, V, and VI of Safari Club and NRA's Amended Complaint (Dkt. 13).

2. Fed. R. Civ. P. 54(b) authorizes a district court to certify the finality of its ruling on
   some but not all claims in litigation involving multiple claims.  The Rule states, in
   pertinent part:

   > When an action presents more than one claim for relief—whether as a
   > claim, counterclaim, crossclaim, or third-party claim—or when multiple
   > parties are involved, the court may direct entry of a final judgment as to

1

> one or more, but fewer than all, claims or parties only if the court
> expressly determines that there is no just reason for delay.

3.  Because this Court did not include a certification in its December 26, 2014 Opinion, Safari Club and NRA filed a motion to request that the Court exercise its authority to issue an order certifying the finality of the decision as to the Tanzania claims. *See Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 3, (1980).

4.  The U.S. Supreme Court has identified the criteria that a court must consider before granting a Fed. R. Civ. P. 54(b) motion, including: 1) whether the judgment to be certified is final; 2) whether there is no just reason for delay; 3) whether the claims to be certified are separable from the claims still under consideration by the district court; and 4) whether the "nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 7-8; *see also HTC Corp. v. IPCom GMBH & Co., KG*, 285 F.R.D. 130, 131-32 (D.D.C. 2012).

5.  This Order constitutes the Court's statement of reasons that explains its decision that the judgment should be deemed final for the purpose of appeal. *See American Forest Resource Council v. Ashe*, 301 F.R. D. 14, 17 (D.D.C. 2014), *quoting Taylor v. FDIC,* 132 F.3d 753, 761 (D.C. Cir. 1997).

6.  The claims dismissed on December 26, 2014 are entirely separable from claims that Safari Club and NRA are currently pursuing in this Court. The dismissed claims concern a ban on the importation of sport-hunted elephants from Tanzania, and the ongoing claims concern a separate ban on the importation of sport-hunted elephants from Zimbabwe. Different requirements apply for the importation of elephants from the two different countries. The bans involve entirely separate decision-making

processes. This Court's December 26, 2014 ruling was based on a requirement for importation of elephants from Tanzania – obtaining an import permit from the U. S. Fish and Wildlife Service – that does not apply to importation of elephants from Zimbabwe.  The legal issues and arguments related to the motion to dismiss the Tanzania claims are different than those for the motion to dismiss the Zimbabwe claims.

7. According to Plaintiffs Safari Club and NRA, the fact that the Federal Defendants initially announced their decisions to ban importation from Tanzania and Zimbabwe on the same day prompted Safari Club and NRA to challenge both importation bans in a single complaint.  The Court sees no reason why Safari Club and NRA could not have brought separate actions challenging the two bans, which supports certification of the dismissed Tanzania claims for appeal.

8. No appellate court will have to decide the same legal and factual issue more than once even if there is a subsequent appeal of Safari Club and NRA's Zimbabwe claims.

9. Equity would be served by an immediate appeal of the December 26, 2014 Opinion as it relates to the claims involving importation from Tanzania, Claims IV, V, and VI of Safari Club and NRA's Amended Complaint. The Opinion's issue preclusion, collateral estoppel, and/or stare decisis impact provides an obstacle to individuals/entities who seek to challenge future importation decisions involving sport-hunted elephants from Tanzania.  For those same reasons, individuals such as guides and outfitters who are affected by the importation bans, but have no reason to

apply for importation permits will be prevented from challenging importation decisions regarding elephants from Tanzania.

Having satisfied the requirements of Fed. R. Civ. P. 54(b), I hereby CERTIFY the December 26, 2014 dismissal of Counts IV, V, and VI of Safari Club and NRA's Amended Complaint as a FINAL JUDGMENT.

Dated:

_____
ROYCE C. LAMBERTH
United States District Judge