**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>SALLY M. R. JEWELL, *et al.*<br><br>Defendants. | Civ. No. 14-cv-00670 (RCL) |

**REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF RULING BY SAFARI CLUB INTERNATIONAL AND NATIONAL RIFLE ASSOCIATION OF AMERICA**

In moving to certify for an immediate appeal of this Court's ruling dismissing claims related to importing sport-hunted elephants from Tanzania, Safari Club International and the National Rifle Association of America ("Safari Club and NRA") explained, among other things, that (1) their claims related to Tanzania are completely separate and distinct from their claims challenging Federal Defendants' decision to ban the importation of elephants from Zimbabwe, (2) this Court's ruling on the Tanzania claims was based primarily on the requirement that sport hunters apply for a permit before importing sport-hunted elephants from Tanzania – a requirement not applicable to the importation of elephants from Zimbabwe, and (3) there is no just reason for delaying the appeal of the Tanzania claims. Safari Club and NRA thoroughly addressed each of the factors courts consider in determining whether to certify a ruling:

(1) whether the judgment to be certified is final;
(2) whether there is no just reason for delay (including whether an immediate appeal would be equitable);
(3) whether the claims to be certified are separable from the claims still under consideration by the district court; and

(4) whether the "nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals."

Mot. to Certify at 4-8, Dkt. 53, citing *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7-8 (1980).  In their Opposition, Federal Defendants essentially made two arguments: (1) if this Court certifies the ruling, the Court of Appeals and this Court will be litigating the rulemaking issue at the same time, Oppos. at 3-4, Dkt. 59; and (2) there is nothing exceptional about the fact that the dismissal of the Tanzania claims will have an inequitable impact on likely challenges to a 2015 Tanzania import ban.  *Id.* at 4-5.  Federal Defendants do not dispute or argue the first, third, and fourth *Curtiss-Wright* factors.  *See id.* at 1 ("Federal Defendants do not dispute that the Court's ruling is final as to Plaintiffs' Tanzania claims."), 3-5 (arguing only the "just reason for delay" factor).  In their opposition, Federal Defendants fail to rebut Safari Club and NRA's showing that there is no just reason for delay.[1]

Federal Defendants first argue that Safari Club and NRA "have glossed over the substantial factual and legal overlap between their claims challenging the [U.S. Fish and Wildlife Service's ("Service")] 2014 findings for the two countries." Oppos. at 3.  In making this statement, Federal Defendants misunderstand what is at issue with this motion.  It is not whether the Zimbabwe and Tanzania merits claims share some factual and legal similarities.  Instead, the key factor is whether the factual and legal issues the Court of Appeals will consider will overlap

---

[1] Federal Defendants assert that "[t]he granting of a Rule 54(b) motion should be reserved for 'exceptional cases.'"  Oppos. at 2.  While "sound judicial administration does not require that Rule 54(b) requests be granted routinely," *Curtiss-Wright,* 446 U.S. at 10, the court still must fulfill its role as the "'dispatcher'; that is, it is then that the court must 'determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal.'" *Bldg. Indus. Ass'n of Superior California v. Babbitt*, 161 F.3d 740, 744 (D.C. Cir. 1998), *citing Curtiss-Wright,* 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435 (1956)).  Here, Safari Club and NRA have demonstrated that this case satisfies the standards for certifying for immediate appeal the dismissal of the Tanzania claims.

the factual and legal issues still before the District Court. They will not. If this Court certifies its ruling, the Court of Appeals will consider whether this Court correctly determined that the 2014 Tanzania findings qualified as a final agency action such that Safari Club and NRA stated a cause of action. Because this Court never reached the ***merits*** of Safari Club and NRA's Tanzania claims, the merits of those claims – for which the Federal Defendants claim overlap with the merits of the Zimbabwe claims – will not be before the Court of Appeals. The questions resolved by this Court, and that will be addressed by the Court of Appeals, relate to (1) the finality of the Tanzania findings in light of the requirement to obtain an import permit for sport-hunted elephants from Tanzania, and (2) whether resort to that administrative process would be futile. Memorandum Opinion ("Mem. Op.") at 12, Dkt. 48 ("the Tanzania finding is not final agency action because plaintiffs have not exhausted their administrative remedies by not applying for an import permit."). These two questions simply are not at issue in Safari Club and NRA's Zimbabwe claims because, as the Court and Federal Defendants have acknowledged, an import permit is not required for importing a sport-hunted elephant from Zimbabwe. Mem. Op. at 4; Oppos. at 3.[2]

Federal Defendants focus on this Court's reference to rulemaking and the *Marcum* case in dismissing Safari Club and NRA's Tanzania claims. Oppos. at 3-4, *citing Marcum v. Salazar*, 810 F. Supp. 2d 56, 71 (D.D.C. 2011) *vacated and remanded*, 694 F.3d 123 (D.C. Cir. 2012). In so doing, Federal Defendants gloss over and confuse the various rulemakings at issue. Safari Club and NRA's rulemaking challenges involving Zimbabwe are not the same as their

---

[2] Federal Defendants also essentially conceded the irrelevance to this motion of the alleged similarities between Safari Club and NRA's Zimbabwe and Tanzania claims concerning the Service's improper requirement of enhancement findings before individuals can import sport-hunted trophies. *See* Oppos. at 3 n.1 (mentioning this issue but not arguing it affects the motion before the Court).

rulemaking challenges involving importation decisions for Tanzania.  The rulemaking issue in the *Marcum* case, and discussed by this Court in its Memorandum Opinion, concerned whether the processing of a permit application to import an Appendix I species is a rulemaking or an adjudication.  Mem. Op. at 13 ("this Court held that the Service's process of issuing import permits is an adjudication and not a rulemaking." *Citing Marcum,* 810 F. Supp. 2d at 71.)  The rulemakings at issue in Safari Club and NRA's Zimbabwe claims do not (and cannot) have anything to do with the issuance of permits.  Instead, Safari Club and NRA's Zimbabwe claims address whether the Service had to conduct rulemaking when it reversed its position for the first time in almost two decades on whether the importation of elephants from Zimbabwe enhances the survival of elephants.  As Safari Club and NRA's challenges for Zimbabwe concern entirely different types of rulemakings and legal issues, there can be no concern that the Court of Appeals will be tasked with resolving the same legal issue regarding rulemakings as the District Court will have to resolve.

Safari Club and NRA also argued that an immediate appeal of the Tanzania claims would be equitable because the Court's ruling "stands as a legal obstacle to hunters and potential importers of elephants who wish to challenge additional bans imposed on the importation of elephants listed on CITES Appendix I."  Mot. to Certify at 7-8.  In response, Federal Defendants acknowledge that "this may be true …."  Oppos. at 4.  Federal Defendants then argue that the fact that a "Court's adverse decision has consequences for Plaintiffs is unremarkable" and does not create "one of the 'exceptional cases'" justifying certification.  *Id.*  But the situation facing Safari Club and NRA is not commonplace.  Here, the agency makes *yearly* findings that have significant impacts on members of the hunting community, including those who want to hunt an elephant in Tanzania (and thus support conservation of the species) and those who provide

4

services related to elephant hunting. In most other cases, the plaintiffs are not challenging an agency action that is reconsidered each year, and/or where the decision before the Court will affect those who might want to challenge the next year's decision. This factor is one of many that demonstrates that Safari Club and NRA are entitled to certification. *See Am. Forest Res. Council v. Ashe*, 301 F.R.D. 14, 18-19 (D.D.C. 2014) (analyzing several factors, including "the equities involved," before certifying claims for appeal under FRCP 54(b)).

Next, Federal Defendants ask the Court to penalize Safari Club and NRA for bringing their Zimbabwe and Tanzania claims in a single lawsuit. Oppos. at 5.[3] Although Safari Club and NRA could have brought two separate lawsuits, it combined the separate claims into a single lawsuit because all of their claims relate to African elephants and because Federal Defendants chose to announce the two challenged actions on the very same day and consolidated their communications to the public on the two decisions. The Court should reject Federal Defendants' attempt to penalize Safari Club and NRA for their attempt to efficiently litigate these claims.[4]

Finally, Federal Defendants never address what efficiencies would be achieved by

---

[3] In support of this argument, Federal Defendants inaptly quote *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). Oppos. at 4-5. This case interpreted 28 U.S.C. § 1291(a)(1), the statute that governs interlocutory appeals relating to injunctions, where different factors are at issue. *See Carson,* 450 U.S. at 84 ("For an interlocutory order to be immediately appealable under § 1292(a)(1), however, a litigant must show more than that the order has the practical effect of refusing an injunction."); *see also Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 153-57 (E.D.N.Y. 1999) (discussing in detail FRCP 54(b) and 28 U.S.C. § 1291(a)(1)). Nothing in *Carson* suggests that the quoted language applies to resolving motions under FRCP 54(b) to certify final decisions on one or more but less than all the claims in a case.

[4] Federal Defendants also suggest that Safari Club and NRA could address the issue identified by the Court by locating a member who has been denied a permit for Tanzania. Oppos. at 5. This argument invokes one of the issues on appeal – whether only those members who have applied for and been denied a permit can bring a claim challenging the Tanzania import ban. Safari Club and NRA seek to resolve this very question in their appeal of this Court's ruling, clearing the way to continue their claims on the merits, not to mention being able to challenge subsequent Tanzania import bans in 2015 and beyond. Safari Club and NRA should not have to concede their major argument on appeal.

forcing Safari Club and NRA to postpone the appeal of this Court's dismissal of the Tanzania claims until the Court resolves the Zimbabwe claims on the merits.  There are none.  Regardless of when the appeal occurs, the Court of Appeals will have to resolve the finality and exhaustion of administrative remedies issues regarding the Tanzania claims, and this Court will have to decide on the merits the distinct claims regarding Zimbabwe.  Regardless of *when* the Court of Appeals reverses this Court's ruling on Tanzania (assuming that is what it does), this Court will have to subsequently resolve Safari Club and NRA's Tanzania claims on the merits.  Delaying the appeal of the dismissal of the Tanzania claims will simply delay the final resolution of these claims.  This will act to the detriment of Safari Club and NRA but will not create any efficiencies.[5]

     For these reasons and those set out in their motion, Safari Club and NRA ask this Court to make an express determination that there is no just reason for delay and an express direction for the entry of judgment of its ruling dismissing Counts IV, V, and VI of Safari Club and NRA's Amended Complaint.

Dated this 17th day of February, 2015.

                            Respectfully submitted,
                            /s/Anna M. Seidman
                            Anna M. Seidman
                            D.C. Bar No. 417091
                            Douglas Burdin
                            D.C. Bar No. 434107
                            Jeremy Clare
                            D.C. Bar No. 1015688
                            501 2nd Street NE
                            Washington, D.C.

---

[5] To the extent there is any overlap of claims or legal issues in these various possible proceedings, which Safari Club and NRA do not anticipate, the doctrines of res judicata, collateral estoppel, and law of the case should help avoid any duplicative litigation. *See Nattah v. Bush*, 770 F. Supp. 2d 193, 200-01 (D.D.C. 2011) (discussing these principles).

Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org
jclare@safariclub.org

*Counsel for Plaintiff*
*Safari Club International*

Christopher A. Conte
D.C. Bar No. 43048
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*