SAFARI CLUB INTERNATIONAL, *et al.* v. SALLY M. R. JEWELL, *et al.*

SAFARI CLUB INTERNATIONAL AND NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION TO COMPEL SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD AND TO ADMIT EXTRA-RECORD EVIDENCE

Case No.: 14-cv-00670 (RCL)

Exhibit M



*282 FW 5*

*Compiling a Decision File and an Administrative Record*

Supersedes Director's Order 158, 09/04/03
Date:  March 2, 2007
Series: Records Management
Part 282:  Records Management Program
Originating Office: Division of Policy and Directives Management

**PDF Version**

**5.1 What is the purpose of this chapter?** This chapter steps down and supplements the Department of the Interior's guidance for compiling decision files and administrative records.

**5.2 What is the scope of this chapter?** All Service employees who are responsible for Service decisions and establishing an administrative record must follow the guidance in Exhibit 1, Memorandum from the Department of the Interior Office of the Solicitor to the Director, Standardized Guidance on Compiling a Decision File and an Administrative Record, June 27, 2006.

**5.3 What is the authority for this chapter?** The authority for this chapter is the Administrative Procedure Act (5 U.S.C. 552).

**5.4 What is a decision file and why is it important?**

**A.** A decision file:

**(1)** Is compiled and maintained by an employee during the decisionmaking process. Typically, the employee who compiles the file is the program manager, project manager, or a designated staff member who has access to the relevant documents used to make and detail the development of a decision.

**(2)** Contains the complete "story" of our decisionmaking process.

**(3)** Includes important, substantive information that people involved in the decision used, relied on, or that was reasonably available or presented to them when making the decision.

**(4)** Makes it easier for employees to compile the administrative record if we need to do so.

**(5)** Establishes that we complied with relevant statutory, regulatory, and agency requirements.

**(6)** Demonstrates that we followed a reasoned, decisionmaking process.

**(7)** May also be called a case, action, agency, official, or issue file.

**B.** Following are examples of a few, but not all, actions for which employees should keep decision files:

**(1)** Permit decisions.

**(2)** Listing and critical habitat decisions.

**(3)** Drafting and amending regulations.

**(4)** Policy decisions.

**(5)** Freedom of Information Act requests.

**(6)** Adverse personnel actions.

**(7)** Land acquisition decisions.

**5.5 What is an administrative record?**

**A.** If a Service decision is challenged in court, the court may ask us to provide an administrative record.

**B.** We must begin to prepare the administrative record by using the decision file.

**C.** The administrative record:

**(1)** Is the paper trail that documents the Service's decisionmaking process and the basis for any final Service decision.

**(2)** Is the documentation used to support Service decisions and to reveal the reason for both the decision and the decisionmaking process.

**(3)** Documents not only the decisions and involvement of employees, but also the decisions of contractors and involvement by outside parties related to Service decisionmaking.

**5.6 Why is an administrative record important?** These are the records that a judge reviews to determine if our final decision is legally sufficient and supportable. An incomplete record may:

**A.** Improperly or incorrectly skew our final decision about an issue,

**B.** Invite litigation after the decision,

**C.** Affect our ability to defend the decision if we are challenged in court, and

**D.** Call into question accuracy of the decision and the decisionmaking process.

**5.7 How does the Service determine what documents to include in the administrative record?** We:

**A. Follow the guidance in [Exhibit 1](Exhibit 1).** The guidance gives specific examples of what to include in the record.

**B. Work with the Solicitors Office to determine what statutes and regulations apply to the administrative record**. Though the Administrative Procedure Act generally applies to all Service decisionmaking, there may be specific records requirements in authorizing statutes that also impact the process. You should become familiar with the records requirements in any statute that affects the

decision that your administrative record documents. For example, the Comprehensive Environmental Response, Compensation, and Liability Act ([42 U.S.C. 9601](#)) and the Clean Air Act ([42 U.S.C. 7607](#)) both have specific records requirements for decisions made under those statutes.

**C. Coordinate and consult with other people in the Service and the Department.** If asked to prepare an administrative record, contact all other Service and Department employees involved in the decisionmaking process and ask them to search all files (including electronic files) related to the decision and decisionmaking process, including, but not limited to:

**(1)** Central program files,

**(2)** Working files kept at their desks,

**(3)** Calendars,

**(4)** Documents they received as courtesy copies,

**(5)** Handwritten notes,

**(6)** Electronic mail, and

**(7)** Any other record of electronic communications related to the decision.

**5.8 What types of records should be in the administrative record?**

**A.** All records (see [section 5.7C](#)) that people involved in the decision used or that were available to them when they were making the decision.

**B.** Records that relate to the substance or procedure of making the decision (see pages 6-7 of [Exhibit 1](#) for examples).

**C.** All pertinent records regardless of whether they favor the decision that we made, favor alternatives other than the decision made, or express criticism of the decision. Never withhold records just because they may not support the decision.

**5.9 May Service employees remove pertinent records from the administrative record?** No, employees must include all records related to the decisionmaking process. Before submitting the administrative record to a court and after getting approval from the Office of the Solicitor and the Department of Justice attorney assigned to the case, the Service or Regional Records Officer may remove or redact records on the basis of privilege.

**A.** The removal or redaction of records on the basis of a privilege may be challenged, and the court may determine whether the removal or redaction is appropriate (for example, a judge may perform an 'in camera' or 'in chambers' inspection in his or her office to determine if the records should be removed or redacted).

**B.** The Service or Regional Records Officer or Regional Solicitor must document the removal or redaction of records**.** Attach a list of any records removed or redacted on the basis of privilege. At a minimum, the list should include:

**(1)** Document number,

**(2)** The name of the document and a brief description,

**(3)** Number of pages

**(4)** Author(s),

**(5)** Date, and

**(6)** Privilege (if one is claimed).

**5.10 What types of records are generally not included in the administrative record?** We generally do not include (also see Exhibit 1, pages 8-10):

**A.** Records that are not relevant to the decisionmaking process, such as fax cover sheets (unless the fax cover sheets, for example, contain substantive (opinions/actions) related to the decisionmaking).

**B.** Documents that were not in our possession at the time we made the decision.

**C.** Electronic communications, including emails, that do not contain factual information or information that documents the decisionmaking process.

**D.** Personal notes, journals, and appointment calendars maintained solely for personal use and not circulated to colleagues or added to the agency file.

**E.** Drafts of documents where the differences among them reflect minor editing changes. Minor editing changes are changes that do not substantively affect the meaning, decision, or intent of any record that is part of the decisionmaking process. However, you must include drafts that have hand-written notes showing the evolving decisionmaking process.

**5.11 Who certifies the administrative record?** The certifier signs a statement, under penalty of perjury, swearing to the authenticity and completeness of the record (see Appendix 3 of the Department's guidance in Exhibit 1). The Service Records Officer certifies the administrative record for Headquarters programs involved in litigation. For programs involved in litigation in the Regions, the Regional Records Officer or the employee who is most familiar with how we prepared the administrative record certifies the record. Employees may contact the Service Records Officer with questions about who should certify the record for cases in their Regions.

**5.12 What is required for the certification of the administrative record presented to the court?** Those doing the review and certification of the administrative record should be given adequate time to review the record. The program should provide the following to the person certifying the administrative record for the court:

**A.** A copy of all individual records that compose the administrative record.

**B.** A copy of the index of the administrative record.

**C.** A list of any documents withheld on the basis of privilege or removed because they are not pertinent to the record (see section 5.9B).

**5.13 What is the potential outcome of an improperly prepared administrative record?** As mentioned in section 5.6, in the event of litigation an incomplete administrative record may cause the court to grant a plaintiff's motion to supplement the record and/or overturn the Service's decision. The court may do so for the following reasons:

**A.** The record does not adequately explain our action.

**B.** There is evidence that we failed to consider all relevant material.

**C.** We considered evidence that we did not include in the record.

**D.** The case is very complex and the court needs additional information to understand the decision.

**E.** The case involves a failure to take action.

**F.** The case involves a preliminary injunction where the court may relieve the plaintiff from some action or penalty because the record does not support it.

**5.14 Who should Service employees contact if they have questions?** If you have a question about administrative record requirements, contact the Service Records Officer, the Solicitor's Office that serves your Region, or your Regional Litigation Coordinator.

---

*For information on the content of this chapter, contact the Service Records Officer in the Division of Policy and Directives Management (PDM). For more information about this Website, contact Krista Holloway in PDM at Krista_Holloway@fws.gov.*

---

Directives Home

PDM Web sites: Centralized Library of Servicewide Policies | FWS Forms | PDM Services

Privacy, Disclaimer and Copyright Information | Information Quality Act

U.S. Fish and Wildlife Service Home Page | Department of the Interior  | USA.gov  |
About the U.S. Fish and Wildlife Service  | Accessibility  | Privacy  | Notices  | Disclaimer  | FOIA