IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-cv-00670-RCL |
| v. ) | |
| ) | |
| **S.M.R. Jewell,** in her official capacity as ) | |
| Secretary of the United States Department of ) | |
| Interior, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| **Friends of Animals**, *et al.*, ) | |
| ) | |
| Defendant-Intervenors. ) | |

## OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD AND TO ADMIT EXTRA-RECORD EVIDENCE

This case involves a challenge to the U.S. Fish and Wildlife Service's ("Service") interim finding in April 2014 and final finding in July 2014 that the killing of African elephants in Zimbabwe, for purposes of garnering sport-hunted elephant trophies for import, would not enhance the survival of the species. *See* 50 C.F.R. § 17.40(e)(3)(iii)(C); *see* Order, ECF No. 48 at 6 (Dec. 26, 2014). Plaintiffs now move the Court to consider two emails from 2002 either as part of the record for one or both of these two findings, or as extra-record information. *See* Motion to Compel ("Mot."), ECF No. 64.  However, the Service did not consider either of the two emails directly or indirectly in making the Zimbabwe findings at issue, *see* Decl. of Timothy Van Norman, Chief, Branch of Permits, Division of Management Authority ("Van Norman Decl.") (attached hereto as Exhibit 1) at ¶ 13, so they are not properly part of the administrative records in this case. Plaintiffs acknowledge this fact for one of the emails (the Stromayer email), but

1

move to supplement the record with that email on the basis that it shows Federal Defendants failed to consider a relevant factor and therefore should properly be considered as extra-record information. That email, however, contains unsubstantiated, now-stale data that is not relevant to the Service's two Zimbabwe findings for 2014. Plaintiffs contend that the other email (the Van Norman email) is properly part of the July record, or alternatively that it should be considered as extra-record information. That email, however, pertains primarily to permits to import leopards from Zimbabwe, not elephants, and the scant reference in the email to elephants is not relevant. Plaintiffs also have not identified any basis for the Court's consideration of the Van Norman email as extra-record information. For these reasons, as explained more fully below, the emails should not be added to the records considered in this litigation, and Plaintiffs' motion should be denied.

## BACKGROUND

Judicial review of Plaintiffs' causes of action is governed by the record review principles embodied in the Administrative Procedure Act ("APA"). Under the APA, a court's review of a challenged agency action or decision is based on the agency's administrative record. *See* 5 U.S.C. § 706. Federal Defendants lodged the certified index for the administrative record for the Service's April 4, 2014 Zimbabwe finding on August 8, 2014, ECF No. 35. In response to Plaintiffs' requests for supplementation, Federal Defendants supplemented that record index in August. *See* ECF No. 39.[1] In July 2014, the Service produced a final 2014 finding for Zimbabwe that superseded the interim April finding. Under the Court's scheduling order, ECF No. 56,

---

[1] As Plaintiffs note, Federal Defendants inadvertently filed a certified index that does not include the entire April record. *See* Mot. at 6 n.2. We agree with Plaintiffs that the April record contains 230 documents. Once the Court has resolved Plaintiffs' Motion, Federal Defendants will refile the certified index for both the July and April 2014 records.

Federal Defendants filed the certified index for the July 2014 Zimbabwe finding in February 2015. ECF No. 60.

As Plaintiffs detail in their Motion, after they received the April record and again after they received the July record, Plaintiffs requested that Federal Defendants include additional documents Plaintiffs received in response to FOIA requests as part of the administrative records. After several discussions and correspondences, Plaintiffs withdrew some of their requests and Federal Defendants agreed to supplement the records with others, but the parties remained at odds over two emails from 2002. These are attached to Plaintiffs' Motion as exhibits A (Van Norman email) and B (Stromayer email). ECF Nos. 64-2, 64-3. Plaintiffs move to include the Van Norman email as part of the record, or alternatively as extra-record information, and the Stromayer email as extra-record information.

## **STANDARD OF REVIEW**

Judicial review under the APA is "highly deferential" and "presumes agency action to be valid." *Ethyl Corp. v. EPA*, 541 F.2d 1, 34 (D.C. Cir. 1976) (citations omitted). The reviewing court's role is limited to "exercising our narrowly defined duty of holding agencies to certain minimal standards of rationality." *Id.* at 36. When a court is reviewing final agency action under the APA, its review is based on "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The administrative record includes those materials that were "before the agency at the time the decision was made." *Envtl. Def. Fund v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). The administrative record "should not include materials that were not considered by agency decisionmakers." *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citations omitted).

Indeed, the Supreme Court has admonished that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *accord Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) (noting that the court must evaluate the decision of the agency based on "the full administrative record that was before the Secretary at the time he made his decision"). When an agency has compiled the administrative record and certified that it is complete, that certification is entitled to a "strong presumption of regularity." *Cape Hatteras Access Pres. Alliance v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (C.J. Lamberth). To that end, supplementation of the administrative record "is the exception[,] not the rule." *Motor & Equip. Mfrs. Ass'n v. EPA*, 627 F.2d 1095, 1104 n.18 (D.C. Cir. 1979). As this Court has colorfully put it, "[a] court that orders an administrative agency to supplement the record of its decision is a rare bird." *Cape Hatteras*, 667 F. Supp. 2d at 112. "A plaintiff cannot merely assert … that materials were relevant or were before an agency when it made its decision … [i]nstead, the plaintiff "must identify reasonable, *non-speculative grounds* for its belief that the documents were *considered* by the agency and not included in the record." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) (C.J. Lamberth) (citations omitted).

With regard to documents that are outside of the administrative record, the D.C. Circuit has identified four instances in which it may be appropriate to accept a plaintiff's extra-record evidence, namely where "the agency failed to examine all relevant factors or to adequately explain its grounds for decision, or that the agency acted in bad faith or engaged in improper behavior in reaching its decision." *IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997).[2]

---

[2] As Plaintiffs acknowledge, of the eight *Esch v. Yeutter* exceptions, the D.C. Circuit only consistently recognizes four. Mot. at 18 (discussing *Esch*, 876 F.2d 976, 992 (D.C. Cir. 1989)). *See Oceana v. Locke*, 674 F. Supp. 2d 39, 44 (D.D.C. 2009) (explaining that *Esch*'s discussion of

## **ARGUMENT**

The Service has compiled the administrative records in this matter and certified that they are complete. *See* ECF Nos. 39, 60. The Service's certification is entitled to a "strong presumption of regularity." *Cape Hatteras*, 667 F. Supp. 2d at 114; *see also Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) (noting same). Indeed, an agency is presumed to have "properly designated the administrative record absent clear evidence to the contrary." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 288 (D.D.C. 2011) (citations omitted); *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties") (citations omitted); *see also Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993).

Notwithstanding the well-established principle that judicial review should be limited to what the agency actually considered at the time of its decision and the Service's representation that it did not consider the Van Norman email in making the July Zimbabwe finding in connection with this case (*see* Van Norman Decl. ¶¶ 13, 16), Plaintiffs nonetheless seek to compel the addition of the Van Norman email because they contend that Mr. Van Norman's "authorship" of the email in 2002, means that he necessarily considered it in making his decision in 2014. Mot. at 15. For the Stromayer email, Plaintiffs concede that it is not part of the record, but despite its age and other flaws that render it irrelevant, they seek extra-record consideration of it as highlighting a factor not considered by the Service in its findings. As explained below,

---

eight exceptions to the general rule regarding consideration of extra-record evidence was *dicta*); *Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150, 157 (D.D.C. 2012).

Plaintiffs have fallen far short of the high bar for showing either that the agency considered the Van Norman email, and thus that it is properly part of the administrative record, or that either of the two emails should be accepted as extra-record materials.

**1.      The Service did not consider the Van Norman email in making its 2014 Findings and therefore it is not part of the record.**

To meet their burden to overcome the presumption of regularity and to succeed in having documents added to an agency's administrative record Plaintiffs must "identify reasonable, non-speculative grounds for [their] belief that the documents were considered by the agency and not included in the record." *Sara Lee Corp.*, 252 F.R.D. at 34 (citation omitted) ("Plaintiff cannot merely assert that other relevant documents were before the [agency] but were not adequately considered. … Instead, plaintiff must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record. … Finally, plaintiff must do more than imply that the documents at issue were in the [agency's] possession. … Rather, plaintiff must prove that the documents were before the actual decisionmakers involved in the determination.") (citations and quotations omitted); *accord Midcoast Fishermen's Ass'n v. Gutierrez*, 592 F. Supp. 2d 40, 44 (D.D.C. 2008) (noting same); *Pac. Shores*, 448 F. Supp. 2d at 6 (noting same).

Plaintiffs have failed to meet this burden, as they have not produced any evidence, much less concrete evidence, that the Van Norman email was "before the actual decisionmakers" when the Service decided to issue the finding. In fact, the available evidence proves the opposite, namely that the Service, as attested by the Service's Chief of the Branch of Permits, Mr. Van Norman himself, did not consider his 2002 email in making the Zimbabwe findings. *See* Van Norman Decl. ¶ 13, 16. Plaintiffs' motion to compel supplementation of the administrative record should be denied for this reason alone. *See Pac. Shores*, 448 F. Supp. 2d at 4 (noting that

the administrative record "should not include materials that were not considered by agency decisionmakers") (citations omitted). Moreover, that Mr. Van Norman did not consider his own, 2002 email is not surprising, as it primarily addresses Zimbabwe leopard permits. *See* Mot. Ex. A. The only mention in the email of elephants is a statement that Mr. Van Norman was preparing a notice for the Federal Register that would "state that [the Service] does not know at this time whether [it] would be able to issue permits for leopards or allow elephant imports next year." *Id.* The email also says that the notice will "go through the proper channels." *Id*. This scant reference to the Service's plans to include a statement about elephant imports in the context of a Federal Register notice otherwise about leopard imports says nothing about whether "a lack of information could not justify an importation ban and that publication in the Federal Register would be required" as Plaintiffs contend, Mot. at 11. To the contrary, as Mr. Van Norman explains, "[w]hile the email did mention the development of a Federal Register notice, no notice was ever drafted or published and therefore was not relevant to our 2014 findings." Van Norman Decl. at ¶ 16.

Plaintiffs argue that the record should be supplemented because Mr. Van Norman wrote the 2002 email and, therefore, it must be somewhere within his "knowledge" base, and he therefore indirectly considered it. Mot. at 13, 15. A decisionmaker's "knowledge" of a piece of information is not the standard for record inclusion; rather the standard is whether the email was considered in making this finding. *Pac. Shores Subdivision*, 448 F. Supp. 2d at 4 ("The administrative record should not include materials that were not considered by agency decisionmakers."). Likewise, Plaintiffs' attempts to recast the D.C. Circuit's standard as any document that "might have influenced the agency's decision" must also be rejected. Mot. at 16. Although Plaintiffs faithfully quote from *City of Duluth*, rather than provide a wholesale

broadening of the standard for what is part of the record, the context of that phrase is a discussion about the work and recommendations of *subordinates*, which must be included in the record in addition to the conclusions of the decisionmaker. *City of Duluth v. Jewell*, 968 F. Supp. 2d 281, 288 (D.D.C. 2013); *Nat'l Courier Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 516 F.2d 1229, 1241 (D.C. Cir. 1975) (original source for the cited language). In *National Courier*, the D.C. Circuit analyzed whether to require release of redacted portions of an internal staff memo, 516 F.2d at 1242, which the agency included *in the record*. The opinion discusses whether redactions were properly made and concludes that they were, on the basis of the deliberative process privilege. *Id.* at 1241-43. The facts are therefore different from the situation here where the decisionmaker has explained that he did not consider the email and the agency included no portion of it in the record.

Plaintiffs next argue that the email is part of the record because the email is "adverse" to the Service's decision. Mot. at 15. This email is irrelevant, not adverse. In the email, Mr. Van Norman is discussing leopard permits issued in 2002. *See* Ex. A, ECF No. 64-2. In support of their "adverse" argument, Plaintiffs proffer these leopard-related statements to argue that that Mr. Van Norman's email "contradict[s] the process" used to issue the 2014 Zimbabwe Findings. Mot. at 15. However, the Service did not and does not issue permits for elephants from Zimbabwe, so the processes for issuing leopard permits do not bear on the process for elephants or the process for issuing an enhancement finding for elephants. Moreover, even if Mr. Van Norman was describing a different process used in 2002 for leopard permits that somehow has bearing on elephant-related enhancement findings, "there is 'no basis in the Administrative Procedure Act or in our opinions for a requirement that all agency change be subjected to more searching review.'" *City of Duluth*, 968 F. Supp. 2d at 292 (quoting *FCC v. Fox Television*

*Studios, Inc.*, 556 U.S. 502, 514 (2009)). The Service's decisions in 2014 stand or fall based on a rational connection between the facts found and the choice made, *City of Duluth*, 968 F. Supp. 2d at 292, and Mr. Van Norman's 2002 email does not bear on whether, in 2014, the Service properly denied import permits on the basis of a lack of information that sport hunting elephants enhanced the survival of the species, which is the question in this litigation. Likewise, because the email was not relevant to the findings and was not considered or used, it does not meet the criteria in the Service's manual or directive for administrative records. *Cf.* Mot. at 16-17.

Here, the Service has compiled the administrative record in this matter and it is complete without the Van Norman email. Van Norman Decl. ¶ 13. Plaintiffs have fallen far short of overcoming the presumption in favor of the record's completeness by not providing concrete evidence that the document they seek to add to the record was before the actual decisionmakers involved in the decision to issue the July Zimbabwe finding. Plaintiffs' motion to supplement the administrative record with the Van Norman email therefore should be denied.

**2.     The Van Norman email does not fit one of the exceptions for consideration of extra-record information.**

The Van Norman email should not be admitted under any extra-record exception. Plaintiffs do not identify which record exception they believe applies. Mot. at 21. The email is certainly not "necessary" for effective judicial review of whether the Service followed the proper procedures when it issued the July enhancement finding. *Cf. Cape Hatteras*, 667 F. Supp. 2d at 115. It is undisputed that the finding was issued without formal notice and comment and that it was based, at least in part, on a lack of information to support an enhancement finding. Thus, Mr. Van Norman's email is simply unnecessary for the Court's review and therefore, need not be admitted as extra-record information.

**3.    The Stromayer email should not be admitted as extra-record information because Plaintiffs have not identified a relevant factor that was not considered.**

The Stromayer email also is not part of the record because it was not considered in making the July findings. Van Norman Decl. at ¶¶ 13, 20. As Mr. Van Norman explains, an enhancement finding is based on the management capacity of the relevant country and whether U.S. hunters' hunting activities go toward supporting the conservation of the elephant. Van Norman Decl. at ¶ 22.Whether the elephant in Zimbabwe is exceeding the carrying capacity is not directly relevant to this decision. *Id.* Thus, Plaintiffs' arguments fail because they have not identified a relevant factor that was not considered. *Cf.* Mot. at 18-21.

And, even if it were relevant, there is more up-to-date information in the record about carrying capacity for African elephants in Zimbabwe. The carrying capacity figure in the Stromayer email is cited without supporting authority and, thus would not have been relied upon even if it had been relevant to the enhancement finding. Van Norman Decl. at ¶¶ 20, 22, 23.

For all of those reasons, the Stromayer email should not be considered as extra-record information and Plaintiffs' motion must be denied.

Dated: April 14, 2015                     Respectfully submitted,

                                          JOHN C. CRUDEN,
                                          Assistant Attorney General
                                          SETH M. BARSKY, Chief
                                          KRISTEN L. GUSTAFSON, Assistant Chief

                                          ___/s/ Meredith L. Flax___
                                          MEREDITH L. FLAX, Senior Trial Attorney
                                          (D.C. Bar No. 468016)
                                          ANDREA GELATT, Trial Attorney
                                          U.S. Department of Justice
                                          Environment & Natural Resources Division
                                          Wildlife & Marine Resources Section
                                          Ben Franklin Station. P.O. Box 7611
                                          Washington, DC 20044-7611

Phone: (202) 305-0404
Fax: (202) 305-0275
meredith.flax@usdoj.gov

**Counsel for Federal Defendants**

<u>Of Counsel</u>:
Holly Wheeler
Russell Husen
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.