**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* | ) | |
| | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | Civ. No. 14-cv-00670 (RCL) |
| v. | ) | |
| | ) | |
| SALLY M. R. JEWELL, *et al.* | ) | |
| | ) | |
| | ) | |
|      Defendants. | ) | |
| _____ | ) | |

**MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**
**BY SAFARI CLUB INTERNATIONAL AND**
**THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and LCvR 7(i) , Plaintiffs Safari

Club International and the National Rifle Association of America ("SCI/NRA") move for leave

to amend their Second Amended and Supplemental Complaint (Dkt. 49).  The sole purpose of

the amendment is to add a claim that SCI/NRA have developed as part of their lawsuit

challenging Defendants Sally M. R. Jewell *et al.*'s ("Federal Defendants") 2015 Zimbabwe

elephant importation ban.  This claim – based on Section 9(c)(2) of the Endangered Species Act

("ESA") – is equally applicable to the 2014 importation bans challenged in this case.  Although

this amendment comes over a year after the filing of the original complaint, this amendment will

not cause undue delay or prejudice to the existing parties, and can be resolved on the same

administrative record filed by the Federal Defendants for the 2014 case.  For these reasons,

SCI/NRA seek leave to file an amended complaint that incorporates this additional claim for

relief.

In accordance with LCvR 7(m), SCI/NRA's counsel consulted with Federal Defendants' and the Defendant-Intervenors' counsel regarding their positions.  Federal Defendants have indicated that they do not consent to the amendment of the 2014 Complaint and that they will file a response to the motion.  Defendant-Intervenors indicated that they take no position to the motion to amend and do not plan to file a response to it.  A copy of the Third Amended Complaint that SCI/NRA seek to file is attached to this motion, as provided by LCvR 7(i) and 15.1.

**MEMORANDUM IN SUPPORT**

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On April 4, 2014, Federal Defendants announced an immediate ban on the importation of legally sport-hunted elephants from Zimbabwe ("April 2014 Zimbabwe Enhancement Finding").  Safari Club International filed a Complaint to challenge that decision on April 21, 2014.  Dkt. 1, ("2014 Case").[1]  After reviewing the allegations of SCI's Complaint, Federal Defendants published a Federal Register notice that characterized the April 4, 2014 importation ban for Zimbabwe as "temporary" and "interim."  In the notice, Federal Defendants promised to make a new decision as to whether to lift the Zimbabwe importation ban by mid-July.[2]

On July 23, 2014, Federal Defendants announced, via the U.S. Fish and Wildlife Service ("FWS") website, that the importation ban for elephants from Zimbabwe would continue for the rest of 2014.  Federal Defendants determined that they were unable to make a finding that the importation of sport-hunted elephants from Zimbabwe would enhance the survival of the species

---

[1] The complaint also included claims related to a similar importation ban on elephants sport-hunted in Tanzania.  Those claims have been dismissed by the court.  After this Court certified that partial ruling for immediate appeal, SCI/NRA appealed that dismissal.

[2] On May 16, 2014, Safari Club International filed an Amended Complaint solely to include the National Rifle Association of America as a plaintiff in the lawsuit.  Dkt. 16.

and that, without that finding, Federal Defendants could not allow importation of sport-hunted elephants from Zimbabwe ("July 2014 Zimbabwe Enhancement Finding").  SCI/NRA filed a motion for leave to file a Second Amended and Supplemented Complaint to bring claims challenging the July 2014 Zimbabwe Enhancement Finding.  Dkt. 34.

Federal Defendants filed a motion to dismiss the claims related to the April 2014 Zimbabwe Enhancement Finding (and the claims related to Tanzania).  On December 26, 2015, the Court granted SCI/NRA's motion to file an amended and supplemented complaint and denied Federal Defendants' motion to dismiss the April 2014 Zimbabwe claims.  Dkt. 47-48. Since that time, the parties and Court have resolved issues related to the administrative record related to the April and July 2014 Zimbabwe claims ("2014 AR").  Federal Defendants are scheduled to finalize the 2014 AR shortly.

On March 26, 2015, the Federal Defendants announced their decision to continue the ban on the importation of elephants sport-hunted in Zimbabwe in 2015 and beyond ("March 2015 Zimbabwe Enhancement Finding").  On June 30, 2015, SCI/NRA filed a separate lawsuit challenging the March 2015 Zimbabwe Enhancement Finding.  Case 1:15-cv-01026-RCL, Dkt. 1, ("2015 Case").  In the course of researching claims related to that lawsuit, SCI/NRA concluded that it should bring a claim that the March 2015 Zimbabwe Enhancement Finding violated Section 9(c)(2) of the ESA.  SCI/NRA included such a claim in their 2015 complaint. At that time, SCI/NRA also determined that their 2014 lawsuit should include the same claim, but decided to wait to seek to amend their 2014 complaint until the parties and Court resolved whether the two cases would be consolidated.

After SCI/NRA filed their 2015 Case, this Court scheduled a hearing regarding the briefing of the 2014 and 2015 cases.  In preparation for that hearing, the parties discussed and

agreed upon a proposed consolidation of the briefing of the two cases.  During that discussion, and during the hearing at which the parties proposed the consolidated briefing to the Court, SCI/NRA explained their intent to move to amend their Complaint in the 2014 Case.

Now that the two cases have been consolidated for briefing purposes, SCI/NRA seek leave to amend their Second Amended and Supplemented Complaint solely to add the Section 9(c)(2) claim.  SCI/NRA's proposed Third Amended Complaint maintains all the same counts and allegations that SCI/NRA asserted against Federal Defendants in the Second Amended and Supplemented Complaint.[3]  It simply adds the additional claim and facts necessary to support that claim.  For ease of review, SCI/NRA have included all the new allegations in paragraph 3 and in the new Count IX of the Third Amended Complaint.[4]

### ARGUMENT

The Court should grant this motion so that it can adjudicate together all of SCI/NRA's claims related to the bans on the importation of sport-hunted elephants from Zimbabwe.  This amendment does not reflect any undue delay, bad faith, or dilatory action by SCI/NRA and will not prejudice the Federal Defendants.  Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

[3] The Third Amended Complaint retains the Tanzania claims that are currently on appeal to the D.C. Circuit.  These claims must remain in the Complaint in case the D.C. Circuit reverses this Court's dismissal and remands those claims to this Court.  SCI/NRA acknowledge that obtaining leave to file the Third Amended Complaint does not in any way revive those claims in this Court.  The Tanzania claims remain subject to this Court's dismissal order and to the D.C. Circuit's jurisdiction.  Dkt. 47-48 (December 26, 2014).

[4] Except for the addition of the new allegations in paragraph 3 and in the new Count IX and correcting a few typographical errors discovered during the drafting of the Proposed Third Amended Complaint, SCI/NRA has otherwise left the Second Amended and Supplemented Complaint unchanged.

None of the reasons identified by the U.S. Supreme Court for denying a motion for leave to file an amended complaint apply to this case.  "According to the Supreme Court, a district court should grant leave to amend a complaint '[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Aitchison v. D.C.,* 73 F.3d 418, 425-26 (D.C. Cir. 1996), *quoting Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Richardson v. United States,* 193 F.3d 545, 548-49 (D.C. Cir. 1999).  Without such reasons, leave to file an amended complaint should be freely given, "as the rules require."  *Foman,* 371 U.S. at 182.

SCI/NRA did not unduly delay seeking this amendment.  As discussed above, SCI/NRA developed the new claim while preparing its complaint against the 2015 Zimbabwe elephant importation ban and determined it applied equally to the 2014 bans.  This Court has explained that "delay alone is insufficient reason to deny leave to amend" and that "delay is only one factor to be considered."  *Sec. & Exch. Comm'n v. Nat'l Student Mktg. Corp.*, 73 F.R.D. 444, 447 (D.D.C. 1977) (amendment to complaint allowed nearly five years after the original complaint was filed); *see also Alley v. Resolution Trust Corp.,* 984 F.2d 1201, 1207 (D.C. Cir. 1993), *as amended on reh'g* (Mar. 4, 1993) ("district court should have granted plaintiffs' request, made at the hearing on the summary judgment motion, for leave to amend their complaints to assert entitlement to relief under ERISA.").

The question is not whether the plaintiffs could have or should have included the claim in their original pleading.  Instead, the courts examine whether the delay in adding to the pleading has caused prejudice to the defendant.  This court has rejected the argument that a motion to

amend should be denied if the plaintiff had sufficient knowledge to have included the proposed claim in the original complaint:

> Defendants argue that plaintiff is guilty of undue delay in attempting to amend her complaint because she was aware of the facts underlying her claim before she filed this lawsuit. … But the rule is that delay alone, absent prejudice to the party opposing the amendment, is insufficient to bar an amendment to the pleadings.

*Green v. Am. Broad. Cos., Inc.*, 647 F. Supp. 1359, 1367 (D.D.C. 1986) ("prejudice to the opposing party is the primary basis for denying a motion to amend the pleadings.") *citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331 (1971).  Although SCI/NRA could have brought the Section 9(c)(2) claim in the original complaint, the cases establish that a showing of undue prejudice to the defendant is required before a court should deny a motion to amend.

The Federal Defendants cannot show they will suffer undue prejudice if the Court allows the amendment.  As this case is based on an administrative record, additional discovery on the new claim will not be necessary and the administrative record will not change.  *See Sec. & Exch. Comm'n*, 73 F.R.D. at 448; *Alley,* 984 F.3d at 1208 (allowing amendment where there would be no additional discovery or finding of facts).  Federal Defendants will not suffer prejudice from the amendment because SCI/NRA's amended complaint merely adds a claim that is already in the 2015 case, which is now consolidated with the 2014 case for briefing purposes.  *See Foman,* 371 U.S at 182 ("As appears from the record, the amendment would have done no more than state an alternative theory for recovery."); *see also Miss. Ass'n of Coops. v. Farmers Home Admin.,* 139 F.R.D. 542, 544 (D.D.C. 1991) ("Generally, where leave to amend has been granted, the amended complaint has related in a substantive way to the original complaint."). The Federal Defendants will be able to make the same legal arguments in response to the Section 9(c)(2) claim in the 2014 Case as to the  Section 9(c)(2) claim in the 2015 Case.  *See Sec. &*

*Exch. Comm'n,* 73 F.R.D. at 448 (amendment allowed where defendant "presumably would rely upon the same legal theories and defenses to the claims raised by the additional transactions as to those presented in the amended complaint.").

In addition, allowing this amendment will further judicial efficiency.  Without this amendment, either SCI/NRA or another party with interests in importing elephants sport-hunted in Zimbabwe in 2014 surely will bring a new lawsuit based on this legal claim if Safari Club is successful in the 2015 case.  Nothing would be gained by requiring the Court and Federal Government to relitigate this issue in a separate proceeding.  *See Ginsberg v. Gov't Properties Trust, Inc.*, 2008 WL 3833876, at *2 n.1 (S.D.N.Y. 2008) ("If leave to amend the complaint to add this additional claim arising out of the same contract were denied, no reason appears why Plaintiff could not file a separate action alleging this additional claim and then move to consolidate the two cases for all purposes.  Nothing is to be gained by requiring the Plaintiff to go to this additional effort.").[5]

Finally, SCI/NRA's amended complaint asserts a plausible new claim for relief and therefore the proposed amendment is not futile.  A court determines whether an amendment adding a claim would be futile under the same standard as applied to a Fed. R. Civ. P. 12(b) motion to dismiss.  *E.g., Oladokun v. Corr. Treatment Facility,* 5 F. Supp. 3d 7, 12-13 (D.D.C. 2013) (finding that amendment would not be futile).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

---

[5] For all these same reasons, SCI/NRA are not making this motion in bad faith or for a dilatory motive.  Nor have they had to cure any deficiencies in their complaints by amendments previously allowed, much less repeatedly failed to cure deficiencies.  *See Foman,* 371 U.S. at 182.

7

and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).   As long as the allegations of the complaint

are sufficient to raise the right to relief "above the speculative level," plaintiffs can defeat a

motion for failure to state a claim, even if "recovery is very remote and unlikely."   *Twombly*, 550

U.S. at 555-56 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).   "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

marks omitted).   Finally, "[w]hen presented with a motion to dismiss …, the Court 'accepts the

plaintiff's well-pled factual allegations … as true, draws all reasonable inferences from those

allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'"

*Sec. & Exch. Comm'n v. e-Smart Techs., Inc.*, 926 F. Supp. 2d 231, 235 (D.D.C. 2013)

(dismissal on venue grounds) (*quoting Pendleton v. Mukasey,* 552 F. Supp. 2d 14, 17 (D.D.C.

2008) (citing *Darby v. U.S. Dep't of Energy,* 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).

SCI/NRA have alleged a claim for relief that is more than plausible.   The plain language

of Section 9(c)(2) creates a presumption that any non-commercial import of a threatened species

on Appendix II of the Convention on International Trade in Endangered Species (such as

elephants from Zimbabwe) does not violate any provision of the ESA or any regulation

implementing the ESA.   As the special rule applicable to African elephants constitutes a

regulation implementing the ESA, the Section 9(c)(2) presumption applies to that special rule.

16 U.S.C. § 1538(c)(2).   When promulgating the special rule, the Federal Defendants did not

apply this presumption, instead taking the position that the adoption of the elephant special rule

in and of itself overcomes the presumption.   But the statutory presumption applies to any ESA

regulation, including the special rule, so the very existence of a regulation cannot overcome the

presumption that applies to that regulation.  In 2014, as in 2015, the Federal Defendants offered

and had no grounds to overcome the presumption, as they established the import bans based on

anecdotal data and an alleged lack of information to make a positive enhancement finding.

## CONCLUSION

At this point, the most efficient approach is to allow SCI/NRA to amend their complaint

and litigate this claim as part of the simultaneous summary judgment briefing scheduled for both

the 2014 and 2015 cases.  SCI/NRA request that the Court grant them leave to file the attached

Third Amended Complaint.

Dated this 31st day of July 2015.

Respectfully submitted,

/s/ Anna M. Seidman

Anna M. Seidman, Esq. (DC Bar No. 417091)
Douglas S. Burdin, Esq. (DC Bar No. 434107)
Jeremy E. Clare, Esq. (DC Bar No. 1015688)
Safari Club International
501 2nd Street, NE
Washington, DC 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
aseidman@safariclub.org
dburdin@safariclub.org
jclare@safariclub.org

*Counsel for Plaintiff,*
*Safari Club International*

Christopher A. Conte (DC Bar No. 43048)
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*