IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **S.M.R. Jewell,** in her official capacity as Secretary of the United States Department of Interior, *et al.*, <br><br> Defendants, <br><br> and <br><br> **Friends of Animals**, *et al.*, <br><br> Defendant-Intervenors. | Case No. 14-cv-00670-RCL |

**Federal Defendants' Response to Plaintiffs' Motion for Leave To File Third Amended Complaint, ECF 77**

This case involves a challenge to the U.S. Fish and Wildlife Service's ("Service") interim finding in April 2014 and final finding in July 2014 that, based on the information available to the Service, it could not find that the killing of African elephants in Zimbabwe, for purposes of garnering sport-hunted elephant trophies for import, would enhance the survival of the species. *See* 50 C.F.R. § 17.40(e)(3)(iii)(C); *see* Order, ECF 48 at 6 (Dec. 26, 2014). In March 2015, Federal Defendants issued a subsequent finding concluding that, based on the information available to the Service, the Service could not find that the killing of African elephants in Zimbabwe, for purposes of garnering sport-hunted elephant trophies for import, would enhance the survival of the species in 2015 and future hunting seasons, although importation of trophies taken during calendar year 2015 or future hunting seasons could be authorized if additional information on the status and management of elephants in Zimbabwe becomes available which satisfies the conditions of the 4(d) special rule under the Endangered Species Act ("ESA"). *See*

*Notice of Continued Suspension of Imports of Zimbabwe Elephant Trophies Taken On or After April 4, 2014*, 80 Fed. Reg. 42,524 (July 17, 2015). Plaintiffs filed a separate case challenging this 2015 finding, 15-cv-1026 ("the 2015 case"), and that case is now consolidated for purposes of summary judgment briefing with the captioned case. Min. Order (July 21, 2015). In the 2015 case, Plaintiffs bring a claim related to ESA § 9(c)(2), which contains a rebuttable presumption related to the importation of species that are listed as threatened under the ESA that are also listed on Appendix II of the Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES"). *See* 16 U.S.C. § 1538(c)(2). Plaintiffs first advanced a similar legal theory based on ESA § 9(c)(2) in a 1993 case. *Safari Club Int'l v. Babbitt*, NO. MO-93-CA-001, 1993 WL 13932673, at *14 (W.D. Tex. Aug. 12, 1993). Plaintiffs now move to amend their complaint in the instant action for a third time, to add this 1993-vintage theory.

Federal Defendants acknowledge that briefing has not begun for either case and, thus, they will have an ability to brief this claim. Nevertheless, Federal Defendants provide this response to explain why Plaintiffs' conduct may affect the course of this litigation.

## PROCEDURAL HISTORY

Plaintiffs filed their original complaint on April 21, 2014 and their first amended complaint to add a new party plaintiff in May 2014. ECF 13. In August 2014, Plaintiffs again moved to amend their complaint to add claims to challenge the July 2014 final finding for Zimbabwe. ECF 34. After oral argument on the parties' briefing on a motion to dismiss several of the claims in the existing and proposed complaints, the Court granted Plaintiffs' motion to amend and to supplement the complaint as to the Zimbabwe claims, and Plaintiffs filed their second amended complaint. ECF 47, 49.

Plaintiffs' Motion for Leave ("Motion" or "Mot."), ECF 77, comes nearly a year after their last motion to amend and more than fifteen months after they filed this case. They suggest that the Motion is the result of research performed for the 2015 case, allowing them to conclude that they should bring a 9(c)(2) claim in both the 2015 case and the captioned case. Mot. at 3. Plaintiffs provide no explanation why this research was not performed at the inception of their

2014 lawsuit. Since Plaintiffs filed their litigation, the Service has issued two more findings related to Zimbabwe, the July 2014 and March 2015 findings. The instant Motion was filed after those two findings, introducing a newly raised legal theory.

## DISCUSSION

Many years ago, Plaintiffs themselves advanced arguments very similar to their newly discovered legal claims. In 1993, Safari Club challenged the listing of the argali sheep (Appendix II, ESA-threatened species in Mongolia, Kyrgyzstan, and Tajikistan) as endangered in most countries and as threatened in countries governed by a special rule that required documentation before importation of sport-hunted argali trophies could occur. *See Safari Club Int'l*, 1993 WL 13932673, at *3-4. Plaintiffs also challenged the Secretary's authority to promulgate the special rule with respect to the threatened populations. *Id.* They argued that the special rule was based on an unreasonable construction of the language in ESA §§ 9(c)(2) and 4(d). *Id.* at *12. The court disagreed and concluded that the Secretary rebutted the presumption in § 9(c)(2) through its promulgation of a 4(d) rule imposing requirements on importation.  *Id.* at *14.

Now, in their proposed third amended complaint, Plaintiffs submit that "the [Service] must presume that any importation of sport-hunted elephants from Zimbabwe (Appendix II, ESA-threatened species) does not violate the ESA and the Special Rule (a regulation adopted pursuant to the ESA)." Proposed 3rd Am. Compl. at ¶ 143. The thrust of the argument here and in 1993 is the same: that § 9(c)(2) establishes a presumption, not overcome by regulation, that importation of sport-hunted trophies of CITES Appendix II species is valid. That Plaintiffs needed fifteen months to rediscover this theory is difficult to understand.

While leave to amend should be "freely" given, Fed. R. Civ. P. 15(a)(2), leave may be denied, due to "undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States,* 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Although the D.C. Circuit generally applies a lenient standard for amendment, even in cases of lengthy delay such as this one, *see* Mot. at 5 (discussing cases that appear to hold that delay in moving to amend is itself an

insufficient ground for denying leave to amend); *see also Butler v. White*, 67 F. Supp. 3d 59, 68 (D.D.C. 2014) (Lamberth, J.) (explaining that denying leave on the basis of delay alone is not ordinarily sufficient grounds for denial and that providing a "sound reason" can mitigate the impact of a substantial delay).  Nevertheless, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1488 (3d Ed.).

In addition to its tardiness, Plaintiffs' proposed third amendment suffers from a lack of clarity and, potentially, justiciability.  Federal Defendants have been unable to determine precisely what Plaintiffs are alleging in their 9(c)(2) claim. It appears Plaintiffs are attempting to challenge the Service's 4(d) rule rather than the Service's 2014 enhancement findings. *See* Proposed Compl., ECF 77-1, at ¶ 143.  It also appears that Plaintiffs may be making an as-applied challenge to the Service's 2014 enhancement findings. *Id.* at ¶¶ 147, 150. If Plaintiffs are in fact posing a facial challenge to the 4(d) rule, then the claim would be time-barred by the applicable statute of limitations. Were that the case, amendment likewise would be futile. However, as noted, it is difficult to ascertain the intent of Plaintiffs' new claim. If the Court grants Plaintiffs' Motion to Amend, Federal Defendants reserve any and all appropriate defenses to Plaintiffs' 9(c)(2) claim in their responsive pleading and through summary judgment briefing.

Dated: August 11, 2015                    Respectfully submitted,

                                          JOHN C. CRUDEN,
                                          Assistant Attorney General
                                          SETH M. BARSKY, Chief
                                          KRISTEN L. GUSTAFSON, Assistant Chief

                                          *s/ Andrea Gelatt*
                                          ANDREA GELATT, Trial Attorney
                                          MEREDITH L. FLAX, Senior Trial Attorney
                                          (D.C. Bar No. 468016)

U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station. P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0404
Fax: (202) 305-0275
meredith.flax@usdoj.gov

***Counsel for Federal Defendants***

Of Counsel:
Holly Wheeler
Russell Husen
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.