UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* )<br>)<br>    Plaintiffs,            )<br>                                )  Civ. No. 14-cv-00670 (RCL)<br>v.                              )<br>                                )<br>SALLY M. R. JEWELL, *et al.*    )<br>                                )<br>    Defendants,                 )<br>                                )<br>and                             )<br>                                )<br>FRIENDS OF ANIMALS, *et al.*,   )<br>                                )<br>    Defendant-Intervenors.      )<br>_____) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT BY SAFARI CLUB INTERNATIONAL AND THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

SCI/NRA moved for leave to amend their Second Amended Complaint to add one additional cause of action and explained that the amendment would not prejudice the Federal Defendants. In their response brief, Federal Defendants do not oppose the amendment. Federal Defendants never asked the Court to deny SCI/NRA's motion and they did not submit a proposed order with their response, as required by LCvR 7(c) for the submission of an opposition to a motion. Instead, Federal Defendants claim the purpose of their response is to "explain why Plaintiffs' conduct may affect the course of this litigation." Fed Defs' Resp. at 2, Dkt. 78. As this amendment precedes briefing on summary judgment, it will have little to no effect on the course of this litigation.

1

Federal Defendants nevertheless assert several arguments that appear to be an attempt to persuade the Court to deny the motion to amend. In the end, Federal Defendants fail to rebut – and appear to concede – the key point of the motion. Federal Defendants have not demonstrated and cannot demonstrate that they are or will be prejudiced by the amendment and/or its timing.

SCI/NRA's motion explained that delay alone is insufficient grounds to deny a motion to amend and that prejudice to the opposing party is required. Mot. to Amend at 5, Dkt. 77. Federal Defendants acknowledge this point. Fed Defs' Resp. at 3-4 (noting Circuit cases but citing the possibly contrary view of a treatise on federal practice and procedure), Dkt. 78. They nonetheless suggest that SCI/NRA's motion is unduly late. SCI/NRA explained that they developed this new claim while developing their case against a similar import ban announced in 2015. Mot. to Amend at 3-4. While it is true that SCI/NRA did not include the new claim in earlier complaints, SCI/NRA are presenting the claim before summary judgment briefing commences. Federal Defendants will have an opportunity to prepare their arguments in opposition to this claim and will have to develop these arguments in response to the 2015 claim in any event. As explained in SCI/NRA's motion to amend, the Federal Defendants will not suffer prejudice if the Court allows the amendment. Mot. to Amend at 6-7.

Unable to prove any prejudice, Federal Defendants incorrectly challenge the clarity and justiciability of SCI/NRA's Section 9(c)(2) claim. They fail, however, to identify what justiciability issue is raised by SCI/NRA's new claim. They incorrectly assert that this new claim is the same as a claim SCI brought in 1993 in district court in Texas regarding the importation of argali sheep. Fed Defs' Response at 3 ("The thrust of the argument here and in 1993 is the same: that § 9(c)(2) establishes a presumption, not overcome by regulation, that importation of sport-hunted trophies of CITES Appendix II species is valid."). Finally, they

wrongly argue that SCI/NRA are challenging the Section 4(d) special rule for elephants and that such a claim would be barred by the statute of limitations.

The main thrust of SCI/NRA's claim is relatively straightforward: Defendant U.S. Fish and Wildlife Service ("FWS") must presume that any importation of a sport-hunted elephant from Zimbabwe does not violate the statutory provisions of the ESA **or any regulation issued pursuant** to the ESA.  16 U.S.C. § 1538(c)(2).  The regulations that govern importation of sport-hunted elephants are found at 50 C.F.R. § 17.40(e) ("Special Rule").  The Special Rule is a regulation issued pursuant the ESA.  Therefore, Section 9(c)(2) requires that the FWS presume that any importation of a sport-hunted elephant from Zimbabwe does not violate the Special Rule.  SCI/NRA do not argue that the FWS can *never* rebut the presumption.  Instead, SCI/NRA's Third Amended Complaint argues three main points.

First, the FWS did not rebut the presumption as it applies to both the statute and regulations and must do so before it can ban the importation of a threatened, Appendix II species. The FWS did not even acknowledge the presumption in either the April 2014 or July 2014 enhancement findings, and made no effort to rebut it – stating only that it lacked information needed to make an affirmative enhancement finding.  Proposed Third Am. Compl, ¶¶ 95-96, 143-44.

Second, the FWS cannot rebut the presumption through a regulation to which the presumption also applies.  The FWS *can* rebut the presumption through an affirmative, factual finding made at the time it is considering whether to allow specific imports.  However, the existence of the rule, in and of itself, is not sufficient to rebut the presumption.  Proposed Third Am. Compl, ¶ 143.

3

Third, the FWS did not rebut the presumption in the Special Rule, as to elephants hunted in Zimbabwe, because the presumption did not apply to the import of those elephants at the time the FWS adopted the Special Rule. In 1992, when the FWS included importation requirements in the current Special Rule, Zimbabwe's elephants were listed on CITES Appendix I (to which the presumption does not apply). Zimbabwe's elephants were transferred from Appendix I to Appendix II in 1997. At the time of the adoption of the Special Rule, the FWS had no reason to rebut the presumption because no presumption applied to Appendix I species. Consequently, Federal Defendants have never rebutted the statutory presumption established by Section 9(c)(2). Proposed Third Am. Compl, ¶¶ 145-46; *see also* Proposed Third Am. Compl, ¶ 147 (in which SCI/NRA discuss the flawed and illogical result created by the FWS's Section 9(c)(2) interpretation with regard to the regulation of threatened species with special rules compared to those without).

Because they fail to understand SCI/NRA's claim, Federal Defendants mistakenly suggest that this claim is the same as raised in *Safari Club International v. Babbitt*, 1993 WL 13932673 (W.D. Tex. Aug. 12, 1993) ("*Babbitt*"). Fed Defs' Response at 3. *Babbitt* concerned a challenge to the FWS's **authority** to issue a Section 4(d) rule that imposed restrictions on the import of a threatened, Appendix II species. *Id.* at \*12. In that case, "Plaintiffs contend § 9(c)(2) of the Act, 16 U.S.C. § 1538(c)(2), *requires* argali trophies be allowed to be imported into the United States upon presentation of a CITES export permit from the country of origin. They claim the CITES rules governing trade in Appendix II species **preempt** the applicable ESA prohibitions and requirements with regard to threatened species, …." *Id.* (first emphasis in original; second emphasis added). *Babbitt* involved a species – the argali – that was already on Appendix II when the FWS adopted the special rule. *Id.* ("At the time Defendant promulgated

the special protective regulation contained within the final rule, Appendix II argali could be imported into this country upon presentation of a proper CITES export permit from the country of origin."). The FWS made specific findings that it believed rebutted the Section 9(c)(2) presumption in the special rule applicable to the argali. *Id.* at *12. *Babbitt* involved a different set of facts and did not address the arguments raised by SCI/NRA's new claim, including whether the FWS has rebutted the Section 9(c)(2) presumption in the 2014 enhancement findings and whether the FWS can rebut the presumption in a regulation that creates conditions to which the presumption also applies and at a time when the presumption did not apply to elephants in Zimbabwe.[1]

      Finally, contrary to Federal Defendants' musings, SCI/NRA's new claim is not challenging the legality of the Special Rule. Fed Defs' Response at 4. Instead, the claim challenges the FWS's failure in April and July 2014 to rebut the statutory presumption established by Section 9(c)(2) as it applies to any prohibition in the ESA or any regulation under the ESA. As the claim does not challenge the Special Rule itself, it is not time-barred by a statute of limitations. Even if the claim challenges, or includes a challenge to, the Special Rule, it still would not be time-barred. The Court denied Federal Defendants' previous motion to dismiss Counts 3 and 4 as time barred. Fed. Defs' Reply for Mot. to Dismiss at 20, Dkt. 23. The Court found that SCI/NRA were not harmed by the procedural deficiencies identified in Counts 3 and 4 until April 4, 2014, when the FWS first prohibited the importation of sport-hunted elephants from Zimbabwe. Mem. Op. at 19-20, Dkt. 48. The same finding would apply here.

---

[1] Federal Defendants also reference *Babbitt* to suggest that SCI/NRA should have introduced their Section 9(c)(2) claim earlier in this litigation because SCI raised a claim based on Section 9(c)(2) in another court over two decades ago. However, since the claim raised in *Babbitt* was different than the claim SCI/NRA raises here, this suggestion fails.

Even if the claim did challenge the Special Rule, SCI/NRA could not have brought the claim until April 4, 2014.

As Federal Defendants have not formally opposed this motion, the Court should allow the amendment and let the parties argue these points in the upcoming summary judgment briefing. SCI/NRA respectfully request that the Court grant their motion for leave to file a Third Amended Complaint.

Dated this 19th day of August 2015.

        Respectfully submitted,

        /s/ Anna M. Seidman

        Anna M. Seidman, Esq. (DC Bar No. 417091)
        Douglas S. Burdin, Esq. (DC Bar No. 434107)
        Jeremy E. Clare, Esq. (DC Bar No. 1015688)
        Safari Club International
        501 2nd Street, NE
        Washington, DC 20002
        Telephone: (202) 543-8733
        Facsimile: (202) 543-1205
        aseidman@safariclub.org
        dburdin@safariclub.org
        jclare@safariclub.org

        *Counsel for Plaintiff,*
        *Safari Club International*

        Christopher A. Conte (DC Bar No. 43048)
        National Rifle Association of America/ILA
        11250 Waples Mill Rd., 5N
        Fairfax, VA 22030
        Telephone: (703) 267-1166
        Facsimile: (703) 267-1164
        cconte@nrahq.org

        *Counsel for Plaintiff*
        *National Rifle Association of America*