## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Safari Club International**, et al.    )
    )
      Plaintiffs,    )    Civil No. 1:14-cv-0670-RCL
    )
      v.    )
    )
**S.M.R. Jewell,** in her official capacity as    )
Secretary of the United States Department    )
of Interior, et al.,    )
    )
      Defendants,    )
    )
      and    )
    )
**Friends of Animals, Inc.**, et al.,    )
    )
      Defendant-Intervenors.    )
    )
    )

## ANSWER

Federal Defendants S.M.R. Jewell, in her official capacity as Secretary of the U.S. Department of the Interior, *et al.*, and Daniel Ashe, Director of the U.S. Fish and Wildlife Service ("FWS") (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Safari Club International ("SCI") and the National Rifle Association ("NRA") (collectively "Plaintiffs") in their Third Amended Complaint for Declaratory and Injunctive Relief (ECF No. 82):[1] Because the Court has

---

[1] Plaintiffs' claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court neither sits as an evidentiary fact finder nor resolves alleged disputed facts. "Under the APA, the agency's role is to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the district court's function 'is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" *Hill Dermaceuticals v. FDA*, No. 11-cv-1950 RCL, 2012 WL 5914516, at * 7 (D.D.C. May 18, 2012), aff'd 709 F.3d 44

dismissed Plaintiffs' claims challenging FWS's findings related to the importation of sport-hunted African elephant trophies from Tanzania (Counts VI through VIII), *see* ECF No. 47, no response is required to the allegations in the Third Amended Complaint relating to Tanzania and Defendants deny all such allegations to the extent a response is required. Paragraphs 4, 58-60, 90, and 124-139 in the Third Amended Complaint relate to Tanzania only and no further reference to these paragraphs is made below. As for Paragraphs 1, 9, 13-14, 17, 19-20, 23-26, 29, 31-32, 38, 41-43, 49, 61, 63, 66-68, 77-78, 88 in the Third Amended Complaint, which contain allegations related to Plaintiffs' claims challenging FWS's findings for both Tanzania and Zimbabwe, Defendants responses below pertain only to the allegations relating to Zimbabwe.\

1.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first part of the first sentence of paragraph 1, and on that basis deny the allegations. With respect to the remaining allegations in the first sentence of paragraph 1, Defendants admit that FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe when it has been able to make the requisite enhancement finding under the Endangered Species Act ("ESA") and all other legal requirements of the ESA and the Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") to allow import of sport-hunted African elephant trophies from Zimbabwe have been met. Defendants deny any allegations in the first sentence of paragraph 1 that are inconsistent with this admission. Because the allegations in the second sentence of paragraph 1 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the

---

(D.C. Cir. 2013) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve.")). Thus, the allegations of fact in the Third Amended Complaint for Declarative and Injunctive Relief and any responses contained in an answer are not relevant to the judicial review sought in this action. Nonetheless, Federal Defendants herein respond to the numbered paragraphs of the Third Amended Complaint for Declarative and Injunctive Relief.

truth or falsity of the allegations, and on that basis deny the allegations. With respect to the allegations in the third sentence of paragraph 1, Defendants admit that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that FWS was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe; and that on April 4, 2014, FWS issued a press release that was also posted on its website to the same effect. Defendants deny the remaining allegations in the third sentence of paragraph 1. With respect to the allegations in the fourth sentence of paragraph 1, Defendants admit that FWS is a bureau within the Department of the Interior; that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophy is intended for import would enhance the survival of the species; and that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the species. Defendants deny the remaining allegations in the fourth sentence of paragraph 1. With respect to the allegations in the fifth sentence of paragraph 1, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014, Federal Register document. With respect to the allegations in the sixth sentence of paragraph 1, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the

species; that the July 17, 2014, finding superseded the April 4, 2014, finding and April 17, 2014, revised finding; that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014, finding; and that on July 23, 2014, FWS issued a press release that was also posted on its website that announced that it was unable to make a positive finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny the remaining allegations in the sixth sentence of paragraph 1. With respect to the allegations in the first half of the seventh sentence of paragraph 1, Defendants admit that FWS posted the July 17, 2014, finding (as revised on July 22, 2014) on its website. With respect to the allegations in the second half of the seventh sentence of paragraph 1, Defendants admit that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 31, 2014, Federal Register document. Defendants deny the remaining allegations in the seventh sentence of paragraph 1.

2.      The allegations in paragraph 2 are characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.      Defendants deny the allegations in paragraph 3.

5.      The allegations in paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

6.      Defendants deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

8.      The allegations in the first sentence of paragraph 8 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 8 are, in part, characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of paragraph 8, and on that basis deny the allegations.

9.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 9 and the first half of the second sentence of paragraph 9, and on that basis deny the allegations. With respect to the allegations in the second half of the second sentence of paragraph 9, Defendants admit that the African elephant populations of South Africa and Namibia are included in Appendix II of CITES for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver that specimens that are not specifically included in the annotation are deemed to be specimens of species included in Appendix I. Defendants deny any allegations in the second half of the second sentence of paragraph 9 that are inconsistent with this admission.

10.     The allegations in paragraph 10 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11, and on that basis deny the allegations.

12.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12, and on that basis deny the allegations.

13.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13, and on that basis deny the allegations.

14.     Defendants deny the allegations in the first sentence of paragraph 14. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis deny the allegations.

15.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, third, and fourth sentences of paragraph 15, and on that basis deny the allegations. Defendants deny the allegations in the second sentence of paragraph 15.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 16, and on that basis deny the allegations. Defendants deny the allegations in the second sentence of paragraph 16.

17.     Defendants deny the allegations in the first sentence of paragraph 17. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17, and on that basis deny the allegations.

18.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 18, and on that basis deny the allegations. Defendants deny the allegations in the third sentence of paragraph 18.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 19, and on that basis deny the allegations. With respect to the allegations in the second sentence of paragraph 19, Defendants admit that on April 4, 2014, FWS announced that it was unable to make the positive finding

required under the ESA to allow the import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny the remaining allegations in the second sentence of paragraph 19.

20.     The allegations in the first, second, third, and seventh sentences in paragraph 20 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth, fifth, and sixth sentences of paragraph 20, and on that basis deny the allegations.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and on that basis deny the allegations.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis deny the allegations.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and on that basis deny the allegations.

24.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, and on that basis deny the allegations.

25.     Defendants deny the allegations in the first sentence of paragraph 25. Defendants deny the allegations in the first part of the second sentence of paragraph 25. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in the second sentence of paragraph 25, and on that basis deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 25, and on that basis deny the allegations.

26.     The allegations in the first, second, third, and sixth sentences of paragraph 26 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences of paragraph 26, and on that basis deny the allegations.

27.     With respect to the allegations in the first sentence of paragraph 27, Defendants admit that S.M.R. Jewell is the Secretary of the Interior and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being designated the U.S. Scientific Authority and the U.S. Management Authority under CITES. Defendants deny any allegations in the first sentence of paragraph 27 that are inconsistent with this admission. The allegations in the second sentence in paragraph 27 are a characterization of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

28.     With respect to the allegations in paragraph 28, Defendants admit that the U.S. Department of the Interior is an agency of the federal government and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being designated the U.S. Scientific Authority and the U.S. Management Authority under CITES. Defendants deny any allegations in paragraph 28 that are inconsistent with this admission.

29.     Defendants admit the allegations in the first sentence of paragraph 29. With respect to the allegations in the second sentence of paragraph 29, Defendants admit that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority, which include certain measures affecting the importation of sport-

hunted African elephant trophies from Zimbabwe. Defendants deny any allegations in the second sentence of paragraph 29 that are inconsistent with this admission. The allegations in the third sentence of paragraph 29 are a characterization of Plaintiffs' case to which no response is necessary. To the extent a response is required, Defendants deny the allegations

30.     With respect to the allegations in paragraph 30, Defendants admit that FWS is a bureau within the U.S. Department of the Interior and that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority. Defendants deny any allegations in paragraph 30 that are inconsistent with this admission.

31.     With respect to the allegations in the first sentence of paragraph 31, Defendants admit that African elephants (*Loxodonta africana*) range across approximately 22% of the African continent; that they occur in 37 countries in sub-Saharan Africa; and that their distribution varies across West, Central, Eastern, and Southern Africa. Defendants deny any allegations in the first sentence of paragraph 31 that are inconsistent with this admission. With respect to the allegations in the second sentence of paragraph 31, Defendants admit that the majority of African elephants occur in Southern and Eastern Africa, and that Zimbabwe, Tanzania, South Africa, and Namibia are countries in these regions. Defendants deny any allegations in the second sentence of paragraph 31 that are inconsistent with this admission.

32.     With respect to the allegations in the first sentence of paragraph 32, Defendants admit that the African elephant is listed as a threatened species under the ESA. The allegations in the second and third sentences of paragraph 32 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained     by     the     CITES     Secretariat     on     behalf     of     the     Parties     at

http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

33. The allegations in the first and second sentence of paragraph 33 characterize the May 12, 1978, final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978, Federal Register document. With respect to the allegations in the third sentence of paragraph 33, Defendants admit, in part, that on May 12, 1978, FWS published a final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978, Federal Register document. The remaining allegations in the third sentence of paragraph 33 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

34. The allegations in the first sentence of paragraph 34 purport to characterize the February 20, 1990 final rule titled "Changes in List of Species Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 55 Fed. Reg. 5,847, a

Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the February 20, 1990 Federal Register document. The allegations in the second sentence of paragraph 59 34 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in the second sentence of paragraph 34 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty.

35.     The allegations in the first, second, and fourth sentences of paragraph 35 purport to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. The allegations in the third sentence of Paragraph 60 in part, purport to characterize a CITES Resolution which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Resolution. The remaining allegations in the third sentence of paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

36.     The allegations in paragraph 36 purport to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document.

37.     The allegations in paragraph 37 characterize FWS regulations that implement CITES at 50 CFR part 23, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

38.     With respect to the allegations in the first sentence of paragraph 38, Defendants admit that the U.S. Scientific Authority issued non-detriment advices covering sport-hunted trophies of African elephants lawfully taken on or after January 18, 1990, and originating from South Africa or Zimbabwe, and that some permits were issued during 1993 and 1994 for importation of sport-hunted African elephant trophies from South Africa and Zimbabwe. Defendants deny any allegations that are inconsistent with this admission. The allegations in the second sentence of paragraph 38 purport to characterize the March 9, 1995, Federal Register notice titled "Withdrawal of Proposed Guidelines on African Elephant Sport-hunted Trophy Permits," 60 Fed. Reg. 12,969, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Federal Register document.

39.     With respect to the allegations in the first sentence of paragraph 39, Defendants admit that in 1997 the Parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II. The remaining allegations in the first sentence of paragraph 39 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for

themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. The allegations in the second sentence of paragraph 39 purport to characterize the November 12, 1998, Federal Register notice titled "Changes in the List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 63 Fed. Reg. 63,210, and the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents. The allegations in the third sentence of paragraph 39 purport, in part, to characterize CITES and the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, a treaty and Federal Register document that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or the August 22, 1997, Federal Register document. The remaining allegations in the third sentence of paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

40.     The allegations in the first, second, and third sentences of paragraph 40 purport to characterize the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain

language, meaning, or context of the August 22, 1997, Federal Register document. The allegations in the fourth sentence of paragraph 40 purport to characterize the May 18, 2001, Federal Register Notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 66 Fed. Reg. 27,601, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 18, 2001, Federal Register document.

41.     With respect to the allegations in the first sentence of paragraph 41, Defendants admit that the FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe, Namibia, South Africa, Botswana, and Tanzania when it has been able to make positive findings required under CITES and the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe, Namibia, South Africa, Botswana, and Tanzania. Defendants deny any allegations in the first sentence of paragraph 41 that are inconsistent with this admission. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 41, and on that basis deny the allegations. Because the Court has dismissed Plaintiffs' claims challenging FWS's findings related to the importation of sport-hunted African elephant trophies from Tanzania (Counts VI through VIII), see ECF No. 47, no response is required to the allegations in the third sentence of paragraph 41.

42.     Defendants deny the allegations in the first sentence of paragraph 42 and aver that CITES does not require African elephant range countries to establish quotas for African elephant sport-hunted trophies, though many countries commonly use such quotas as a management tool. With respect to the allegations in the second sentence of paragraph 42, Defendants admit that

Zimbabwe set a 2014 quota with respect to one type of specimen of African elephants at 1,000 tusks as trophies from 500 animals. Defendants deny any allegations in the second sentence of paragraph 42 that are inconsistent with this admission.

43.      The allegations in the first sentence of paragraph 43 purport to characterize an April 4, 2014, press release, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the press release. Defendants deny the allegations in the second sentence of paragraph 43 and aver that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that the FWS was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny the allegations in the third sentence of paragraph 43 concerning Zimbabwe and aver that on May 12, 2014, FWS published a notice in the Federal Register titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986. Defendants deny the allegations in the fourth sentence of paragraph 43 as vague and ambiguous.

44.      The allegations in the first and second sentences of paragraph 44 purport to characterize a FWS press release issued on April 4, 2014, and a FWS questions and answers document issued on April 4, 2014, documents that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014, FWS documents.

45.      The allegations in paragraph 45 purport to characterize a FWS press release issued on April 4, 2014, and a FWS questions and answers document issued on April 4, 2014, documents that speak for themselves and are the best evidence of their contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014, documents.

46.     With respect to the allegations in the first sentence of paragraph 46, Defendants admit that on April 17, 2014, the Management Authority revised the April 4, 2014, finding that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophy is intended for import would enhance the survival of the species, primarily to clarify that the finding applied only to African elephants hunted on or after April 4, 2014. Defendants deny the remaining allegations in the first sentence of paragraph 46. With respect to the allegations in the second sentence of paragraph 46, Defendants admit that on April 18, 2014, Robert R. Gabel, Chief, Division of Management Authority emailed and called Nelson Freeman of Plaintiff SCI to communicate that the Management Authority revised its April 4, 2014, finding for Zimbabwe. Defendants deny any allegations that are inconsistent with this admission. The allegations in the second sentence of paragraph 46, in part, also purport to characterize the April 18, 2014, email from Robert R. Gabel to Nelson Freeman and a voicemail message, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these items. Defendants deny the remaining allegations in the second sentence of paragraph 46. The allegations in the third, fourth, and fifth sentences of paragraph 46 purport to characterize the April 18, 2014, email from Robert R. Gabel to Nelson Freeman, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of that email.

47.     The allegations in the first sentence of paragraph 47 purport to characterize an April 4, 2014, letter from Timothy J. Van Norman, Chief, Branch of Permits, Division of Management

Authority to Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014, letter from Timothy J. Van Norman to Director General Chidziya. Defendants deny the allegations in the second sentence of paragraph 47 and aver that FWS staff met with Zimbabwe Parks and Wildlife Management Authority staff during the period between August 22, 1997, and April 4, 2014, where a variety of topics were discussed, including elephants. Defendants deny the allegations in the third sentence of paragraph 47.

48.     With respect to the allegations in paragraph 48, Defendants admit that FWS received a April 17, 2014, cover letter from Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority to Timothy J. Van Norman, Chief, Branch of Permits, Division of Management Authority with an attachment, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 17, 2014, letter and attachment from Director General Chidziya to Timothy J. Van Norman. Defendants aver that additional attachments referenced in the attachment to the April 17, 2014, letter from Director - General Chidziya to Timothy J. Van Norman, Chief, Branch of Permits were not received until May 8, 2014.

49.     With respect to the allegations in the first sentence of paragraph 49, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12,

17

2014, Federal Register document. Defendants deny the allegations in the second and third sentences of paragraph 49.

50.     The allegations in the first and second sentences of paragraph 50 purport to characterize a May 12, 2014, Federal Register notice titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014, Federal Register document.

51.     The allegations in the first sentence of paragraph 51, in part, purport to characterize a May 12, 2014, Federal Register notice titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014, Federal Register document. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51, and on that basis deny the allegations.

52.     With respect to the allegations in the first sentence of paragraph 52, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the species and that on July 23, 2014, FWS posted the Management Authority's July 17, 2014, finding (as revised on July 22, 2014) on its website and issued a press release that was also posted on its website that announced that it was unable to make a positive finding required under the ESA to allow import of African

elephant trophies from Zimbabwe. The remainder of the allegations in the first sentence of paragraph 52 purport to characterize the July 17, 2014, finding (as revised on July 22, 2014) or the July 23, 2014, press release, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these documents. With respect to the allegations in the second sentence of paragraph 52, Defendants admit that FWS posted the Management Authority's July 17, 2014, finding (as revised on July 22, 2014) on its website. The remaining allegations in the second sentence and the allegations in the second sentence of paragraph 52 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

53.     With respect to the allegations in the first sentence of paragraph 53, Defendants admit that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 31, 2014, Federal Register document.  With respect to the allegations in the second sentence of paragraph 53, Defendants admit that FWS determined in July 2014 that it was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe for the period beginning April 4, 2014. Defendants deny any allegations in the second sentence of paragraph 53 that are inconsistent with this admission.

54.     The allegations in paragraph 54 purport to characterize the Management Authority's July 17, 2014, finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

55.     Defendants deny the allegations in the first sentence of paragraph 55. The allegations in the second sentence of paragraph 55 purport to characterize the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and a 1997 finding, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014 finding (as revised on July 22, 2014) and the 1997 finding.

56.     The allegations in the first and second sentences of paragraph 56 purport to characterize the Management Authority's July 17, 2014, finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

57.     Defendants deny the allegations in the first and third sentences of paragraph 57. The allegations in the second sentence of paragraph 57 purport to characterize the Management Authority's July 17, 2014, finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

61.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, and on that basis deny the allegations. The allegations in paragraph 61 are vague and conclusory and also denied on that basis.

62.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62, and on that basis deny the allegations. The allegations in paragraph 62 are vague and conclusory and also denied on that basis.

63.     Defendants deny the allegations in the first clause of the first sentence of paragraph 63 as vague and conclusory. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 63, and on that basis deny the allegations. The remaining allegations in paragraph 63 are vague and conclusory and also denied on that basis.

64.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, and on that basis deny the allegations. The allegations in paragraph 64 are vague and conclusory and also denied on that basis.

65.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65, and on that basis deny the allegations. The allegations in paragraph 65 are vague and conclusory and also denied on that basis.

66.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, and on that basis deny the allegations. The allegations in paragraph 66 are vague and conclusory and also denied on that basis.

67.     The allegations in the first and third sentences of paragraph 67 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in the second sentence of paragraph 67, and on that basis deny the allegations. The allegations in the second sentence of paragraph 67 are vague and conclusory and also denied on that basis. Defendants deny the allegations in the fourth sentence of paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     The allegations in paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

70.     The allegations in paragraph 70 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

71.     The allegations in the first and third sentences of paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 71 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

72.     The allegations in the first and second sentences of paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the block quotation of paragraph 72 purport to characterize certain provisions of the African Elephant Conservation Act of 1989 ("AECA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

73.     The allegations in the first sentence of paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The

allegations in the second sentence of paragraph 73 purport to characterize certain provisions of the AECA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

76.     The allegations in the first sentence of paragraph 76 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty. With respect to the allegations in the second sentence of paragraph 76, Defendants admit that a meeting of the CITES Conference of the Parties ("CoP") is held every two to three years to review the implementation of CITES. Defendants admit that at these meetings, among other things, the Parties to CITES consider and adopt Resolutions and Decisions to improve the effectiveness of CITES. To the extent that they are inconsistent with this admission and oversimplify the activities of the Parties at the CoP, Defendants deny the remaining allegations in the second sentence of paragraph 76.

77.     Defendants admit the allegations in paragraph 77.

78.     With respect to the allegations in paragraph 78, Defendants admit that in 1997 the Parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II. The remaining allegations in paragraph 78 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official

CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants further aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

79.     The allegations in paragraph 79 purport to characterize FWS regulations and CITES, regulations and a multilateral international treaty that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations or treaty.

80.     The allegations in paragraph 80 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

81.     The allegations in the first sentence of paragraph 81, in part, purport to characterize CITES and CITES Resolution Conf. 10.3, a multilateral international treaty and a document that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or CITES Resolution. The remaining allegations in the first sentence of paragraph 81 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 81 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents.

Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

82.     The allegations in paragraph 82, in part, purport to characterize CITES and CITES Resolution Conf. 10.3, a multilateral international treaty and a resolution adopted by the Parties to CITES and found at https://cites.org/eng/res/index.php, the website maintained by the CITES Secretariat on behalf of the Parties to CITES. The treaty and resolution speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or CITES resolution. The remaining allegations in paragraph 82 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     The allegations in the first, second, third and fifth sentences of paragraph 83 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of paragraph 83 purport to characterize the April 19, 2006 Federal Register document titled "Revision of Regulations for the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES)," 71 Fed. Reg. 20,168, a Federal Register document which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 19, 2006 Federal Register document.

84.     The allegations in paragraph 84 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in paragraph 42 also purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES

Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices.

85.     The allegations in paragraph 85 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

86.     The allegations in the first sentence of paragraph 86 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in paragraph 86 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

87.     Defendants deny the allegations in the first sentence of paragraph 87. The allegations in the second sentence of paragraph 87 purport to characterize a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this Federal Register document. With respect to the allegations in the third sentence of paragraph 87, Defendants admit that on August 10, 1992, all African elephant populations were included in Appendix I of CITES. Defendants deny any allegations in the third sentence of paragraph 87 that are inconsistent with this admission. The allegations in the fourth sentence of paragraph 87 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the block quotation of paragraph 87 purport to characterize a Federal Register document and CITES Resolution Conf. 2.11. Both documents speak for

themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Federal Register document or the CITES Resolution. The allegations in the fifth sentence of paragraph 87 are conclusions of law to which no response is required and are otherwise denied as vague and conclusory. To the extent a response is required, Defendants deny the allegations.

88.     With respect to the allegations in the first sentence of paragraph 88, Defendants admit that at the Tenth Meeting of the CITES CoP in 1997, the Parties to CITES transferred the African elephant population of Zimbabwe from CITES Appendix I to CITES Appendix II, and aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I. Defendants deny any allegations in the first sentence of paragraph 88 that are inconsistent with this admission. The allegations in the second and fourth sentences of paragraph 88 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. With respect to the allegations in the third sentence of paragraph 88, Defendants admit that at the Ninth Meeting of the CITES CoP in 1994, the Parties to CITES amended Resolution Conf. 2.11. The remaining allegations in the third sentence of paragraph 88 purport to characterize CITES Resolution Conf. 2.11, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Resolution.

89.     With respect to the allegations in the first part of the first sentence of paragraph 89, Defendants admit that the requirement that FWS make a finding that the killing of the African

elephant whose trophy is intended for import would enhance the survival of the species was included in the August 10, 1992, African elephant final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS find that the killing of the animal whose trophy is intended for import would enhance the survival of the species has not changed since the promulgation of the August 10, 1992, final rule. The remaining allegations in the first sentence of paragraph 89 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 89.

91.     The allegations in paragraph 91 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

92.     The allegations in paragraph 92 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

93.     The allegations in paragraph 93 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in paragraph 93 purport to characterize certain provisions of the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the APA.

94.     All responses to allegations in the paragraphs above are incorporated herein by reference.

95.     In response to the allegations in the first sentence of paragraph 95, Defendants admit that the FWS has authorized the importation of African elephant trophies from Zimbabwe when it has been able to make positive findings required under CITES and the ESA to allow import of

African elephant trophies from Zimbabwe, that on April 4, 2014, FWS issued a press release that was also posted on its website that announced that it was unable to make a positive finding required by the ESA to allow import of African elephant trophies from Zimbabwe. Defendants deny the remaining allegations in the first sentence of paragraph 95.  With respect to the allegations in the second sentence of paragraph 95, Defendants admit that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophy is intended for import would enhance the survival of the species; and that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the species. Defendants deny the remaining allegations in the second sentence of paragraph 95.

96.       Defendants deny the allegations in the first sentence of paragraph 96. The second sentence of paragraph 96 contains conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence of paragraph 96, and aver that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the species; that the July 17, 2014, finding superseded the April 4, 2014, finding and April 17, 2014, revised finding; and that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014, finding. The Management Authority's July 17, 2014, finding (as revised on July 22, 2014), is a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised

on July 22, 2014). With respect to the allegations in the fourth sentence of paragraph 96, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophy is intended for import would enhance the survival of the species; that the July 17, 2014 finding superseded the April 4, 2014, finding and April 17, 2014, revised finding; and that on July 22, 2014, the Management Authority issued a revised finding to correct technical errors in the July 17, 2014, finding. The Management Authority's July 17, 2014, finding (as revised on July 22, 2014), is a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     The first and second sentences of paragraph 99 are effectively prayers for relief to which no response is required. To the extent the first and second sentences of paragraph 99 may be deemed to require responses, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the third sentence of paragraph 99.

100.     All responses to allegations in the paragraphs above are incorporated herein by reference.

101.     Defendants deny the allegations in the first sentence of paragraph 101. The allegations in the second sentence of paragraph 101 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

102.     Defendants deny the allegations in paragraph 102.

103.     The allegations in paragraph 103 purport, in part, to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status

for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. Defendants deny the remaining allegations in the first sentence of paragraph 103. The allegations in the second sentence of paragraph 103 purport to characterize the FWS's April and July enhancement findings for Zimbabwe, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the findings.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    All responses to allegations in the paragraphs above are incorporated herein by reference.

108.    Defendants deny the allegations in the first sentence of paragraph 108 and aver that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that the FWS was unable to make positive findings required under CITES and the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe and Tanzania. Defendants deny the allegations in the second sentence of paragraph 108 as vague and conclusory.

109.    With respect to the allegations in paragraph 109, Defendants admit that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986 and that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459, Federal Register documents that speak for themselves and are the best evidence of their contents.

Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 2014, Federal Register document or the July 31, 2014, Federal Register document. Defendants deny the remaining allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    All responses to allegations in the paragraphs above are incorporated herein by reference.

114.    Defendants deny the allegations in the first and third sentences of paragraph 114. The allegations in the second sentence of paragraph 114 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of paragraph 114 are, in part, conclusions of law to which no response is required and are additionally denied as vague and conclusory. The allegations in the fourth sentence of paragraph 114 purport also, in part, to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. With respect to the remaining allegations in the fourth sentence of paragraph 114, Defendants admit that on August 10, 1992, all African elephant populations were included in Appendix I.  Defendants deny any allegations in fourth sentence of paragraph 114 that are inconsistent with this admission. Defendants deny the allegations in the fifth, seventh, and eighth sentences of paragraph 114. With respect to the allegations in the sixth sentence of paragraph 114, Defendants admit that the requirement that FWS make a finding that

the killing of the animal whose trophy is intended for import would enhance the survival of the species was included in the August 10, 1992, African elephant final special rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS make a finding that the killing of the animal whose trophy is intended for import would enhance the survival of the species has not changed since the promulgation of the August 10, 1992, final rule. Defendants deny any allegations in the sixth sentence of paragraph 114 that are inconsistent with this admission.

115.    With respect to the allegations in the first sentence of paragraph 115, Defendants admit that the FWS has authorized the importation of African elephant trophies from Zimbabwe when it has been able to make positive findings required under CITES and the ESA to allow import of African elephant trophies from Zimbabwe, that on April 4, 2014, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophy is intended for import would enhance the survival of the species; that on April 17, 2014, the Management Authority issued a revised finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophy is intended for import would enhance the survival of the species; that on May 12, 2014, FWS published a notice in the Federal Register titled, "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986; that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014 whose trophy is intended for import would enhance the survival of the species; that the July 17, 2014, finding superseded the April 4, 2014 finding and April 17, 2014 revised finding; that on July 22, 2014, the Management Authority issued a revised finding to

correct technical errors in the July 17, 2014, finding; and that on July 31, 2014, FWS published a notice in the Federal Register titled, "Notice of Suspension of Imports of Zimbabwe Elephant Trophies Taken in 2014 on or After April 4, 2014," 79 Fed. Reg. 44,459. These documents speak for themselves and are the best evidence of their contents. Defendants deny any allegations in the first sentence of paragraph 115 that are inconsistent with this admission and with the plain language, meaning, or context of these documents. Defendants deny the allegations in the second sentence of paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    All responses to allegations in the paragraphs above are incorporated herein by reference.

120.    Defendants deny the first sentence of paragraph 120. The allegations in the second sentence of paragraph 120 purport to characterize the Management Authority's July 17, 2014, finding (as revised on July 22, 2014) and the Management Authority's July 2, 1997, finding, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014) and the Management Authority's July 2, 1997, finding.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

140.    All responses to allegations in the paragraphs above are incorporated herein by reference.

141.     With respect to the allegations in the first sentence of paragraph 141, Defendants admit that the African elephant is listed as a threatened species under the ESA. The allegations in the second sentence of paragraph 141 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

142.     The allegations in paragraph 142 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

143.     The allegations in the paragraph 143 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

144.     The allegations in paragraph 144 are vague and conclusory and are denied on that basis.

145.     The allegations in the first, second, and sixth sentences of paragraph 145 purport to characterize Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents. Regarding the allegations in the third sentence of paragraph 145, Defendants admit that on May 12, 1978, FWS published a final rule

titled "Listing of the African Elephant as a Threatened Species" that included an ESA section 4(d) Special Rule and that in 1997 the Parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II. Defendants deny any allegations in the third sentence of paragraph 145 that are inconsistent with this admission. The allegations in the fourth and fifth sentences of paragraph 145 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

146.     The allegations in the first sentence of paragraph 51 purport to characterize a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of that document. Regarding the allegations in the second sentence of paragraph 146, Defendants admit that on July 2, 1997, FWS found that the killing of African elephants from Zimbabwe whose trophies are intended for import would enhance the survival of the species. The remainder of the allegations in the second sentence of paragraph 146 purport to characterize the July 2, 1997, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 2, 1997, finding. The allegations in the third sentence of paragraph 146 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

147.     Defendants deny the allegations in the first sentence of paragraph 147. Because the allegations in the second sentence of paragraph 147 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations. The third sentence of paragraph 122 purports to characterize FWS regulations that speak for themselves and are the best evidence of their

contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the regulations. The allegations in the fourth, fifth, and sixth sentences of paragraph 147 are conclusions of law or characterizations of Plaintiffs' complaint to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the seventh sentence of paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149.

150.    The first sentence of paragraph 150 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 150 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 150.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Third Amended Complaint for Declarative and Injunctive Relief consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendants deny that Plaintiffs are entitled to the relief requested in their Third Amended Complaint for Declarative and Injunctive Relief or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' Third Amended Complaint for Declarative and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Third Amended Complaint for Declarative and Injunctive Relief remain unanswered, Defendants deny such allegations.

Dated: September 15, 2015                      JOHN C. CRUDEN
                                               Assistant Attorney General

Environment and Natural Resources Division
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief

 */s/ Meredith L. Flax*
MEREDITH L. FLAX, Senior Trial Attorney
(D.C. Bar No. 468016)
ANDREA GELATT, Trial Attorney
(Cal. Bar. No. 262617)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0404 | (202) 305-0275 (fax)
meredith.flax@usdoj.gov