**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al. ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 14-cv-00670-RCL |
| ) | |
| v. ) | |
| ) | |
| RYAN ZINKE, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**SAFARI CLUB INTERNATIONAL AND NATIONAL RIFLE ASSOCIATION**
**OF AMERICA'S OPENING SUPPLEMENTAL BRIEF ON**
**RESOLVING THE TANZANIA CLAIMS**

**I.    INTRODUCTION**

Plaintiffs Safari Club International and the National Rifle Association of America ("SCI/NRA"), by and through their counsel, file this brief to address the resolution of the Tanzania claims in light of the ruling from the U.S. Court of Appeals for the District of Columbia Circuit resolving claims in the Zimbabwe part of these cases. That ruling affects two of the three Tanzania claims. Most importantly, the Court should apply the D.C. Circuit's ruling concerning rulemaking for Zimbabwe elephants to the claim before the Court regarding the 2014 Tanzania enhancement and non-detriment findings. In that ruling, the D.C. Circuit found that Defendant U.S. Fish and Wildlife Service ("Service") was required to conduct rulemaking prior to adopting the 2014 and 2015 enhancement findings for Zimbabwe elephants. *Safari Club Int'l v. Zinke,* 878 F.3d 316, 331-36 (D.C. Cir. 2017).

For the three pending Tanzania claims, SCI/NRA recommend that the Court:

1

- Rule in SCI/NRA's favor on their Tanzania rulemaking claim (Count VI of the Third Amended Complaint, ECF 82) by declaring that the Service must follow notice and comment rulemaking when adopting country-wide, negative enhancement and non-detriment findings that have the effect of banning imports into the United States by all applicants; based on that declaratory finding, vacate the Tanzania findings, reinstate preexisting findings for Tanzania elephants, and remand the matter to the Service for any necessary further proceedings;

- Resolve SCI/NRA's claim that the Service applied the wrong standard for making a non-detriment finding (Count VIII of the Third Amended Complaint, ECF 82) based on the summary judgment briefing by the parties; and

- Apply the D.C. Circuit's ruling regarding SCI/NRA's claim that the Service arbitrarily continued to require an enhancement finding for African elephants (Count VII of the Third Amended Complaint, ECF 82).

## II.   ARGUMENT

### 1.   The Court Should Apply the D.C. Circuit's Ruling on Rulemaking to the Tanzania Rulemaking Claim

The D.C. Circuit's ruling on the Zimbabwe rulemaking claims resolves SCI/NRA's rulemaking claim in the Tanzania portion of the case. The D.C. Circuit ruled that the Service must conduct rulemaking to adopt country-wide negative enhancement findings that have the effect of banning all imports of elephants from a country. *Safari Club Int'l,* 878 F.3d at 331-36. This ruling applies equally to the Tanzania findings because each had the effect of banning all elephant imports from Tanzania. In an earlier ruling by the D.C. Circuit in the Tanzania portion of the case, the court held that the possibility that an import permit applicant could obtain a permit based on individual information "was illusory given the definitive nature of the Service's

non-detriment and enhancement findings." *Safari Club Int'l v. Jewell*, 842 F.3d 1280, 1286 (D.C. Cir. 2016).

For this reason, the fact that the Service had a few applicants before it at the time of the findings does not change the outcome. The Service did not direct the findings at those particular applicants or consider any individual information that may have been in those applications. Instead, the Service apparently intended to apply the findings to all applications and deny any pending applications. As the D.C. Circuit made clear in its ruling on standing, mootness, and finality, the negative findings apply to all applicants the same, regardless of their circumstances. The D.C. Circuit's Zimbabwe ruling applies to both the Tanzania negative enhancement finding and negative non-detriment finding.

The Court has no reason to make any further rulings on any other situation involving enhancement or non-detriment findings. The Service can make enhancement and non-detriment findings that do not require rulemaking. For example, because permits are now required for the importation of all elephants, the Service can make positive enhancement and non-detriment findings that are not determinative of a hunter's ability to import a trophy. Even with positive findings in place, a hunter who wants to import an elephant must also apply for an import permit, in which case he or she may be required to provide individual information about the harvest of the particular animal (e.g., location of hunt, sex and age of animal, outfitter's contributions to conservation), meet marking and tagging requirements, and fall within the limit of two trophy imports per year. During its review of the permit application, the Service can consider individual circumstances before making a final decision on the importation. In this circumstance, rulemaking would not be required.

A ruling on factual issues not before the Court would be a prohibited advisory opinion. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (internal quotation marks omitted); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Courts cannot issue "an opinion advising what the law would be upon a hypothetical state of facts."). SCI/NRA seek only a declaratory judgment on the precise enhancement finding and non-detriment finding before the Court.

### 2. The Court Should Vacate the Tanzania Findings, Reinstate Previous Findings, and Remand to the Service

#### a. Remand With Vacatur is the Appropriate Remedy

In addition to declaring that the Service must follow notice and comment rulemaking prior to adopting country-wide negative enhancement and non-detriment findings that have the effect of banning all imports of elephants from that country, the Court should remand with vacatur. Remand with vacatur is the regular, proper approach to address illegal agency action. An agency's "[f]ailure to provide the required notice and to invite public comment ... is a fundamental flaw that normally requires vacatur of the rule." *Heartland Reg'l Med. Ctr. v. Sebelius,* 566 F.3d 193, 199 (D.C. Cir. 2009). When notice-and-comment is absent, the Circuit has regularly opted for vacatur. *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 853 F. Supp. 2d 138, 144 (D.D.C. 2012), *aff'd,* 751 F.3d 629 (D.C. Cir. 2014), and *aff'd,* 751 F.3d 629 (D.C. Cir. 2014) (quoting *AFL–CIO v. Chao,* 496 F. Supp. 2d 76, 91 (D.D.C. 2007)). In the *Long-Distance Tel. Serv.* case, the district court "agree[d] with the plaintiffs that the defendant's 'failure to comply with the APA's notice-and-comment requirements is unquestionably a "serious" deficiency'" requiring vacatur. *Id.; see also Heartland Reg'l Med.*

*Ctr.*, 566 F.3d at 199 ("deficient notice is a 'fundamental flaw' that almost always requires vacatur").

With the vacatur of the 2014 findings, the Court should order that the enhancement and non-detriment findings, existing at the time that the agency engaged in the illegal action, go back into effect. Vacatur of an agency action results in the reinstatement of the status quo ante, here the findings that were in effect at the time the Service illegally attempted to adopt new findings. *See Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) ("by vacating or rescinding the [challenged action], the judgment of this court had the effect of reinstating the rules previously in force, ….); *Mobile Oil Corp. v. U.S. EPA*, 35 F.3d 579, 584 (D.C. Cir. 1994) ("[t]o 'vacate,' ... means to 'annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; ... to set aside ….'" If the agency "wished to rescind the [rules it replaced illegally], it would have to do so through a new rulemaking.") (internal citation omitted).

Based on this Court's and the D.C. Circuit's rulings, and the relevant case law, the Court should vacate the 2014 findings, reinstate the then-existing findings, and remand the matter to the Service.

### b.     The Factors Do Not Support Remand Without Vacatur

This case does not present the rare situation in which remand without vacatur is the proper remedy. The exception might apply when "vacatur would lead to disruptive consequences," i.e., "it's too late to reverse course." *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014) (citing *Heartland Reg'l Med. Ctr.*, 566 F.3d at 199). Whether to apply this exception depends on "(1) the seriousness of the ... deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive

consequences of vacatur." *Heartland Reg'l Med. Ctr.*, 566 F.3d at 197; *see also Sugar Cane Growers Co-op. of Fla. v. Veneman,* 289 F.3d 89, 98 (D.C. Cir. 2002).

As explained above, D.C. Circuit courts generally consider the failure to conduct required rulemaking as unquestionably a "serious deficiency." The very purpose of rulemaking is to ensure that the agency has the information before it needed to make a proper and informed decision. When rulemaking did not occur and the public was excluded from the process, the agency's purpose on remand is not to "justify" its previous decision, but make a new, fully informed decision.

In addition, vacating the 2014 findings would not lead to disruptive consequences. This is not a case in which the "egg has been scrambled," and it is too late to reverse course. *Allina Health Servs.*, 746 F.3d at 1110–11 (quoting *Sugar Cane Growers Co-op. of Fla.,* 289 F.3d at 97). Vacatur will simply mean that the existing findings will apply to any application to import an elephant harvested in Tanzania in 2014. In a similar situation, this Court determined that reinstatement of the 1997 enhancement finding for Zimbabwe was the appropriate remedy to address the Service's illegal conduct. *See* Memorandum Opinion, ECF 100 at 42. Any new rulemaking could only apply to permit application decisions made after adoption of the rule, as the rulemaking can be prospective only; the new rulemaking would not disrupt previously issued permits. *See Safari Club Int'l,* 878 F.3d at 333-34 (findings could only apply to importation decisions "going forward" and would "be applied to future requests to import certain sport-hunted elephants").

    **3.**    **The Court Should Resolve Count VIII (Improper Non-Detriment Standard) Based on the Cross-Motions for Summary Judgment**

The parties have fully briefed SCI/NRA's Count VIII, which involves the improper non-detriment standard the Service applied in making its finding. SCI/NRA MSJ, ECF 119 at 13-15;

Fed. Def. XMSJ/Oppos., ECF 126 at 25-29; HSUS XMSJ/Oppos., ECF 125 at 16-22; SCI/NRA Oppos./Reply, ECF 130 at 9-13; Fed. Def. Reply, ECF 132 at 13-22; HSUS Reply, ECF 131 at 3-6. The D.C. Circuit's Zimbabwe ruling did not address this claim because Zimbabwe elephants are on CITES Appendix II and a non-detriment finding is not required. The Court should resolve Count VIII based on the summary judgment briefs.

### 4. The Court Should Resolve Count VII (Requiring Enhancement Finding) by Following the D.C. Circuit's Ruling

The parties have also fully briefed SCI/NRA's Count VII, which involves the Service improperly continuing to require an enhancement finding. For the most part, that briefing incorporated arguments made in the Zimbabwe portion of the case, on which this Court had already ruled against SCI/NRA. SCI/NRA MSJ, ECF 119 at 15-16; Fed. Def. XMSJ/Oppos., ECF 126 at 24-25; HSUS XMSJ/Oppos., ECF 125 at 9-16; SCI/NRA Oppos./Reply, ECF 130 at 13; Fed. Def. Reply, ECF 132 at 13.

SCI/NRA pressed this claim here for purposes of possible reconsideration and appellate review. That review has now occurred in the Zimbabwe part of the case. The D.C. Circuit ruled against SCI/NRA. *Safari Club Int'l v. Zinke,* 878 F.3d 316, 229-331 (D.C. Cir. 2017). The Court should apply that ruling here.

## III. CONCLUSION

For all these reasons, SCI/NRA ask the Court to declare that the 2014 Tanzania enhancement and non-detriment findings are invalid, vacate the 2014 enhancement and non-detriment findings, reinstate the previous findings, and remand the matter to the Service for further proceedings.

Dated:  March 2, 2018.

Respectfully submitted,

/s/Douglas S. Burdin
Anna M. Seidman
D.C. Bar No. 417091
Douglas Burdin
D.C. Bar No. 434107
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org

*Counsel for Plaintiff*
*Safari Club International*

/s/ Christopher A. Conte
Christopher A. Conte (DC Bar No. 43048)
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff*
*National Rifle Association of America*