UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>  )<br>  )<br>**Ryan Zinke**, in his official capacity as  )<br>Secretary of the United States Department of  )<br>Interior, *et al.*,  )<br>  )<br>Defendants,  )<br>  )<br>**Friends of Animals**, *et al.*,  )<br>  )<br>Defendant-Intervenors.  )<br>  )<br>  ) | Case No. 14-cv-670 (RCL)<br>*Consolidated for purposes of<br>briefing with*<br>Case No. 15-cv-1026 (RCL) |

## ORDER

This case concerns challenges by plaintiffs to Endangered Species Act ("ESA") and Convention on International Trade in Endangered Species of Fauna and Flora ("CITES") findings issued by the Fish & Wildlife Service ("Service") with respect to imports of sport-hunted African elephant trophies from Zimbabwe and Tanzania. Plaintiffs challenge the Service's ESA enhancement findings for Zimbabwe issued in 2014 and 2015. *See* 14-cv-670 (case challenging the 2014 findings); 15-cv-1026 (case challenging the 2015 findings, which was later consolidated with 14-cv-670 for purposes of briefing). Plaintiffs also challenge the Service's ESA enhancement finding and CITES non-detriment finding for Tanzania, both issued in 2014. *See* 14-cv-670.

The Zimbabwe-based portion of the litigation is presently on remand before the Court. On December 22, 2017, the United States Court of Appeals for the District of Columbia Circuit issued

1

an opinion upholding this Court's grant of summary judgment to Federal Defendants with respect to the meaning of the ESA and the regulation pursuant to which the Service acted (Counts I, II, IV, V, and IX of the third amended complaint), but reversed on the rulemaking claim (Count III of the third amended complaint). Notably, the D.C. Circuit found that the enhancement findings constituted rules and the Service should not have issued them without following the notice-and-comment requirements of the APA. The mandate issued on February 14, 2018, in which the D.C. Circuit remanded to this Court with "with instructions to remand the case to the Service so that it may initiate rule making to address enhancement findings for the time periods at issue in this case." ECF No. 143. With respect to the Tanzania claims, the parties have filed cross-motions for summary judgment, which are pending before the Court. *See* ECF Nos. 119, 125, 126.

On March 1, 2018, the Service announced the withdrawal, effective immediately, of all of the findings challenged in this litigation—its 2014 and 2015 enhancement findings for Zimbabwe and its 2014 enhancement and non-detriment findings for Tanzania.[1] *See* ECF No. 146. The Service indicated that the findings were withdrawn in response to the D.C. Circuit's opinion and that it intended to process applications for permits to import elephant trophies on a case-by-case basis.

In light of this development, the Court finds that there is no longer a live case or controversy for which the Court can provide meaningful relief. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations and internal quotation marks omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) ("[C]ase-or-controversy requirement subsists through all stages of federal judicial

---

[1] The Service also announced the withdrawal of a number of other findings—which are not challenged in this case—issued pursuant to the ESA and CITES. *See* ECF No. 146-2.

2

proceedings, trial and appellate."). Here, the Service has withdrawn the findings challenged by the plaintiffs. As such, there is nothing for the Court to rule upon.

The fact that the parties also seek declaratory relief—in addition to injunctive relief—does not change the analysis. "The Article III case or controversy requirement is as applicable to declaratory judgments as it is to other forms of relief." *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985). "In determining whether a request for declaratory relief has become moot, the question ... is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*" *Id.* at 1128 (citations and internal quotation marks omitted) (emphasis in original). In *Conyers*, the D.C. Circuit found that it was not appropriate to issue declaratory relief because the challenged action—the military invasion of Grenada—had ended (all combat troops had already been withdrawn). *Id.* In essence, the D.C. Circuit found that the issues were "no longer part of a controversy of sufficient immediacy and reality to warrant declaratory relief." *Id.* (citation and internal quotation marks omitted). The same logic applies to this case. Since the findings were withdrawn, there is no longer a controversy of sufficient immediacy and reality to warrant declaratory relief. If the Court were to expound on the various legal challenges raised by the parties for the purpose of instructing the Service how to approach future findings it would essentially be issuing an advisory opinion.

The Court does not find that this case merits an exception to the mootness requirement under either the doctrine of "actions capable of repetition yet evading review" or because of the defendant's voluntary cessation of offending conduct. The capable-of-repetition-yet-evading-review exception applies where a party demonstrates that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a

3

reasonable expectation that the same complaining party would be subjected to the same action again." *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (citation and internal quotation marks omitted). No such finding can be made in this case. The Zimbabwe findings have already been reviewed by the D.C. Circuit and the Service avers that both the Tanzania and Zimbabwe findings are being pulled in response to that decision. Moreover, there is no reason to believe that a Court could not review a future attempt by the Service to promulgate findings without notice and comment. In addition, if the Service in fact proceeds to adjudicate each individual permit request, as it has indicated, interested parties can challenge those decisions. If the concern is that those individual adjudication decisions are too short in duration to be fully litigated, the capable-of-repetition-yet-evading-review exception can be applied in that context.

The voluntary-cessation exception also does not apply for similar reasons. Animating the exception is the idea that a "defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (internal citations omitted). But here the D.C. Circuit has already reviewed the Service's conduct and determined it to be in violation of the APA. The Service withdrew its findings in response to that decision and avers that it intends to proceed through adjudication on a case-by-case basis. Accordingly, this is not a case where defendants' are evading review of their illegal conduct. Rather their conduct was reviewed, determined to be problematic, and they therefore chose a different course of conduct—adjudicating each individual permit request.

Defendant-intervenors argue that the Court should retain jurisdiction because the Service's attempt to repeal the findings was itself procedurally deficient under the APA. Because the D.C. Circuit found that the findings were akin to legislative rules, repealing those "rules" requires a

4

notice-and-comment process. The Court is not persuaded by this argument. Here, the Service did not conduct notice-and-comment rulemaking in the first place. In fact, that was the reason why the D.C. Circuit found them to be procedurally deficient. The defendant-intervenors point to no case where a court has required an agency to go through notice-and-comment in order to withdraw a "rule" that was found to be deficient because it itself did not go through notice-and-comment.[2] The Service in this case intended to proceed by adjudication, but the D.C. Circuit found the Service's attempt to be more akin to legislative rulemaking. The Service withdrew the Zimbabwe and Tanzania findings in order to comply with that ruling. There is no need to go through rulemaking to undo an improper approach by the Service. The Service's explanation for withdrawing the findings "enable[s] the court to evaluate [the Service's] rationale at the time of the decision." *Int'l Union, United Mine Workers of Am. v. U.S. Dep't. of Labor*, 358 F.3d 40, 44 (2004) (citation and internal quotation marks omitted).

For the reasons set forth above, the Court finds this case to be moot. Accordingly, all pending motions are **DENIED** as moot and the case is **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Royce C. Lamberth*
Royce C. Lamberth
United States District Judge

Date: 3/29/18

---

[2] The D.C. Circuit has suggested that when an agency attempts to repeal its own rules—adopted after notice-and-comment—on the basis that they were "defectively promulgated regulations," it must go goes through notice-and-comment to repeal because "the question whether the regulations are indeed defective is one worthy of notice and an opportunity to comment." *See Consumer Energy Council v. FERC*, 673 F.2d 425, 445-47 & n.79 (D.C. Cir. 1982) The Court finds this case to be inapposite. Here, the D.C. Circuit (not the agency itself) found the "rules" to be procedurally defective—so there is no "question whether the regulations are indeed defective—and the initial "rules" did not go through notice-and-comment.